FILED
2023 Sep-18 PM 01:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **KAI SPEARS** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CIVIL ACTION NO.** |
| v. ) | |
| ) | **7:23-CV-00692-LSC** |
| **THE NEW YORK TIMES COMPANY** ) | |
| ) | **ORAL ARGUMENT** |
| Defendant. ) | **REQUESTED** |

## DEFENDANT THE NEW YORK TIMES COMPANY'S
## REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
## DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)

John G. Thompson
*jthompson@lightfootlaw.com*
Matthew J. Winne
*mwinne@lightfootlaw.com*
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200
(205) 581-0700
(205) 581-0799 (facsimile)

Chad R. Bowman (*pro hac vice*)
*bowmanchad@ballardspahr.com*
Emmy Parsons (*pro hac vice*)
*parsonse@ballardspahr.com*
Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
(202) 661-2200
(202) 661-2299 (facsimile)

**Attorneys for Defendant
The New York Times Company**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................1

I. ALABAMA DISTINGUISHES BETWEEN LIBEL *PER SE* AND LIBEL *PER QUOD* AND WHETHER A STATEMENT IS CAPABLE OF A *PER SE* DEFAMATORY MEANING IS A QUESTION OF LAW FOR THE COURT ......................................................2

II. THE CHALLENGED REPORT IS NOT DEFAMATORY *PER SE* ...............................................................................................................5

    A.    The Times's Error, That Spears Was At The Scene Of A Crime, Is Not Defamatory *Per Se* ........................................................5

    B.    Spears Cannot State a Viable Claim for Defamation *Per Se* By Alleging an Implied Accusation of Criminal Conduct ....................6

III. SPEARS' FALSE LIGHT CLAIM FAILS AS A MATTER OF LAW .................................................................................................................9

    A.    Describing Someone As Being At The Scene Of A Crime Is Not Highly Offensive ................................................................9

    B.    The Complaint Fails to Plead Facts Plausibly Establishing Clear and Convincing Evidence of Actual Malice ............................10

        1.    *Seeking comment fails to establish actual malice* .....................10

        2.    *Mere use of an unnamed source does not evidence actual malice* ...............................................................................11

        3.    *Failing to retract does not evidence actual malice at the time of publication—and The Times did retract the statements* ...............................................................................11

# **TABLE OF AUTHORITIES**

**Cases** Page(s)

*Age-Herald Publ'g Co. v. Waterman*,
  188 Ala. 272 (1913) ................................................................................................2

*Alan v. Wells Fargo Bank, N.A.*,
  604 F. App'x 863 (11th Cir. 2015) ........................................................................8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..............................................................................................10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ..............................................................................................10

*Blevins v. W.F. Barnes Corp.*,
  768 So. 2d 386 (Ala. Ct. App. 1999) ....................................................................2

*Bose Corp. v. Consumers Union of United States, Inc.*,
  466 U.S. 485 (1984) ..............................................................................................12

*Bowling v. Pow*,
  293 Ala. 178 (1974) ................................................................................................8

*Bufalino v. Associated Press*,
  692 F.2d 266 (2d Cir. 1982) ..................................................................................6

*Butler v. Town of Argo*,
  871 So. 2d 1 (Ala. 2003) ................................................................................2, 3, 5

*Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*,
  6 F.4th 1247 (11th Cir. 2021) ..............................................................................10

*Daniels v. Loop Interactive Grp.*,
  2015 Cal. App. Unpub. LEXIS 114 (Jan. 9, 2015) ..............................................4

*Farah v. Esquire Magazine*,
  736 F. 3d 528 (D.C. Cir. 2013) .............................................................................4

*Flickinger v. King*,
  2023 Ala. LEXIS 40 (Apr. 21, 2023) ....................................................................5

*Gary v. Crouch*,
    867 So. 2d 310 (Ala. 2003)..................................................................................3

*Glennon v. Rosenblum*,
    325 F. Supp. 3d 1255 (N.D. Ala. 2018) ...............................................................4

*Grice v. Holk*,
    268 Ala. 500 (1959)..............................................................................................8

*Hearn v. U.S. Bank, N.A.*,
    2017 U.S. Dist. LEXIS 224778 (N.D. Ala. July 12, 2017) ..................................3

*Horsley v. Feldt*,
    304 F.3d 1125 (11th Cir. 2002) .........................................................................8, 9

*Iron Age Publ'g Co. v. Crudup*,
    85 Ala. 519 (1888).................................................................................................3

*Jones v. Taibbi*,
    400 Mass. 786 (1987) ............................................................................................6

*Kelly v. Arrington*,
    624 So. 2d 546 (Ala. 1993)................................................................................4, 6

*McCaig v. Talladega Publ'g Co.*,
    544 So. 2d 875 (Ala. 1989)............................................................................2, 3, 4

*McGraw v. Thomason*,
    265 Ala. 635 (1957)...............................................................................................2

*Michel v. NYP Holdings, Inc.*,
    816 F.3d 686 (11th Cir. 2016) ..............................................................9, 10, 11

*Murray v. Pronto Installations, Inc.*,
    2020 U.S. Dist. LEXIS 213494 (M.D. Fla. Nov. 16, 2020)..................................4

*Myers v. Mobile Press-Register, Inc.*,
    266 Ala. 508 (1957).....................................................................................2, 3, 6, 8

*N.Y. Times Co. v. Sullivan*,
    376 U.S. 254 (1964)............................................................................................12

*Nelson v. Lapeyrouse Grain Corp.*,
    534 So. 2d 1085 (Ala. 1998) ..................................................................................2

*Nelson v. Nationstar Mortg., LLC*,
    504 F. Supp. 3d 1307 (S.D. Ala. 2020) ..................................................................3

*New Times, Inc. v. Isaacks*,
    146 S.W.3d 144 (Tex. 2004) ..................................................................................4

*Phila. Newspapers v. Hepps*,
    475 U.S. 767 (1986) ...............................................................................................7

*Romaine v. Kallinger*,
    109 N.J. 282 (1988) ................................................................................................6

*St. Amant v. Thompson*,
    390 U.S. 727 (1968) .............................................................................................11

*Tidmore v. Mills*,
    33 Ala. App. 243 (Ala. Ct. App. 1947) ...............................................................2, 3

*Trimble v. Anderson*,
    79 Ala. 514 (1885) ..............................................................................................2, 4

*Turner v. Wells*,
    879 F.3d 1254 (11th Cir. 2018) ............................................................................10

*U.S. Steel, LLC v. Tieco, Inc.*,
    261 F.3d 1275 (11th Cir. 2001) ..............................................................................5

*White v. Birmingham Post Co.*,
    233 Ala. 547 (1937) ............................................................................................2, 3

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ..................................................................................................1

RESTATEMENT (SECOND) OF TORTS § 652E cmt. c ........................................................9

Defendant The New York Times ("The Times") respectfully submits this reply in support of its Motion to Dismiss Pursuant to Rule 12(b)(6).

## PRELIMINARY STATEMENT

In opposing The Times's motion, Plaintiff Kai Spears ("Spears") urges (1) that The Times applied the wrong legal standard to his defamation claim because, supposedly, "in Alabama, all libel is actionable *per se*," and (2) that The Times imputed criminal conduct to Spears *himself*. Opposition ("Opp.") at 10, 17. On both points, Spears is wrong. First, libel *per se* is a distinct category of libel that allows a plaintiff to avoid the requirement to plead special damages; notably, Spears *did not* plead special damages. Second, Spears' subjective interpretation of the Challenged Report—which describes him as being "present" at the scene—is not objectively reasonable. Further, and as to his false light claim, Spears presses the same incorrect interpretation of the Challenged Report and misconstrues and ignores his burden to plead facts plausibly establishing "actual malice" fault.

In its opening memorandum ("Mem."), The Times presented three threshold questions of law: (1) whether the Challenged Report is reasonably capable of conveying a *per se* defamatory meaning about Spears; and, for the false light claim, (2) whether the Challenged Report is "highly offensive"; and (3) whether the Complaint plausibly alleges that The Times published with actual malice. For the reasons set forth in the Times' opening papers, and below, The Times respectfully

1

submits that the answers to all three questions is "no."[1]

### I. ALABAMA DISTINGUISHES BETWEEN LIBEL *PER SE* AND LIBEL *PER QUOD* AND WHETHER A STATEMENT IS CAPABLE OF A *PER SE* DEFAMATORY MEANING IS A QUESTION OF LAW FOR THE COURT

Spears implicitly concedes that the statements are not libel *per quod*, Opp. at 8-11, as he must, given that the Complaint fails to allege special damages. Mem. at 13-21. He instead disclaims the need to do so on the theory that "all libel is actionable per se." Opp. at 10. Spears, however, ignores the sweeping history of Alabama case law making clear that libel *per se* is distinct from libel *per quod*. In 1885, the Alabama Supreme Court addressed a claim that "contain[ed] no averment of any special damage." *Trimble v. Anderson*, 79 Ala. 514, 516 (1885). Because of this, the court stated, the challenged statement could only be actionable if it were "libelous [sic] per se—that is, it must charge an indictable offense, or its tendency must be to subject the plaintiff otherwise to public hatred, contempt, or ridicule." *Id*. Over the many decades since, Alabama courts have repeatedly, and consistently, distinguished between libel *per se* and *per quod*.[2] This Court has also analyzed the

---

[1] By moving to dismiss on these grounds, The Times does not concede that "negligence is the standard for the defamation count" or that "it was negligent in its false reporting." Opp. at 2 n.1.

[2] *See, e.g.*, *Butler v. Town of Argo*, 871 So. 2d 1, 16 (Ala. 2003); *Nelson v. Lapeyrouse Grain Corp.*, 534 So. 2d 1085, 1091 (Ala. 1998); *McCaig v. Talladega Publ'g Co.*, 544 So. 2d 875, 877 (Ala. 1989) (per curiam); *Myers v. Mobile Press-Register, Inc.*, 266 Ala. 508, 510-11 (1957); *McGraw v. Thomason*, 265 Ala. 635, 637 (1957); *White v. Birmingham Post Co.*, 233 Ala. 547, 550 (1937); *Age-Herald Publ'g Co. v. Waterman*, 188 Ala. 272, 280 (1913); *Blevins v. W.F. Barnes Corp.*, 768 So. 2d 386, 389-90 (Ala. Ct. App. 1999); *Tidmore v. Mills*, 33 Ala. App. 243, 250 (Ala. Ct. App. 1947).

2

distinction between libel *per se* and *per quod* under Alabama law and held that the plaintiff had failed to "plead special harm such that the conduct may constitute libel *per quod*." *Hearn v. U.S. Bank, N.A.*, 2017 U.S. Dist. LEXIS 224778, at *11 (N.D. Ala. July 12, 2017) (Coogler, J.). Indeed, the very cases Spears relies upon *confirm* that Alabama recognizes this distinction.[3]

As The Times explained, Mem. at 13-14, statements that are libelous *per se* are those "which on their face and without the aid of extrinsic proof are recognized as injurious," while statements that are libelous *per quod* are not injurious "from their face . . . but only in consequence of extrinsic facts." *Myers*, 266 Ala. at 510-11. Although a statement need not accuse a person of a crime in order to be libel *per se*, it must objectively "expose[] the plaintiff to public ridicule or contempt." *Butler*, 871 So. 2d at 16.

Alabama law is clear that whether a challenged statement is reasonably understood as defamatory *per se* "is a question of law for the trial court's

---

[3] *See Gary v. Crouch*, 867 So. 2d 310, 315 (Ala. 2003) (publications are "either actionable without having to prove special harm (actionable *per se*) or actionable upon allegations and proof of special harm (actionable *per quod*)."); *White*, 233 Ala. at 550 ("published words may be actionable in themselves, or *per se*; or they may be actionable only on allegation and proof of special damage or *per quod*); *Iron Age Publ'g Co. v. Crudup*, 85 Ala. 519, 520 (1888) ("when the charge is written or printed, and is libelous *per se*, special damages need not be averred."); *Tidmore*, 33 Ala. App. at 250 (trial court "proceeded on the theory that the publication in question is libelous *per se*" and not libelous *per quod*); *Nelson v. Nationstar Mortg., LLC*, 504 F. Supp. 3d 1307, 1322 (S.D. Ala. 2020) ("a claim for defamation *per se* under Alabama law need not show special damages resulting from the publication; however a claim for defamation *per quod* is not cognizable in the absence of special damages.").

determination." *McCaig*, 544 So. 2d at 878; *see also Trimble*, 79 Ala. at 516. This question asks the Court to determine the "meaning which 'would be ascribed to the language by a reader . . . of ordinary or average intelligence.'" *Kelly v. Arrington*, 624 So. 2d 546, 548 (Ala. 1993). "The appropriate inquiry is objective, not subjective." *New Times, Inc. v. Isaacks*, 146 S.W.3d 144, 157 (Tex. 2004).

In this regard, Spears errs in relying on anonymous reactions to the Challenged Report as evidence that the statements "exposed him to 'public ridicule or contempt.'" Opp. at 2, 18-19.[4] Courts hold that anonymous online comments do not answer whether an objective, reasonable reader would find the statement defamatory as a matter of law.[5] The question is not how "some actual readers" understood the report, but how "the hypothetical reasonable reader" would. *Farah v. Esquire Magazine*, 736 F. 3d 528, 537 (D.C. Cir. 2013); *see also Isaacks*, 146 S.W.3d at 157 ("the question is not whether some actual readers were misled, as they inevitably will be, but whether the hypothetical reasonable reader could be."). The Eleventh Circuit has found a lack of defamatory meaning as a matter of law even

---

[4] *Glennon v. Rosenblum*, cited at Opp. 19 to support this argument, carries little persuasive weight because the court entered a default judgment against the defendant, who admitted to knowingly fabricating a story about the plaintiff. 325 F. Supp. 3d 1255, 1262, 1265 (N.D. Ala. 2018).

[5] *See, e.g.*, *Murray v. Pronto Installations, Inc.*, 2020 U.S. Dist. LEXIS 213494, at *16 (M.D. Fla. Nov. 16, 2020) (statements not defamatory *per se* because any reasonable reader would know the statements were "emotionally charged rhetoric," notwithstanding comments on Facebook); *Daniels v. Loop Interactive Grp.*, 2015 Cal. App. Unpub. LEXIS 114, at *20 (Jan. 9, 2015), *review denied* (Mar. 25, 2015) (pseudonymous comments "are not indicative of whether the average reader understood" article's alleged defamatory meaning).

4

after a jury found otherwise. *See U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1294 (11th Cir. 2001) (reversing denial of judgment as a matter of law because "no reasonable person could have thought Appellees were similar to a mass murderer").

## II.  THE CHALLENGED REPORT IS NOT DEFAMATORY *PER SE*

### A.  The Times's Error, That Spears Was At The Scene Of A Crime, Is Not Defamatory *Per Se*

The Challenged Report does not state that Spears committed any crime. Rather, on its face, it reports only that Spears was in Brandon Miller's car, that the gun used in the shooting was in Miller's car, and Miller's car was hit by stray fire. Mem. Ex. 1.  None of those statements—independently, or combined—expressly accuse Spears of a crime.  Indeed, the Complaint itself alleges that The Times defamed Spears by stating incorrectly that he was "presen[t]" or "placed at the scene" and in the car with Miller.  Compl. ¶¶ 44-46; *see also* Compl. ¶ 61 (same). As such, the challenged statements are not *per se* actionable as a "false and malicious imputation of crime." *Butler*, 871 So. 2d at 16.  For Spears to withstand The Times' motion to dismiss, the Court must determine that the challenged statements objectively subjected Spears to "public ridicule or contempt."  *Id.*; *see also Flickinger v. King*, 2023 Ala. LEXIS 40, at *16 (Apr. 21, 2023) (affirming dismissal of defamation claim because "it is not enough for a statement to be 'false,' it must also be 'defamatory.'").  Yet the Opposition does not even attempt to address the many cases making clear that proximity to other persons associated with alleged

5

criminal activity cannot sustain a cause of defamation *per se*. *See* Mem. at 16-18 (citing, among others, *Kelly*, 624 So. 2d 546; *Myers*, 266 Ala. at 511; *Bufalino v. Associated Press*, 692 F.2d 266, 269 (2d Cir. 1982); *Jones v. Taibbi*, 400 Mass. 786, 793 (1987); *Romaine v. Kallinger*, 109 N.J. 282, 285, 288-89 (1988)).

      **B.**    **Spears Cannot State a Viable Claim for Defamation *Per Se* By Alleging an Implied Accusation of Criminal Conduct**

Seeking to wring *per se* defamation from the Challenged Report that reported that Spears was "*at* a Deadly Shooting," Mem. Ex. 1 (emphasis added), Spears now urges that a separate statement that the shooting "involved members of the top-ranked Alabama men's basketball team" conveys one of two *implications* about him. First, Spears argues that the article implies that he was "involved" with others who participated in a crime, such as with Miller, the person who "transported the gun that was ultimately used in the shooting." Opp. at 15-17. Second, Spears argues that the Challenged Report implies he was "involved" in the shooting not just as a potential victim, but criminally. *See* Opp. at 1, 5, 14 n.6, 17, 18, 23, 25. Such implications draw on extrinsic facts and as such are not defamatory *per se*. They are also not reasonable, because "involved" does not bear the weight that Spears places on it.

*First*, to the extent that Spears urges that a defamatory implication can be drawn from being "involved" with *others* who were in close proximity to the shooting, his own pleadings establish that he *was* associated with those people, and as such he has failed to plead facts plausibly establishing falsity of that proffered

6

meaning. Spears was with Miller just before the shooting; rode in Miller's car, which police say contained the murder weapon brought to the scene; called Jaden Bradley both before and just minutes after the shooting; and provided a statement to the Tuscaloosa Police. Compl. ¶¶ 29-30, 33 & Ex. A, ¶ 10. Spears was clearly with his teammates, and "involved" in the activities of the night, notwithstanding his lack of involvement in the criminal conduct.

In this regard, Spears misapprehends The Times's "substantial truth" argument. Mem. at 19-21. Substantial truth is not an "affirmative defense," as Spears incorrectly asserts, Opp. at 20; substantial falsity is part of the *plaintiff's burden* in a case, like this, involving matters of public concern. *Phila. Newspapers v. Hepps*, 475 U.S. 767, 767-77 (1986) ("the common-law presumption that defamatory speech is false cannot stand when a plaintiff seeks damages against a media defendant for speech of public concern.").[6] The Times regrettably erred in its initial report placing Spears in Miller's car at the time it was hit with bullets. Mem. at 3 & n.3. But it is true that Spears was with the people at the scene of the shooting over the course of the night and until a few minutes before the shooting, and the Complaint does not plausibly allege otherwise. Mem. at 19-21.

*Second*, to the extent Spears argues that the article implies that he was himself

---

[6] The only authority proffered to support the "affirmative defense" theory of falsity in a defamation claim is an unpublished decision involving a non-media case. Opp. at 20 n.9.

7

criminally "involved" in the murder, that is not an objectively reasonably interpretation. Spears notes that the Challenged Report specifically describes his "involvement" "as follows": "Spears, a freshman walk-on whose presence at the scene had not been previously reported"; "Including Spears, at least four Alabama players have now been placed at the scene of the shooting"; and "Behind Miller and Spears was a Jeep with Harris in the front passenger seat." Opp. at 6. Nowhere in these excerpts—or anywhere else in the Challenged Report—did The Times report that Spears was involved in any criminal conduct.

In essence, for both alleged implications, Spears now seeks to rely on innuendo to enlarge the meaning of the challenged words. Innuendo is "that part of the complaint wherein the plaintiff seeks to explain the meaning of language as defamatory, which could or would otherwise be considered as innocuous or so ambiguous or uncertain in meaning that a defamatory sense is not clearly revealed." *Bowling v. Pow*, 293 Ala. 178, 183 (1974). But innuendo "cannot add to, enlarge or change the sense of the previous words." *Myers*, 266 Ala. at 512. When a plaintiff's "construction is much broader than the [words] will bear," the complaint fails as a matter of law. *Grice v. Holk*, 268 Ala. 500, 502 (1959); *see also Alan v. Wells Fargo Bank, N.A.*, 604 F. App'x 863, 865 (11th Cir. 2015) (innuendo plays no part in determining whether a statement constitutes libel per se under Florida law); *Horsley v. Feldt*, 304 F.3d 1125, 1136 (11th Cir. 2002) (applying Georgia law, noting "[a]

plaintiff cannot rely on . . . innuendo . . . to create an inference of defamation."). Spears tries to read criminality into statements that do not suggest that he was "involved" beyond being at the scene and a potential victim; his interpretation cannot sustain a claim for libel *per se*.

## III. SPEARS' FALSE LIGHT CLAIM FAILS AS A MATTER OF LAW

### A. Describing Someone As Being At The Scene Of A Crime Is Not Highly Offensive

The Opposition fails to rebut the argument that it is not "highly offensive" to describe someone as being present at the scene of a crime perpetrated by others. Opp. at 22-23. Rather, Spears emphasizes the purported fact that he was not in Miller's car "when the murder weapon was retrieved." Opp. at 23. *First*, no facts alleged in the Complaint suggest *when* the gun was retrieved from Miller's car. *See Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 705 (11th Cir. 2016) (plaintiff cannot "use his briefing to add new allegations and argue that those new assertions support his cause of action"). *Second*, Spears does not dispute that he rode in the car the same night that the gun was allegedly in the car. *See* Compl. ¶ 29 & Ex. A, ¶ 10; Opp. at 4.

A statement is not "highly offensive" for purposes of the false light tort unless "there is such a major misrepresentation of his character, history, activities or beliefs that serious offense may reasonably be expected to be taken by a reasonable man in his position." RESTATEMENT (SECOND) OF TORTS § 652E cmt. c. As detailed above,

9

the error in the Challenged Report was that Spears was a passenger in Miller's car at the time of the shooting, as opposed to earlier in the evening; regardless, Spears rode in Miller's car on the night Miller allegedly transported the gun to the scene.

### B.   The Complaint Fails to Plead Facts Plausibly Establishing Clear and Convincing Evidence of Actual Malice

Spears argues erroneously, and at length, that "actual malice" "is not an appropriate issue for summary disposition because it calls a defendant's state of mind into question." Opp. at 2, 23-25. This ignores the requirement under federal procedure for *all plaintiffs* to plead facts plausibly establishing each element of their claims, and Spears relies *exclusively* on case law that predates *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). But this Circuit (and others) have established that the plausibility of actual malice allegations must be considered on motions to dismiss. *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 6 F.4th 1247, 1252 (11th Cir. 2021) (affirming dismissal of claim for lack of plausible allegations of actual malice), *cert. denied*, 2022 U.S. LEXIS 3099 (June 27, 2022); *Turner v. Wells*, 879 F.3d 1254, 1273 (11th Cir. 2018) (same); *Michel*, 816 F.3d at 701-02 (11th Cir. 2016) (same). None of the Complaint's allegations do so.

#### 1.   *Seeking comment fails to establish actual malice*

Spears argues, incongruously, that The Times evidenced actual malice by seeking comment from him. Opp. at 32. Spears is wrong on the facts and the law.

10

Nowhere does the Complaint allege that "the NYT knew . . . the team had been instructed not to talk to reporters about the shooting," Opp. at 32, and investigating a claim counsels *against* a finding of actual malice. *See Michel*, 816 F.3d at 703.

        2.    *Mere use of an unnamed source does not evidence actual malice*

Spears argues that the use of an unnamed source is evidence of actual malice because discovery might reveal the source was unreliable. Opp. at 26. Spears has the burden backward. The Complaint must plead facts plausibly establishing actual malice. *Michel*, 816 F.3d at 702. Arguing that discovery *might* reveal a source was untrustworthy is insufficient—especially where, as here, there was no obvious reason to doubt the report. A police detective and surveillance video showed there was a passenger in Miller's car, a source "familiar with the case identified that person as Spears," and The Times tried to confirm the information through both Spears and the University. Mem. at 7, 26-27. This is not reliance on a "wholly on an unverified anonymous telephone call," *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968), and the pleadings themselves show "that the reporters conducted some outreach and engaged in due diligence." *Michel*, 816 F.3d at 704. That combination of facts does not plausibly establish actual malice.

        3.    *Failing to retract does not evidence actual malice at the time of publication—and The Times did retract the statements*

Spears argues incorrectly that The Times's decision not to issue a correction in the days after publication is evidence of actual malice at the time of publication.

11

Opp. at 27-31.  His argument fails for at least three reasons: *First*, it is well settled that actual malice is measured at the time of publication.  *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 286-87 (1964).  *Second*, the Supreme Court made clear that a failure to retract is not evidence of actual malice at the time of publication.  *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 512 (1984) (even where reporter "had made a mistake and when confronted with it, he refused to admit it and steadfastly attempted to maintain that no mistake had been made—that the inaccurate was accurate," it "does not establish that he realized the inaccuracy at the time of publication").  *Third,* The Times *did* issue a retraction as soon as it was made aware of specific details, as a result of this litigation, establishing that Cooper Lee was the passenger in Miller's car at the time of the shooting.  Mem. at 3 & n.3.[7]

Ultimately, the actual malice requirement tolerates good-faith errors in reporting to ensure adequate "breathing space" for speech on matters of public concern.  *Sullivan*, 376 U.S. at 271-72.  The Times erred in placing Spears at the scene of the shooting on the Strip, and has corrected that mistake.  But because none of the Complaint's allegations plausibly establish that this was a purposeful or knowing error, the Challenged Report falls within that margin of speech that is protected and as a result the false light claim fails as a matter of law.

---

[7] Nor does the fact that The Times required more than a bare denial—*i.e.*, facts showing it had erred—to issue a retraction demonstrate actual malice.  Mem. at 26-27.

Dated: Sept. 18, 2023        Respectfully submitted,

    */s/ John G. Thompson*
John G. Thompson
*jthompson@lightfootlaw.com*
Matthew J. Winne
*mwinne@lightfootlaw.com*
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200
(205) 581-0700
(205) 581-0799 (facsimile)

Chad R. Bowman (*pro hac vice*)
*bowmanchad@ballardspahr.com*
Emmy Parsons (*pro hac vice*)
*parsonse@ballardspahr.com*
Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
(202) 661-2200
(202) 661-2299 (facsimile)

**Attorneys for Defendant**
**The New York Times Company**

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 18th day of September, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

R. Matt Glover
PRINCE GLOVER HAYES
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, AL 35406
Phone: (205) 345-1234
Fax: (205) 752-6313
Email: mglover@princelaw.net

Stephen P. New
NEW, TAYLOR & ASSOCIATES
430 Harper Park Drive
P.O. Box 5516
Beckley, WV 25801
Telephone: 304-250-6017
Facsimile: 304-250-6012
Email: steve@newlawoffice.com

                                                   */s/ John G. Thompson*
                                             OF COUNSEL