IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| KAI SPEARS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 23-CV-00692-LSC |
| ) | |
| THE NEW YORK TIMES COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## REPORT OF PARTIES' PLANNING MEETING

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on December 21, 2023 at 10:30 AM CT and was attended by:

- Matt Glover & Stephen New on behalf of Plaintiff;

- JT Thompson, Matthew Winne, Chad Bowman, and Emmy Parsons on behalf of Defendant The New York Times Company.

2. Pre-Discovery Disclosures. The parties will exchange by *February 9, 2024* the information required by Local Rule 26.1(a)(1).

3. Discovery Plan. The parties propose to the court the following discovery plan:

The Parties agree discovery will be needed on the following subjects:
- *The investigation, reporting, and editorial process of The New York Times in the publication of the Subject Article;*
- *The substantial truth of the Subject Article;*

1

- *Plaintiff's status as a public or private figure;*
- *Plaintiff's reputation and claimed damages.*

It is Plaintiff's position that discovery will be needed regarding:
- *The investigation, reporting, and editorial process of The New York Times with regard to the decision to issue a statement standing by the article subsequent to the initial publication of the Subject Article;*
- *The investigation, reporting, and editorial process of The New York Times with regard to its decision not to correct the false information prior to the filing of this lawsuit;*
- *What doubts The New York Times or its agents who were connected with the investigation and reporting with regard to the Subject Article entertained related to the reliability of its anonymous source or the accuracy of the information with regard to Kai Spears prior to the time the subject article was published;*
- *What doubts The New York Times or its agents who were connected with the investigation and reporting with regard to the subject article entertained related to the reliability of the anonymous source or the accuracy of the information with regard to Kai Spears subsequent to the time the Subject Article was first published but before the false information was finally corrected.*

The Parties consent to service of discovery requests, objections, and responses by email.

The Parties agree, absent agreement or relief from the Court, to be bound by limitations on depositions and interrogatories as set forth in Rule 30 and Rule 33 of the Federal Rules of Civil Procedure.

Plaintiff's Proposed Discovery Plan:

All discovery commenced in time to be completed by September 27, 2024.

Reports from retained experts under Rule 26(a)(2) due:
    from plaintiff(s) by June 21, 2024;
    from defendant(s) by August 23, 2024.

2

Plaintiff(s) should be allowed until ___May 3, 2024___ to join additional parties and until ___May 3, 2024___ to amend the pleadings.

Defendant(s) should be allowed until ___June 7, 2024___ to join additional parties and until ___June 7, 2024___ to amend the pleadings.

All potentially dispositive motions should be filed by October 11, 2024.

The parties request a final pretrial conference in ___November 2024___.

Final lists of trial evidence under Rule 26(a)(3) should be due:

    From plaintiff(s):
        witnesses by November 22, 2024;
        exhibits by November 22, 2024.

    From defendant(s):
        witnesses by November 22, 2024;
        exhibits by November 22, 2024.

Parties should have 14 days after service of final lists of trial evidence to list objections under Rule 26(a)(3).

The case should be ready for trial by December 2024 and at this time is expected to take approximately 5-7 trial days.

Plaintiff Spears believes the case will be ready for trial one year from the court's denial of the New York Times's Motion to Dismiss

Defendant's Proposed Discovery Plan:

All discovery commenced in time to be completed by June 20, 2025.

Reports from retained experts under Rule 26(a)(2) due:
    from Plaintiff by January 17, 2025;
    from Defendant by March 14, 2025.

Plaintiff should be allowed until _____May 31, 2024_____ to join additional parties and until _____May 31, 2024_____ to amend the pleadings.

3

Defendant should be allowed until ___June 28, 2024___ to join additional parties and until ___June 28, 2024___ to amend the pleadings.

All potentially dispositive motions should be filed by <u>July 25, 2025</u>.

Defendant requests a final pretrial conference in <u>September 2025</u>.

Final lists of trial evidence under Rule 26(a)(3) should be due:

> From Plaintiff:
> witnesses by <u>September 12, 2025;</u>
> exhibits by  <u>September 12, 2025.</u>

> From Defendant:
> witnesses by <u>September 12, 2025;</u>
> exhibits by <u>September 12, 2025.</u>

Parties should have 14 days after service of final lists of trial evidence to list objections under Rule 26(a)(3).

The case should be ready for trial by <u>October 2025</u> and at this time is expected to take approximately <u>5-7 trial days.</u>

<u>It is Defendant's position that there is good cause that this case will not be ready for trial within twelve (12) months from the date of service of the complaint. The extraordinary circumstances include: the dispositive motion practice already conducted and the possibility of additional dispositive motion practice; the importance of the collateral criminal and civil actions, which involve many of same underlying facts and circumstances that will be litigated in this action related to the truth or falsity of the challenged statements, and for which trial dates have not yet been set; the Fifth Amendment implications as a result of the collateral criminal actions; and the amount of necessary fact witnesses from all over the country.</u>

4. Other items.

The parties request a conference with the court before entry of the scheduling order.

The parties agree to the entry of the Court's "qualified protective order" attached as Appendix I to the ALND Uniform Initial Order (Doc. 14). A copy of this "qualified protective order" containing the style of the case is attached to this report as <u>Exhibit A</u>.

Settlement is unlikely at this time.

Date: January 4, 2024

                                                          Respectfully submitted,

                                                          <u>/s/ Matthew J. Winne</u>
                                                          One of the Attorneys for Defendant
                                                          The New York Times Company

OF COUNSEL:
John G. Thompson
*jthompson@lightfootlaw.com*
Matthew J. Winne
*mwinne@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200
(205) 581-0700

Chad R. Bowman (*pro hac vice*)
*bowmanchad@ballardspahr.com*
Emmy Parsons (*pro hac vice*)
*parsonse@ballardspahr.com*

Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
(202) 661-2200

/s/ R. Matt Glover (w/ permission)
One of the Attorneys for Plaintiff
Kai Spears

R. Matt Glover
PRINCE GLOVER HAYES
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, AL 35406
Phone: (205) 345-1234
Fax: (205) 752-6313
Email: mglover@princelaw.net

Stephen P. New
NEW, TAYLOR & ASSOCIATES
430 Harper Park Drive
P.O. Box 5516
Beckley, WV 25801
Telephone: 304-250-6017
Facsimile: 304-250-6012
Email: steve@newlawoffice.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 4th day of January 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

R. Matt Glover
PRINCE GLOVER HAYES
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, AL 35406
Phone: (205) 345-1234
Fax: (205) 752-6313
Email: mglover@princelaw.net

Stephen P. New
NEW, TAYLOR & ASSOCIATES
430 Harper Park Drive
P.O. Box 5516
Beckley, WV 25801
Telephone: 304-250-6017
Facsimile: 304-250-6012
Email: steve@newlawoffice.com

                                                    */s/ Matthew J. Winne*
                                                    OF COUNSEL