FILED
2024 Jan-10  PM 03:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA WESTERN DIVISION

| | | |
|---|---|---|
| **KAI SPEARS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | **7:23-CV-00692-LSC** |
| **THE NEW YORK TIMES COMPANY** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER TO COMPLAINT

I.      **The Parties to this Complaint**

A. Plaintiff

1.      Defendant admits that, at the time this action was filed, Plaintiff was a freshman at The University of Alabama.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1, and on that basis denies them.

2.      Defendant admits that Plaintiff is a member of The University of Alabama basketball team.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1, and on that basis denies them.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

**II.   Basis for Jurisdiction**

8.      Defendant admits that Plaintiff is a student athlete at The University of Alabama.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1, and on that basis denies them.

9.      Admitted.

10.     Paragraph 10 asserts a legal conclusion to which no response is required.  To the extent a response may be required, Defendant admits that Plaintiff is a freshman at the University of Alabama but lacks knowledge or information sufficient to form a belief as to the truth of whether Plaintiff is "at the beginning of his post-high school educational life and sports life" and whether there has been any impact to Plaintiff's "education and his ability to advance in his chosen sport of basketball" and on this basis denies them.  Defendant denies the remaining allegations set forth in Paragraph 10.

11.     Paragraph 11 asserts a legal conclusion to which no response is required.  To the extent a response may be required, Defendant does not contest jurisdiction.

12.     Paragraph 12 asserts a legal conclusion to which no response is required.  To the extent a response may be required, Defendant admits that Plaintiff is a student at The University of Alabama and a member of the basketball team, and Defendant does not contest the venue.  Defendant otherwise denies the remaining allegations set forth in Paragraph 12.

13.     Defendant admits that it published the challenged report, "A Fourth Alabama Player Was at a Deadly Shooting, in a Car Hit by Bullets" on March 15, 2023 (the "Challenged Report") around the time of the NCAA men's basketball championship tournament, part of which took place in Alabama. Defendant admits that Alabama's first game in the NCAA Tournament was located in Birmingham, Alabama, and that its reporter interviewed Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 13.

14.     Defendant admits that Jamea Harris was shot and killed in Tuscaloosa, Alabama, which is within the Northern District of Alabama. Defendant denies the remaining allegations set forth in Paragraph 14.

15.     Paragraph 15 asserts a legal conclusion to which no response is required.  To the extent a response may be required, Defendant admits that the Challenged Report was accessible to, and read by, citizens of Alabama.  Defendant denies the remaining allegations set forth in Paragraph 15.

### III.    Factual Allegations

16.    Admitted.

17.    Admitted.

18.    Admitted.

19.    Admitted.

20.    Admitted.  Defendant further states that the Challenged Report speaks for itself.

21.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 and Exhibit A and on that basis denies them.

22.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 and Exhibit A and on that basis denies them.

23.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 and on that basis denies them.

24.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 and on that basis denies them.

25.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 and Exhibit A and on that basis denies them.

26.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 and Exhibit A and on that basis denies them.

27.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 and on that basis denies them.

28.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 and on that basis denies them.

29.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 and Exhibit A and on that basis denies them.

30.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 and Exhibit A and on that basis denies them.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 and on that basis denies them.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 and on that basis denies them.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 and Exhibit A and on that basis denies them.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 and on that basis denies them.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 and on that basis denies them.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 and on that basis denies them.

37.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 and Exhibit A and on that basis denies them.

38.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 and on that basis denies them.

39.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 and on that basis denies them.

40.    Defendant admits that Mr. Witz approached Plaintiff on March 15, 2023 in Birmingham, Alabama, and that Mr. Witz introduced himself as a reporter for The New York Times and sought comment on Plaintiff being in Brandon Miller's vehicle on the night of the shooting.  Defendant otherwise denies the allegations in Paragraph 40.

41.    Defendant admits that Plaintiff declined to comment.   Defendant otherwise denies the allegations set forth in Paragraph 41.

42.    Defendant admits that Mr. Witz asked Plaintiff a second time whether he would provide any information and that Plaintiff again declined to comment. Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations regarding what is contained in the UA Department of Athletics guidance.  Defendant otherwise denies the allegations set forth in Paragraph 42.

43.     Admitted.  Defendant further states that the Challenged Report speaks for itself.

44.     Admitted.  Defendant further states that the Challenged Report speaks for itself.

45.     Admitted.  Defendant further states that the Challenged Report speaks for itself.

46.     Admitted.  Defendant further states that the Challenged Report speaks for itself.

47.     Defendant admits that Plaintiff was not at the scene at the time of the shooting.  To the extent Paragraph 47 alleges that any additional statements quoted in Paragraphs 44-46 are inaccurate, on information and belief, Defendant otherwise denies the allegations set forth in Paragraph 47.

48.     On the basis of information and belief, admitted.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 and on that basis denies them.

50.     Admitted.

51.     Denied.

52.     Defendant admits that it sought comment from Plaintiff prior to publication of the Challenged Report.  Defendant denies the remaining allegations set forth in Paragraph 52.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Defendant denies that he "made no such inquiry."  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 and therefore denies them.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57, and on that basis denies them.

58.     Defendant admits that it sought comment from Plaintiff, the University of Alabama, Plaintiff's father, and Plaintiff's counsel prior to publication of the Challenged Report.  To the extent Paragraph 58 is intended to allege or imply that Defendant was advised that any statements in the Challenged Report were untrue prior to publication of the Challenged Report, Defendant denies such allegation. Defendant also denies that Plaintiff personally advised it, prior to the filing of this Complaint, that any statements in the Challenged Report were untrue.

59.     Admitted.

60.     Admitted that this statement was made, the content of which speaks for itself.

61.     Admitted that this statement was made, the content of which speaks for itself.  Defendant otherwise lacks the knowledge or information necessary to form a belief as to the accuracy of the allegations set forth in Paragraph 61, and on that basis denies them.

62.     Admitted that this statement was made, the content of which speaks for itself.

63.     Denied.

64.     Prior publications by Defendant speak for themselves.  To the extent Paragraph 64 characterizes those prior publications, Defendant denies the allegations of Paragraph 64.

65.     Defendant admits that it published a report on March 10, 2023 titled "Alabama's Championship Push Arrives With Murder Indictment," available at https://www.nytimes.com/2023/03/10/sports/ncaabasketball/alabama-murder-indictment.html, the content of which speaks for itself.

66.     Defendant admits that it published the Challenged Report, the content of which speaks for itself.

67.     Denied.

68.     Defendant admits that it published an update to the Challenged Report, the content of which speaks for itself.  Defendant otherwise denies the allegations of Paragraph 68.

69.     Denied.

70.     Defendant admits that reporter Billy Witz sought to contact Plaintiff and his representatives, but otherwise denies the allegations of Paragraph 70.

71.     Denied.

72.     Defendant admits that it released a statement, the content of which speaks for itself, a portion of which is excerpted in Paragraph 72.  Defendant lacks knowledge or information necessary to form a belief as to the accuracy of the remaining allegations set forth in Paragraph 72, and on that basis denies them.

73.     Defendant admits that Mr. Witz was approached by a reporter for "Outkick."  Defendant otherwise denies the remaining allegations set forth in Paragraph 73.

74.     Defendant admits that other news outlets reported on the statement published by Defendant, the contents of which speak for themselves.  Defendant denies that it published "new March 17 allegations concerning Spears."

75.     Defendant denies that Diane Brayton has the title of "Chief Legal Counsel" but otherwise admits the allegations of Paragraph 75.

76.     Defendant admits that it did not retract the Challenged Report by March 25, 2023 as requested.   Defendant otherwise denies the allegations set forth in Paragraph 76.

77.     Denied.

78.     Denied.

79.     Defendant admits that it learned of the identity of the passenger in Brandon Miller's car at the time of the shooting, Cooper Lee, when Plaintiff served his Complaint in this action on Defendant June 2, 2023.   Defendant otherwise denies the allegations set forth in Paragraph 79.

80.     Admitted.

81.     Defendant admits that it published a news story, the content of which speaks for itself.   Defendant otherwise denies the characterizations contained in Paragraph 81.

82.     Defendant admits that it published an editor's note and update to the Challenged Report after Plaintiff served his original Complaint in this action, available at https://www.nytimes.com/2023/03/15/sports/ncaabasketball/alabama-shooting.html#:~:text=%E2%80%94%20A%20fatal%20January%20shooting%20that,car%20struck%20by%20bullets%20in.   The editor's note reads:

*The original version of this article, published March 15, misidentified the person who was in the car with Brandon Miller when the shooting occurred.*

*Based on information from a person familiar with the case, the article erroneously identified that person as Kai Spears, a freshman basketball player. After the article was initially published, Alabama's athletic director and Spears's father denied that Spears was present. The Times included those responses and reviewed its reporting, but did not conclude that any other change to the article was warranted at that time.*

*On Wednesday, Spears filed a defamation suit against The Times that included new details about the incident. Based on that information, editors assigned further reporting, which determined that the other person at the scene was not Spears but Cooper Lee, a student manager for the team. The Times regrets the error in the initial report.*

*This article has been revised to remove the erroneous information; the latest updates can be seen here.*

83.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and on that basis denies them.

84.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and on that basis denies them.

85.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and on that basis denies them.

86.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and on that basis denies them.

87.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and on that basis denies them.

## IV.    Causes of Action

### COUNT I – DEFAMATION/LIBEL

88.    Defendant incorporates its responses to the allegations in Paragraph 1-87 above as if set forth fully herein.

89.    Denied.

90.    Denied.

91.    Defendant admits that another news outlet reported the quoted language, the content of which speaks for itself.  Defendant otherwise denies the allegations in Paragraph 91.

92.    Defendant admits that the New York Post published a report, the content of which speaks for itself.

93.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and on that basis denies them.

94.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and on that basis denies them.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.     Defendant denies that Plaintiff personally advised it that any statements in the Challenged Report were untrue.  Defendant otherwise admits the allegations of Paragraph 99.

100.   Prior publications by Defendant speak for themselves.  To the extent Paragraph 100 characterizes those prior publications, Defendant denies the allegations of Paragraph 100.  Defendant denies the remaining allegations of Paragraph 100.

101.   Prior publications by Defendant speak for themselves.  To the extent Paragraph 101 characterizes those prior publications, Defendant denies the allegations of Paragraph 101.  Defendant denies the remaining allegations of Paragraph 101.

102.   Denied.

103.   **COUNT II – FALSE LIGHT INVASION OF PRIVACY**

104.   Defendant incorporates its responses to the allegations in Paragraph 1-103 above as if set forth fully herein.

105.  Defendant's publication speaks for itself.  Defendant admits that Plaintiff was not present at the scene of the shooting.  Defendant denies that the Challenged Report implies that "the Plaintiff may have had some role in the death of Jamea Harris."

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Denied.

111.   Denied.

112.   Denied.

113.   Denied.

114.   Paragraph 114 asserts a legal conclusion to which no response is required.  To the extent a response may be required, Defendant denies it.

115.   Paragraph 115 asserts a legal conclusion to which no response is required.  To the extent a response may be required, Defendant denies it.

116.   Paragraph 116 asserts a legal conclusion to which no response is required.  To the extent a response may be required, Defendant denies it.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief claimed in paragraphs 1-5 of his Prayer For Relief in his Complaint.

## GENERAL DENIAL

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Complaint.   Defendant denies all allegations,

declarations, claims or assertions in the Complaint that are not specifically admitted in this Answer.

## DEFENSES

By alleging the separate and additional defenses set forth below, Defendant is not in any way agreeing or conceding that it has the burden of proof or the burden of persuasion on any of these issues.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the First and Fourteenth Amendments to the Constitution of the United States and Article I, Section 5 of the Alabama Constitution.

## THIRD DEFENSE

Some or all allegedly defamatory statements or implications about Plaintiff are true or substantially true, and Plaintiff cannot carry his burden of proving that any such statement or implication is materially false.

## FOURTH DEFENSE

Some or all of the statements at issue are not reasonably capable of the defamatory meaning attributed to them by Plaintiff.

## FIFTH DEFENSE

Defendant acted without malice, in both the constitutional sense and the common law sense, and without the requisite scienter, in both the constitutional sense and the common law sense, in all of its conduct relating to the statements at issue.

## SIXTH DEFENSE

Defendant acted without fault, as required by the United States Constitution, in all of its conduct relating to the statements at issue.

## SEVENTH DEFENSE

Plaintiff has not suffered any actual, monetary damages.

## EIGHTH DEFENSE

By reason of the First and Fourteenth Amendments to the Constitution of the United States, Defendant is immune from liability for punitive or exemplary damages under the circumstances alleged in the First Amended Complaint.

## NINTH DEFENSE

Plaintiff's demand for punitive damages is barred by the First, Fifth and Fourteenth Amendments to the Constitution of the United States and by Article I, Sections 1, 4, 6, and 22 of the Alabama Constitution because Alabama law allows for the imposition of punitive damages in an arbitrary and capricious manner, does

not provide adequate notice to Defendant of the severity of the award and is neither rationally related to any legitimate government interest nor narrowly tailored.

## TENTH DEFENSE

The imposition of punitive damages under Alabama law is unconstitutional because it permits the imposition of an excessive criminal fine and does not require proof beyond a reasonable doubt.

## ELEVENTH DEFENSE

The imposition of punitive damages in this case would violate the First, Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 4, 6, and 22 of the Alabama Constitution because the procedures under Alabama law for awarding punitive damages do not provide specific standards on which the award may be based and permit different awards for the same or similar acts.

## TWELFTH DEFENSE

Alabama law permitting the imposition of punitive damages is unconstitutionally vague because there are no specific standards by which such an award is made.

## THIRTEENTH DEFENSE

The imposition of punitive damages in this case would violate the First, Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections

1, 4, 6, and 22 of the Alabama Constitution because the procedures for such an award do not provide for a reasonable limit on the amount of the award.

### FOURTEENTH DEFENSE

The imposition of punitive damages in this case would violate the First, Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 4, 6, and 22 of the Alabama Constitution because a defendant is not given notice of the conduct that would subject the defendant to punishment or the severity of the penalty that may be imposed solely by the unbridled discretion of the jury.

### FIFTEENTH DEFENSE

Defendant asserts that an award of punitive damages may not exceed the limits imposed under Alabama Code § 6-11-21, as amended.

### SIXTEENTH DEFENSE

Defendant asserts that punitive damages may not be imposed for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee, or servant under Alabama Code § 6-11-27.

### SEVENTEENTH DEFENSE

Plaintiff's claims against Defendant are barred in whole or in part by the equitable doctrine of unclean hands.

## EIGHTEENTH DEFENSE

To award Plaintiff damages for alleged emotional distress in the absence of any standards for the determination of emotional distress and/or the absence of any requirement for corroborating or objective evidence of emotional distress makes such an award tantamount to punitive damages. As such, Defendant avers that such an award in this case would violate both the Alabama Constitution and the United States Constitution and for the other separate and several reasons stated herein.

## ADDITIONAL DEFENSES

Defendant hereby gives notice that, due to its incomplete knowledge as to the matters set forth in the Complaint, it is unable to determine whether it has additional defenses not expressly enumerated in the preceding paragraphs or elsewhere in this Answer. Defendant thus reserves its right to amend its Answer, to assert additional defenses and to rely upon those additional defenses to the extent they become available or apparent during discovery or further proceedings in this action.

## JURY DEMAND

Defendant demands a trial by jury of all issues triable by jury.

Dated: January 10, 2024        Respectfully submitted,

    /s/ John G. Thompson
John G. Thompson
*jthompson@lightfootlaw.com*
Matthew J. Winne
*mwinne@lightfootlaw.com*
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200
(205) 581-0700
(205) 581-0799 (facsimile)

Chad R. Bowman (*pro hac vice*)
*bowmanchad@ballardspahr.com*
Emmy Parsons (*pro hac vice*)
*parsonse@ballardspahr.com*
Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
(202) 661-2200
(202) 661-2299 (facsimile)

**Attorneys for Defendant
The New York Times Company**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of January, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

R. Matt Glover
PRINCE GLOVER HAYES
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, AL 35406
Telephone: (205) 345-1234
Fax: (205) 752-6313
Email: mglover@princelaw.net

Stephen P. New
NEW, TAYLOR & ASSOCIATES
430 Harper Park Drive
P.O. Box 5516
Beckley, WV 25801
Telephone: 304-250-6017
Facsimile: 304-250-6012
Email: steve@newlawoffice.com

*/s/ John G. Thompson*
OF COUNSEL