


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **KAI SPEARS,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **THE NEW YORK TIMES COMPANY,** | ) | **7:23-CV-00692-LSC** |
| | ) | |
| | ) | **(OPPOSED)** |
| **DEFENDANT.** | ) | |

**PLAINTIFF KAI SPEARS' MOTION FOR LEAVE TO FILE PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S THIRD AFFIRMATIVE DEFENSE OUTSIDE OF TIME**

R. Matt Glover
PRINCE GLOVER HAYES
1 Cypress Point 701 Rice Mine Road
North Tuscaloosa, AL 35406
Phone: (205) 345-1234
Fax: (205) 752-6313
Email: mglover@princelaw.net

Stephen P. New
Stephen New & Associates
430 Harper Park Drive
Beckley, WV 25801
Telephone: 304-250-6017
Facsimile: 304-250-6012
Email: steve@newlawoffice.com

Attorneys for Plaintiff

COMES NOW Plaintiff Kai Spears ("Plaintiff Spears") and for his *Motion for Leave to File Motion to Strike Defendant's Third Affirmative Defense of 'Substantial Truth' Outside of Time* states as follows:

## I. PROCEDURAL HISTORY

Plaintiff Spears filed this civil action on May 30, 2023 naming The New York Times Company ("NYT") as the Defendant. (*Compl*. [ECF 1]). Plaintiff alleges a claim for Defamation/Libel in Count I and a claim for False Light Invasion of Privacy in Count II. These claims arise out of the publication by the NYT of statements that Plaintiff Spears alleges were false and defamatory and resulted in tremendous damage to him, including receiving threats against his life. (*Compl*. ¶59). Plaintiff Spears' claim for invasion of privacy seeks damages suffered from the Subject Article which implied that Plaintiff Spears may have been involved in criminal activity and may have withheld information of his presence at the murder scene from investigating officials. (*Compl*. ¶73).

Spears filed an Amended Complaint on December 27, 2023 for the primary purpose of including more allegations as to the issue of malice. [ECF 28]. This Court had given Spears an opportunity to amend after finding his false light claim was due to be dismissed due to the absence of sufficient allegations concerning malice in the original complaint. [ECF 22]. Defendant did not move to dismiss the amended complaint.

Defendant filed its Answer on January 10, 2024. [ECF 30]. In its Answer, Defendant included a section titled "Defenses" which included eighteen specific affirmative defenses, including a "substantial truth" affirmative defense, which Plaintiff has contemporaneously moved to strike under Rule 12(f) of the Federal Rules of Civil Procedure.

## II. LAW AND ARGUMENT

Rule 6(b) of the Federal Rules of Civil Procedure governs the enlargement of time. After the time has run for filing a response, a court may permit a response where the failure to act was the result of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The decision whether to allow a late filing or extend a time period under Rule 6(b) is an equitable one, and the factors to be considered include: the danger of prejudice to the nonmovant, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Plaintiff did not fully appreciate the extent of Defendant's affirmative defenses until Defendant recently filed their initial disclosures pursuant to Rule 26(a)(1) of the *Federal Rules of Civil Procedure*, on February 9, 2024, which contained an extensive list of witnesses identified that may have discoverable information. Defendant also propounded an extensive set of written discovery upon Plaintiff,

causing Plaintiff to revisit the affirmative defenses set forth in Defendant's Answer. Only then did Plaintiff fully understand the true nature and extent of Defendant's affirmative defenses raised. Plaintiff now seeks to strike the third affirmative defense of "substantial truth" in good faith and hereby files this Motion for leave to file *Plaintiff's Motion to Strike Defendant's Third Affirmative Defense* outside of time.

Defendant will not be prejudiced by this Motion as Plaintiff has contemporaneously filed with the Court a Motion for Protective Order, with the attached Motion to Strike and an attached brief discussing the applicability of the substantial truth doctrine and why Plaintiff requests that this doctrine be addressed by the Court at the outset of discovery in order to streamline this case. Plaintiff has acted in good faith and only seeks to file this pleading outside of time upon discovering the nature and extent of Defendant's affirmative defense upon reviewing their discovery and initial Rule 26(a)(1) disclosures. Further, while Plaintiff moves to file this pleading after a delay of twenty-three days, there has been no impact on the judicial proceedings and parties have continued to conduct discovery keeping the case active.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests and prays that this Honorable Court grant Plaintiff leave to file their Motion to Strike

Defendant's Third Affirmative Defense outside of time, and for any other relief the Court deems appropriate and proper

**KAI SPEARS**

By Counsel,

/s/ R. Matt Glover (asb-7828-a43g)
R. MATT GLOVER
Attorney for Plaintiff/Appellant
PRINCE GLOVER HAYES
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, Alabama 35406
Phone: (205) 345-1234
Email: mglover@princelaw.net

/s/ Stephen P. New (WV Bar #7756)
STEPHEN P. NEW
Attorney for Plaintiff
STEPHEN NEW AND ASSOCIATES
P.O. Box 5516
430 Harper Park Drive
Beckley, West Virigina 25801
Phone: (304) 250-6017
Email: steve@newlawoffice.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of February, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to Participants in the case who are registered CM/ECF users.

Matthew J. Winne, Esquire
John G. Thompson, Esquire

*/s/ R. Matt Glover*
R. MATT GLOVER