FILED
2024 Feb-23  PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **KAI SPEARS,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **THE NEW YORK TIMES** | ) | **7:23-CV-00692-LSC** |
| **COMPANY,** | ) | |
| | ) | **(OPPOSED)** |
| **DEFENDANT.** | ) | |

## PLAINTIFF KAI SPEARS' MOTION TO STRIKE DEFENDANT'S THIRD AFFIRMATIVE DEFENSE OF 'SUBSTANTIAL TRUTH'

R. Matt Glover
Prince Glover Hayes
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, Alabama  35406
Phone: (205) 345-1234
Email: mglover@princelaw.net

Stephen P. New (WV Bar#7756)
Pro Hac Vice
Stephen New and Associates
P.O. Box 5516
430 Harper Park Drive
Beckley, West Virginia 25801
Email: steve@newlawoffice.com

Attorneys for Plaintiff

COMES NOW Plaintiff Kai Spears ("Plaintiff Spears") and for his *Motion to Strike Defendant's Third Affirmative Defense of 'Substantial Truth'* pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure* states as follows:

## I.   PROCEDURAL HISTORY

Plaintiff Spears filed this civil action on May 30, 2023 naming The New York Times Company ("NYT") as the Defendant. (*Compl*. [ECF 1]). Plaintiff alleges a claim for Defamation/Libel in Count I and a claim for False Light Invasion of Privacy in Count II. These claims arise out of the publication by the NYT of statements that Plaintiff Spears alleges were false and defamatory and resulted in tremendous damage to him, including receiving threats against his life. (*Compl*. ¶59). Plaintiff Spears' claim for invasion of privacy seeks damages suffered from the Subject Article which implied that Plaintiff Spears may have been involved in criminal activity and may have withheld information of his presence at the murder scene from investigating officials. (*Compl*. ¶73).

Spears filed an Amended Complaint on December 27, 2023 for the primary purpose of including more allegations as to the issue of malice. [ECF 28].  This Court had given Spears an opportunity to amend after finding his false light claim was due to be dismissed due to the absence of sufficient allegations concerning malice in the original complaint. [ECF 22]. Defendant did not move to dismiss the amended complaint.

Defendant filed its Answer on January 10, 2024. [ECF 30]. In its Answer, Defendant included a section titled "Defenses" which included eighteen specific affirmative defenses, including a "substantial truth" affirmative defense, which Plaintiff hereby moves to strike under Rule 12(f) of the Federal Rules of Civil Procedure.

## II.    LAW AND ARGUMENT

Affirmative defenses are governed by Federal Rule of Civil Procedure 8(c), which states, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). Pursuant to Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts within the Eleventh Circuit have found that a Rule 12(f) motion to strike is an appropriate means of disposing of an affirmative defense which simply has no legal applicability in a case. See e.g. *Davis v. Holifield*, CA 21-0044-CG-MU, 2021 WL 6137309 (S.D. Ala. Dec. 12, 2021), report and recommendation adopted in 2021 WL 6134692(S.D. Ala. Dec. 29, 2021)(affirmative defense of failure to comply with non-claims statute stricken because of its inapplicability in a suit against municipal officers in their individual capacity); *Lynch v. Continental Group, Inc.*, No. 12–

21648–CIV, 2013 WL 166226 (S.D. Fla. Jan. 15, 2013)( Faragher defenses stricken as inapplicable to the particular Title VII claims asserted by the Plaintiff); *Regions Bank v. CRS Holding of America, LLC*, Case No. 8:14-cv-1244-T-23MAP, 2014 WL 12984570 (M.D. Fla. Sept. 4, 2014)(defense of unclean hands stricken because of its inapplicability in a suit involving only legal claims).

Defendant's third affirmative defense states as follows:

> Some or all allegedly defamatory statements or implications about Plaintiff are true or substantially true, and Plaintiff cannot carry his burden of proving that any such statement or implication is materially false.

[ECF 30].

In Defendant's Rule 26(a)(1) initial disclosures, Defendant identified a host of "potential witnesses" with the "subject of testimony" being identified as "Substantial truth of the article," although it produced no evidence in those initial disclosures supporting such a defense. The "substantial truth" defense is due to be stricken as having zero potential applicability in this case. "Substantial truth" is an affirmative defense which the defendant has the burden of proving: "To satisfy his burden of proving a 'substantial truth' affirmative defense, Defendant need only show that the 'gist' or the 'sting' of the statement is true." *Berman v. Kafka*, 661 Fed. Appx. 621, 624 (11th Cir. 2016)(quoting *Cuban Am. Nat'l Found*., 731 So.2d 702, 706 (Fla. Dist. Ct. App. 1999). See also *Moore v. Senate Majority PAC*, No. 4:19-cv-1855-CLM,

2023 WL 7220943 at *29 (N.D. Ala. Sept. 29, 2023) which noted, "Under Alabama law, this defense (of substantial truth) required [defendant] to show that the Ad was 'true without qualification in all material respects.' Ala. Pattern Jury Instruction 23.07 (3d ed. 2019)(Truth—Affirmative Defense)."

The statements in the Subject Article with regard to Plaintiff Spears are literally and demonstrably false, which Defendant admitted when it issued a public retraction admitting that it "misidentified the person who was in the car with Brandon Miller when the shooting occurred" and "erroneously identified that person as Kai Spears." The only purpose for Spears being named in the Subject Article was to identify him as the passenger in Miller's car, whom Defendant has since admitted was not, in fact, Spears. Furthermore, the "gist" or "sting" of the article, which is that Kai Spears was somehow "involved in the shooting" by virtue of being Miller's passenger at the time of the shooting is necessarily also false and defamatory. The substantial truth doctrine simply has no applicability to this case. Further, Plaintiff will be prejudiced if this affirmative defense is not stricken because it disregards any mitigation of damage to Plaintiff's reputation and could cause a delay in the discovery of this case.

Accordingly, Plaintiff's Rule 12(f) motion to strike is an appropriate mechanism for placing the issue of the potential applicability of the substantial defense doctrine before this Court at the outset of the case. Plaintiff hereby

incorporates his brief discussing the applicability of the substantial truth doctrine and why Plaintiff requests that this doctrine be addressed by the Court at the outset of discovery in order to streamline this case.[1]

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests and prays that this Honorable Court strike this defense from Defendant's answer, and for any other relief the Court deems appropriate and proper.

**KAI SPEARS**

**By Counsel,**

*/s/ R. Matt Glover (asb-7828-a43g)*
R. MATT GLOVER
Attorney for Plaintiff/Appellant
PRINCE GLOVER HAYES
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, Alabama 35406
 Phone: (205) 345-1234
 Email: mglover@princelaw.net

/s/ Stephen P. New (WV Bar #7756)
STEPHEN P. NEW
Attorney for Plaintiff
STEPHEN NEW AND ASSOCIATES
P.O. Box 5516
430 Harper Park Drive
Beckley, West Virginia  25801
Phone: (304) 250-6017
Email: steve@newlawoffice.com

---

[1] Plaintiff is also contemporaneously filing a Motion for Protective Order, which is addressed in the attached brief in support.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of February, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to Participants in the case who are registered CM/ECF users.

Matthew J. Winne, Esquire
John G. Thompson, Esquire

_/s/ R. Matt Glover_
R. MATT GLOVER