# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| KAI SPEARS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| THE NEW YORK TIMES COMPANY, | ) | 7:23-CV-00692-LSC |
| | ) | |
| | ) | (OPPOSED) |
| DEFENDANT. | ) | |

## PLAINTIFF KAI SPEARS' MOTION FOR PROTECTIVE ORDER

R. Matt Glover
PRINCE GLOVER HAYES
1 Cypress Point 701 Rice Mine Road
North Tuscaloosa, AL 35406
Phone: (205) 345-1234
Fax: (205) 752-6313
Email: mglover@princelaw.net

Stephen P. New
Stephen New & Associates
430 Harper Park Drive
Beckley, WV 25801
Telephone: 304-250-6017
Facsimile: 304-250-6012
Email: steve@newlawoffice.com

Attorneys for Plaintiff

COMES NOW Plaintiff Kai Spears ("Plaintiff Spears"), by counsel pursuant to Rule 26(c) of the *Federal Rules of Civil Procedure*, and for his *Motion for Protective Order* states as follows:

## I.     PROCEDURAL HISTORY

Plaintiff Spears filed this civil action on May 30, 2023 naming The New York Times Company ("NYT") as the Defendant. (*Compl*. [ECF 1]). Plaintiff alleges a claim for Defamation/Libel in Count I and a claim for False Light Invasion of Privacy in Count II. These claims arise out of the publication by the NYT of statements that Plaintiff Spears alleges were false and defamatory and resulted in tremendous damage to him, including receiving threats against his life. (*Compl*. ¶59). Plaintiff Spears' claim for invasion of privacy seeks damages suffered from the Subject Article which implied that Plaintiff Spears may have been involved in criminal activity and may have withheld information of his presence at the murder scene from investigating officials. (*Compl*. ¶73).

Spears filed an Amended Complaint on December 27, 2023 for the primary purpose of including more allegations as to the issue of malice. [ECF 28]. This Court had given Spears an opportunity to amend after finding his false light claim was due to be dismissed due to the absence of sufficient allegations concerning malice in the original complaint. [ECF 22]. Defendant did not move to dismiss the amended complaint.

Defendant filed its Answer on January 10, 2024. [ECF 30]. In its Answer, Defendant included a section titled "Defenses," which included eighteen specific affirmative defenses, including a "substantial truth" affirmative defense, which Plaintiff has contemporaneously moved to strike under Rule 12(f) of the *Federal Rules of Civil Procedure.* Accordingly, Plaintiff also moves for a Protective Order, to prevent Defendant from engaging in irrelevant, burdensome, and intrusive discovery related to the "substantial truth" doctrine, which has no applicability to the case, and to protect Plaintiff from annoyance, embarrassment, oppression, or undue burden and expense.

## II.     LAW AND ARGUMENT

*Federal Rule of Civil Procedure* 26(c)(1)(A) states, "The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding the disclosure or discovery."

Defendant's third affirmative defense states as follows:

> Some or all allegedly defamatory statements or implications about Plaintiff are true or substantially true, and Plaintiff cannot carry his burden of proving that any such statement or implication is materially false.

[ECF 30].

Defendant has asserted in its Answer as its Third Defense that its statements about Kai Spears in the subject article were "substantially true." Additionally, in its

Rule 26(a)(1) initial disclosures, Defendant identified a host of "potential witnesses" with the "subject of testimony" being identified as "Substantial truth of the article" although it produced no evidence in those initial disclosures supporting such a defense. Plaintiff has moved for the "substantial truth" defense to be stricken as having no potential applicability in this case. Furthermore, a Protective Order should be issued to prevent Defendant from engaging in irrelevant, burdensome, and intrusive discovery related to this doctrine which has no potential applicability, and to protect Plaintiff from annoyance, embarrassment, oppression, or undue burden or expense.

All of the statements in the Subject Article with regard to Plaintiff Spears are literally and demonstrably false, which Defendant admitted when it issued a public retraction admitting that it "misidentified the person who was in the car with Brandon Miller when the shooting occurred" and "erroneously identified that person as Kai Spears." The only purpose for Spears being named in the Subject Article was to identify him as the passenger in Miller's car, whom Defendant has since admitted was not, in fact, Spears. Furthermore, the "gist" or "sting" of the article, which is that Kai Spears was somehow "involved in the shooting" by virtue of being Miller's passenger at the time of the shooting is necessarily also false and defamatory. The substantial truth doctrine simply has no applicability to this case.

Moreover, allowing Defendant to conduct the anticipated discovery on this issue will delay the case. Defendant has identified a multitude of witnesses as having information relevant to its defense of substantial truth including "All current and former teammates of Kai Spears on the University of Alabama Men's Basketball Team." It appears that Defendant is simply using the "substantial truth" defense as an avenue to interview student athletes at the University of Alabama concerning the shooting knowing that those students have been instructed by the athletic department not to speak to the media concerning the shooting. This is further revealed in Defendant's request to have Kai Spears tell them everything he has learned about the shooting and any possible involvement by his current or former teammates. Defendant should not be given the opportunity to pursue its journalistic efforts to obtain interviews with these student athletes or seek information about the shooting under the guise of pursuing a defense which has zero application in this case.

Plaintiff hereby incorporates fully herein his brief discussing the applicability of the substantial truth doctrine and why Plaintiff requests that this doctrine be addressed by the Court at the outset of discovery in order to streamline this case.[1]

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests and prays that this Honorable Court issue a Protective Order prohibiting Defendant from

---

[1] Plaintiff is also contemporaneously filing a Motion to Strike Defendant's Third Affirmative Defense, which is addressed in the attached brief in support.

seeking discovery on the "substantial truth" issue, and for any other relief the Court deems appropriate and proper.

**KAI SPEARS**

**By Counsel,**

<u>/s/ R. Matt Glover (asb-7828-a43g)</u>
R. MATT GLOVER
Attorney for Plaintiff/Appellant
PRINCE GLOVER HAYES
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, Alabama 35406
Phone: (205) 345-1234
Email: mglover@princelaw.net

<u>/s/ Stephen P. New (WV Bar #7756)</u>
STEPHEN P. NEW (pro hac vice)
Attorney for Plaintiff
STEPHEN NEW AND ASSOCIATES
P.O. Box 5516
430 Harper Park Drive
Beckley, West Virigina  25801
Phone: (304) 250-6017
Email: steve@newlawoffice.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of February, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to Participants in the case who are registered CM/ECF users.

Matthew J. Winne, Esquire
John G. Thompson, Esquire

                                         */s/ R. Matt Glover*
                                         R. MATT GLOVER