FILED
2026 Feb-23  AM 11:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| **KAI SPEARS,** } | |
|     **Plaintiffs,** } | |
| } | |
| **v.** } | |
| } | **Case No.: 7:23-cv-692-ACA** |
| **THE NEW YORK TIMES, et al.,** } | |
| } | |
|     **Defendants.** } | |
| } | |

## PRETRIAL SCHEDULING ORDER

On February 17, 2026, the court held a status conference in this matter. Appearing at the conference were Matt Glover, Stephen New, Chad Bowman, John Thompson, and Matthew Winne.

Consistent with the discussion at the conference, the court **SETS** the following deadlines.

### I.    Jury/Bench Trial

The jury trial will commence on **August 10, 2026**, at the Richard Shelby Federal Building and Courthouse. The trial is expected to take 5-7 days.

### II.    Witnesses

The parties must file witness lists **on or before June 22, 2026**.

    <u>1.</u>  Live Witnesses

a. Unless specifically agreed by the parties in writing or allowed by the court for good cause shown, the parties shall be precluded from offering substantive evidence through any witness not included on the party's witness list. The listing of a witness does not commit a party to have that witness available at trial or to

call that witness to testify, but it does preclude the party from objecting to the presentation of that witness's testimony by another party.

b. Objections to live witnesses are due **on or before July 6, 2026**.

c. Objections shall be stated with specificity and cite legal authority. Objections not made within such time, other than objections under Federal Rule of Evidence 402 and 403, shall be deemed waived in the absence of good cause shown.

<u>2.</u>   Depositions

a. The court will accept the parties' written agreement to use a deposition at trial even though the witness is available. In the absence of such an agreement, parties must comply with Federal Rule of Civil Procedure 32.

b. If a witness will be presented by deposition, the party designating that witness must provide the courtroom deputy and opposing counsel with an electronic, text searchable copy of the deposition with the proffered trial testimony highlighted. This submission shall be made at the same time as the filing of the witness list.

c. An opposing party may serve an objection to the use of deposition testimony under Federal Rules of Civil Procedure 32 or 26(a)(3)(B), a list of additional pages of the deposition to be used, and/or objections to specific designations **on or before July 6, 2026**.

d. Objections shall be stated with specificity and cite legal authority. Objections not made within such time, other than objections under Federal Rule of Evidence 402 and 403, shall be deemed waived in the absence of good cause shown.

<u>3.</u>   Videotape Depositions

Where a party wishes to present deposition testimony by videotape at trial, it must follow the procedure set out above in § 2. Once cross designations and objections are resolved, the party offering the videotape at trial shall edit the video to include only those portions of the deposition the jury will view. The final video exhibit shall be produced to opposing counsel the Thursday before trial. Any objections to the final video should be presented to the court the Friday before trial.

<u>4.</u>   Bench Trials

In a non-jury trial, depositions offered as a trial exhibit shall attach to the front of the exhibit a summary of what each party intends to prove by the deposition

testimony with citations to the line and page. The exhibit shall highlight all lines proffered by any parties.

### III.    Exhibits

<u>1.</u>  Pretrial Exhibit Lists

All parties must file exhibit lists using the court approved form (Word version available on the court website at http://www.alnd.uscourts.gov/clerks-office-forms) **on or before June 22, 2026**. A description of a document on an exhibit list is provided only for identification; it is not an admission or otherwise evidence regarding the document. The court urges counsel to be judicious in determining which documents are relevant to necessary elements of the case.

Objections to exhibit lists must be filed **on or before July 6, 2026**. Objections shall be stated with specificity and cite legal authority. The relevant evidence upon which the objection is based shall be attached to the objection as an exhibit.

The parties are reminded that the Judiciary's privacy policy restricts the publication of certain personal data in documents filed with the court. The policy requires limiting Social Security and financial account numbers to the last four digits, using only initials for the names of minor children, and limiting dates of birth to the year.

**The parties are reminded that they will not be allowed to use at trial any exhibit not disclosed in accordance with Federal Rules of Civil Procedure 26(a) or 26(e), unless the failure was substantially justified or the offering party can show that its failure to disclose was harmless.** *See* **Fed. R. Civ. P. 37(c)(1).**

<u>2.</u>  Demonstratives

Demonstratives do not need to be included on a party's pretrial exhibit list. Plaintiff's demonstratives will be identified with the prefix "PD," starting with PD-1. Defendant's demonstratives will be identified with the prefix "DD," starting with DD-1.

Except in the case of closing demonstratives, parties must exchange all demonstratives by 6:30 p.m. the Wednesday before trial. Any objections must be served within 24 hours. The parties must attempt to resolve objections through a meet and confer. If there are still outstanding objections, the objecting party must

file a motion no later than 9:00 a.m. Friday morning. The parties must provide an exact color copy of the demonstrative as an exhibit to any motion filed.

In the case of closing demonstratives, parties must exchange demonstratives by 6:30 p.m. the night before the session in which they will be used. Any objections must be served by 8:30 p.m. The parties must attempt to resolve objections through a meet and confer. If there are still outstanding objections, the objecting party must file a motion no later than 6:00 a.m. the following morning. The parties must provide the demonstrative as an exhibit to the motion.

### 3.  Joint Trial Exhibit List

Counsel shall be prepared to argue all outstanding objections at the pretrial conference.

The parties shall provide two flash drives containing a joint trial exhibit list and separate files consisting of each premarked exhibit to the courtroom deputy contemporaneously with the submission of their proposed pretrial order. The trial exhibit list shall comply with § IV of the Civil Administrative Procedures Manual for CM/ECF (https://www.alnd.uscourts.gov/sites/alnd/files/AL-N%20Civil%20Administrative%20Procedures%20Manual.Revision.05-18-2021.pdf) and Judge Axon's trial exhibit list requirements contained in Attachment A. The parties shall also send a Word version of the trial exhibit list to the chambers inbox at **axon_chambers@alnd.uscourts.gov.**

### 4.  Motions *in Limine*

Motions *in limine* must be filed **on or before July 6, 2026**. Each motion must be accompanied by a supporting memorandum. The court expects the parties to file a separate motion *in limine* for each issue or piece of evidence a party seeks to exclude. The parties should not file an omnibus motion. If the court would need to review the evidence to rule on a motion *in limine*, the party seeking exclusion must attach the evidence that the party seeks to exclude.

As to each matter counsel seeks to exclude, counsel shall indicate whether the exclusion is "opposed" or "unopposed" by counsel for the other side. Parties must meet and confer about their opposition to each motion *in limine.* Parties are encouraged to resolve evidentiary issues by stipulation whenever possible. Responses in opposition to the motions *in limine* must be filed on or before **July 16, 2026**.

Within three days after briefing is complete, the parties must jointly provide the court with an electronic file with separate folders containing text searchable copies of: (1) a motion *in limine*; (2) the response to that motion *in limine*; and (3) any corresponding exhibits separated by exhibit slipsheets.

     <u>5.</u>  Damages

**On or before July 10, 2026,** each party claiming or seeking damages or equitable relief must file a list itemizing all damages and equitable relief being claimed or sought. The list must show the amount requested and, where applicable, the method and basis of computation. Any objections to damages must be filed within two weeks of service.

     <u>6.</u>  Sealed Evidence

If a party anticipates presenting evidence that they contend must be sealed, the parties must file a notice notifying the court **on or before June 22, 2026**. If the court has previously sealed the evidence in the case (e.g., as part of the summary judgment evidentiary record), the parties should include that information in their notice to the court but do not have to provide unredacted versions of the documents again.

Where a party has not previously moved to seal the evidence in the case, the party should file a motion to seal **on or before June 22, 2026** and provide chambers with a copy of the exhibit without any redaction. The party moving to seal the exhibit must follow the procedure outlined in the Civil Administrative Procedures Manual for CM/ECF ([https://www.alnd.uscourts.gov/sites/alnd/files/AL-N%20Civil%20Administrative%20Procedures%20Manual.Revision.05-18-2021.pdf](https://www.alnd.uscourts.gov/sites/alnd/files/AL-N%20Civil%20Administrative%20Procedures%20Manual.Revision.05-18-2021.pdf)).

All parties are reminded that there is a presumptive constitutional public right of access to judicial records. *Comm'r, Ala. Dep't of Corr. v. Advance Loc. Media, LLC*, 918 F.3d 1161, 1166 (11th Cir. 2019); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001). The parties cannot overcome that presumption by agreeing in a protective order, or through an unopposed motion to seal, that the document may be filed under seal. *See, e.g., Advance Loc. Media, LLC*, 918 F.3d at 1166. Nor does a designation of a document as confidential, standing alone, sustain the burden of establishing good cause. To overcome the presumption, the party moving to seal must established that **good cause** warrants sealing the record. *See id.* at 1169; *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021).

Objections are to a motion to seal are due **on or before July 6, 2026**.

### IV.    Jury Charges and Verdict Form

**On or before July 27, 2026**, the parties shall file a **single, joint proposed jury charge**, including all necessary instructions, or definitions applicable to the specific issues of the case.

a. **Each** requested instruction must be <u>numbered</u> and presented on a separate sheet of paper with authority cited.

b. In their joint proposed jury materials, counsel are to include all necessary instructions or definitions, specifically including: (1) the elements of each cause of action and defense asserted; (2) legal definitions required by the jury; (3) items of damages; and (4) methods of calculation of damages. Counsel are to use the Eleventh Circuit Pattern Jury Instructions, or appropriate state pattern jury instructions, as modified by case law or statutory amendments, wherever possible. Any deviations must be identified and accompanied with legal authorities for the proposed deviation.

c. Even if the parties, in good faith, cannot agree on all instructions, definitions or questions, the parties should nonetheless submit a single, **unified** charge. Each disputed instruction, definition, or question should be set out in bold type, underlined or italicized, and identified as disputed. Each disputed item should be labeled to show which party is requesting the disputed language. Accompanying each instruction shall be all authority or related materials upon which each party relies. **The parties shall email the unified charge in Word format, to the chambers email address at axon_chambers@alnd.uscourts.gov.**

d. Together with the joint proposed jury charge, the parties must file a **joint proposed verdict form**. The court expects that shortly after the close of evidence, the parties will submit any amendments to the proposed jury charge and verdict form required by the evidence presented at trial.

### V.    Proposed *Voir Dire* Questions

The court conducts a preliminary *voir dire* before the parties' *voir dire*. To assist with this process, the parties should provide the court with a list of people, places, and institutions that are likely to be mentioned during the trial. The questions posed by the court are contained in Attachment B. To the extent that the parties all

agree on additional, more specific questions they would like the court to ask, the questions should be submitted on the Friday before trial by 5:00 p.m.

## VI. Final Pretrial Conference

The court sets a final pretrial conference for **August 4, 2026, 1:00 PM,** at the Richard Shelby Federal Building and Courthouse. During the pretrial conference, the parties shall be prepared to present argument on all outstanding motions and objections. Within two days after the pretrial conference, the parties shall submit to the chambers email address at axon_chambers@alnd.uscourts.gov a proposed pretrial order in Word format that substantially complies with the draft pretrial order contained in Attachment C .

## VII. Trial Briefs

To the extent necessary, the court will grant leave to file a trial brief at the pretrial conference.

## VIII. Guidelines for Conduct of Trials

The parties must read and comply fully with each provision contained in Attachment D – Guidelines for Conduct of Trials.

**DONE** and **ORDERED** this February 22, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

# Attachment A

## JUDGE AXON'S TRIAL EXHIBIT LIST REQUIREMENTS

Judge Axon requires that all parties submit a joint exhibit list to be used at trial. Please be sure to:

1. Number each exhibit sequentially.
2. The numbers for each exhibit should be assigned in the following order:
   a. Exhibits to which admission is stipulated;
   b. Plaintiff's exhibits;
   c. Defendant's exhibits.
3. Mark each exhibit as follows:

   > Case Number
   > [Date] Jury Trial
   > Exhibit No. _____

4. Prepare a PDF of each individual exhibit. Two flash drives containing individual PDFs of each exhibit, named according to its exhibit number, should be provided to the courtroom deputy on the day the parties submit their proposed pretrial order.

# Attachment B

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
DIVISION**

|  |  |  |
|---|---|---|
| **,** | **}** | |
| **Plaintiffs,** | **}** | |
| | **}** | |
| **v.** | **}** | |
| | **}** | **Case No.:** |
| **,** | **}** | |
| | **}** | |
| **Defendants.** | **}** | |
| | **}** | |

## **VOIR DIRE**

The court will ask the following questions to each member of the venire:

    1.  Community/City where you presently live

        a.  Other communities where you have lived in the past

        5 years

    2.  Present Employment

        a.  Name of Employer

        b.  Where

        c.  What Duties

        d.  How Long Employed

        e.  Other Employment in the last 5 years

3.  Education

4.  Marital Status

    a.  Spouse's Employment

    b.  What Duties

    c.  How long

5.  Adult Children within Northern District

    a.  Employment

    b.  Spouse/Spouse's Employment

6.  Your experience as a PARTY in a court case

    a.  Defendant/Plaintiff

    b.  Jury Verdict

7.  Your experience as a WITNESS in a court case

    a.  Type of case

    b.  Defense/Plaintiff

    c.  Year

8.  Your experience as a JUROR in a court case

    a.  Type of case

    b.  Defense/Plaintiff

    c.  Year

9.  Typical source of news

10. Do you have a bumper sticker on your car?

    a. Describe bumper sticker

11. Are you a member of an organization or club that is not affiliated with your employment/profession?

    a. Name of organization

    b. Leadership roles

12. Anyone related by blood or marriage to the Plaintiff? (If Corp., is anyone or their immediate family an officer, director, stockholder, or employee of Plaintiff?)

    a. Does anyone know the Plaintiff?

13. Anyone related by blood or marriage to the Plaintiff's counsel? (If Corp., is anyone or their immediate family an officer, director, stockholder, or employee of Plaintiff's counsel?)

    a. Does anyone know Plaintiff's counsel?

14. Anyone related by blood or marriage to the Defendant? (If Corp., is anyone or their immediate family an officer, director, stockholder, or employee of Defendant?)

    a. Does anyone know the Defendant?

15. Anyone related by blood or marriage to Defendant's counsel? (If Corp., is anyone or their immediate family an officer, director, stockholder, or employee of Defendant's counsel?)

    a.  Does anyone know Defendant's counsel?

16. Have you or anyone in your immediate family been represented by any of the attorneys here?

17. Have you or anyone in your immediate family retained [the attorneys' law firms]?

18. Anyone who knows me?

19. Is there anyone here who knows of any reason why you cannot be fair to both sides?

20. [insert questions any party wishes the court to ask *and* to which there are no objections]

# Attachment C

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
Choose an item. **DIVISION**

|  |  |  |
|---|---|---|
| **,** | } |  |
| **Plaintiffs,** | } |  |
|  | } |  |
| **v.** | } |  |
|  | } | **Case No.:** Case Number. |
| **,** | } |  |
|  | } |  |
| **Defendants.** | } |  |
|  | } |  |

## PRETRIAL ORDER

The court held the final pretrial conference in this case on _____. Consistent with the discussions held on the record at the conference, the court **ENTERS** the following rulings.

1.    Parties and Trial Counsel. Any remaining fictitious parties are hereby **STRICKEN.** The parties and designated trial counsel are correctly named as set out below: [Include a line and designation for each party in the case.]

| Parties: | Trial Counsel: |
|---|---|
| **[*Name of the Plaintiff(s*]** | **[*Name of Counsel*]** |
|  |  |
| **[*Name of the Defendant(s)*]** | **[*Name of Counsel*]** |
|  |  |

2.    Nature of the Action, Jurisdiction and Venue.

(a)    The nature of this action is as follows: [For example, employment discrimination; Fair Labor Standard Act, breach of contract, etc.]

(b)    The court has subject matter jurisdiction of this action under [List each statute, rule or case claimed to authorize the court's subject matter jurisdiction in this action].

(c)    All jurisdictional and procedural requirements prerequisite to maintaining this action [have/have not] been met.

(d)    Personal jurisdiction and/or venue [are/are not] contested. [If personal jurisdiction or venue is contested, <u>briefly</u> set out the relevant arguments.]

3.    <u>Pleadings</u>. The following pleadings have been allowed:

[List pleadings in the order in which they were filed and allowed. Do not include pleadings that have been stricken or otherwise disallowed. See Fed. R. Civ. P. 7(a) for a list of allowable pleadings.]

4.    <u>Statement of the Case</u>.

[Taken from statement of facts submitted by parties before pretrial scheduling conference]

5.    <u>Contentions of the Parties</u>

[Taken from the contentions submitted by parties before the pretrial scheduling conference.]

(a) *Plaintiff's Contentions*

(b) *Defendant's Contentions*

6.    <u>Stipulated Facts</u> The parties stipulate to the facts set out in Exhibit A to this Pretrial Order. [In a separate document identified as Exhibit A, please separate out each stipulated fact in numbered paragraphs. These facts will be read to the jury in advance of opening argument]

7.    <u>Trial Exhibit List</u>. Consistent with § III(3) of the pretrial scheduling order, a thumb drives containing a .pdf document of the joint trial exhibit list and a separate file for each premarked exhibit has been submitted to the courtroom deputy. Additionally, a Word version of the joint trial exhibit list has been submitted to chambers via email. The joint trial exhibit list is incorporated here by reference.

8.    <u>Witness List</u> [identify all witnesses and separate into the following categories]

(a) *Live Witnesses*

(b) *Deposition Testimony*

(c) *Video Deposition*

9.    <u>Damages</u>

The damages sought in this action are as follows: [using the same format as plaintiff's initial damages submission, provide the list of damages and equitable relief claimed with any necessary revisions to reflect rulings made during the pretrial conference].

10.    <u>Proposed Jury Instructions</u>. The proposed jury instructions are set out in Exhibit B. The parties reserve all objections set out therein.

10.    <u>Voir Dire Questions</u>. The parties do not object to the court asking the questions set out in Exhibit C during voir dire. [Exhibit C should include all questions set out in Attachment B to the pretrial scheduling order along with any additional questions the parties agree on]

**DONE** and **ENTERED** this _____

# Attachment D

## GUIDELINES FOR CONDUCT OF TRIALS

*These guidelines reflect the standard practices of this court in the trial of cases. They do not alter the rules of civil or criminal procedure, the rules of evidence, or local rules.*

1. Hours. Trials ordinarily commence at 9:00 a.m. and continue until approximately 5:00 p.m., Mondays through Fridays.

    a. Punctuality. You, your client, and your witnesses should be present and ready to proceed promptly at the appointed time, both at the beginning of the day and after recesses. Counsel should be present at the courthouse at least 30 minutes before the beginning of each trial day to avoid delays and to be available to discuss unanticipated problems.

    b. Recesses. A witness whose examination has not been completed at the time of a recess or adjournment should be back in the witness box at the time trial is scheduled to resume.

    c. Requests for changes. Make known to the court as soon as can be anticipated any requests for changes in the trial schedule, including those relating to religious holidays or arising because of unavailability of witnesses.

    d. Conferences. In jury cases, the judge may hold a brief conference in chambers at the end of the trial day or before the trial commences or resumes, or both, at which time counsel can discuss the schedule of witnesses and documents and any anticipated evidentiary problems. Alert the court reporter if you want to have some motion, argument, proffer, or other matter placed on the record during the conference.

    e. Settlement discussions. Although settlements should occur to the extent possible before the trial is scheduled to begin, counsel are encouraged to discuss settlement as the trial progresses. These discussions should, however, ordinarily be conducted

during recesses and adjournments. Do not assume that the court will delay the start or resumption of trial for such discussions. Advise the court if at any point you believe the court's assistance might be helpful in arriving at a settlement.

2. Selection of jury.

    a. Voir Dire. At the conclusion of general voir dire by the court, counsel will be allowed 20 minutes per party to conduct their own voir dire.

    b. Size. The size of the jury in civil trials ranges from six to twelve, taking into account such factors as the expected length of trial and the number of jurors available for that and other scheduled trials. Absent special agreement by the parties, only a unanimous verdict of all selected jurors not excused or discharged for good cause may be received.

    c. Peremptory challenges. The number of peremptory challenges to be allowed will depend upon (1) the number of jurors not excused or challenged for cause and (2) the size of the jury to be selected. For example, if 18 jurors remain after any challenges for cause, the court might allow each side five peremptory challenges to select a jury of 8 or might allow each side four peremptory challenges to select a jury of 10. Peremptory challenges are exercised by indicating on a form (provided by the court) the name and juror number of the person(s) so challenged. When completed, these forms are shown to the court and opposing counsel at the bench, outside the hearing of the panel; at this time, the court can consider any "Batson" issues. Subject to consideration of any "Batson" issues, the peremptory challenges shown on the lists will be accepted by the court. Jurors not peremptorily challenged by either side will, in the order in which they were presented, be deemed as selected, up to the number of jurors previously determined by the court. As an example, for a jury of eight, the first 8 jurors not peremptorily challenged by either side will constitute the jury.

3. Opening statements. Opening statements are limited to 20 minutes per party. Although a description of the basic claims and defenses and of the principal factual disputes between the parties is usually helpful, do not be argumentative and do not in jury cases refer to disputes about questions of law. In non-jury cases, opening statements are frequently omitted or limited to stating what claims and defenses are being pursued and what witnesses will be called.

4. Witnesses. Cooperative witnesses not immediately needed should, to the extent practical, be placed "on call." However, you remain responsible for having sufficient witnesses available in court so that, absent developments that could not have been reasonably anticipated, the trial may proceed during the normal trial hours without the need for adjournments or lengthy recesses to obtain further witnesses. Since defendants should be ready to proceed with their evidence promptly at the conclusion of the plaintiff's presentation, plaintiff's counsel should keep defendants' counsel advised as to when they expect to complete their presentation of evidence.

    a. Order. Counsel are expected to cooperate in resolving scheduling problems, including agreement in most circumstances for a witness to be called out of the normal order, even if the testimony of another witness is interrupted. Such accommodations are the norm for physicians and other similar professionals called as witnesses and may be appropriate for other witnesses with personal, family, or occupational conflicts. Counsel are also expected to cooperate in placing "on call" those employees of another party whose absence would disrupt such party's normal business activities.

    b. Production. Do not ask opposing counsel to produce a witness or a document in a way that might suggest to the jury that such counsel would be concealing evidence if the witness or document is not produced. Address such requests to opposing counsel (or, if necessary, to the court) in a manner that will not be heard by the jury.

    c. Oaths. The courtroom deputy ordinarily administers an oath/affirmation to the witnesses and immediately asks their name and place of residence. If you know that the standard questions might be inappropriate (for example, the witness is in

prison), so advise the deputy before the witness is called to the stand.

d. Release. Witnesses should be released from further attendance or subpoena as soon as they are no longer needed. After testifying, a witness shall be deemed as released by consent unless counsel or the court indicates that the witness should not be so excused. You should not consent to release of a witness if you will later offer in evidence a prior inconsistent statement about which the witness was not examined or if you wish to make a proffer of testimony of that witness to which an objection was sustained.

e. Exclusion. Requests under Federal Rule of Evidence 615 for exclusion of witnesses from the courtroom should be made before examination of the first witness begins, preferably before opening statements. Be alert for witnesses arriving during trial and inadvertently coming into the courtroom. Although the Rule does not prevent talking with excluded witnesses during recesses about their expected testimony, do not in such discussions disclose the courtroom testimony given by other witnesses. After testifying and provided they will not be recalled, witnesses are no longer subject to the Rule and may remain in the courtroom.

5. Examination of witnesses. Absent physical disabilities, examination of a witness should ordinarily be conducted while the witness is seated in the witness box and counsel is standing at the lectern.

a. Approaching clerk's desk or witness box. Permission of the court to approach the clerk's desk or the witness box is not necessary if for the purposes of submitting or obtaining an exhibit, handing an exhibit to the witness, or conducting examination about an exhibit when counsel needs to be next to the witness during the examination. Return to the lectern after such examination is finished.

b. Other locations. Request permission of the court if you wish the witness to step from the witness box (for example, to display an injury, to prepare a sketch, or to identify objects in a photograph). Assist the court in assuring that your voice and that

of the witness are sufficiently loud to be heard and that opposing counsel's view is not obstructed.

c. Depositions. As you use or read from a deposition, indicate the page and line number of the starting and stopping points. Colloquies and objections of counsel should ordinarily be omitted, as should questions that are rephrased or changed prior to the answer being given. When the deposition refers to an exhibit, counsel may, in addition to the identification used in the deposition, indicate the exhibit number used during the trial. Persons asked to read the deponent's testimony should do so fairly and impartially. Depositions are not ordinarily read aloud in non-jury cases; you should submit to the court well before the trial is completed a list of the portions you want the court to read.

d. Harassment. Treat witnesses with courtesy, even when conducting vigorous impeachment. Do not shout at, ridicule, harass, or unfairly embarrass a witness. Use temperate language when requesting the court's assistance to control or direct a witness who is giving unresponsive or argumentative answers.

6. Objections. Rise before (or as) you object; this draws the attention of the court and other counsel to you and should alert the witness not to answer until your objection is ruled upon. While standing, state that you are objecting and specify concisely the ground(s) of your objection (for example, "hearsay," "irrelevant," "lack of personal knowledge," "leading question"). Do not make a speech or argument to the jury. Do not disparage opposing counsel or the witness. Do not attempt to summarize other evidence. Do not suggest an answer to the witness.

a. Response by offeror. The person who asked the question should not interrupt the person making the objection except to withdraw the question or if the objection itself is being made in an improper manner (for example, as an argument to the jury or to suggest an answer to the witness). After the objection has been stated, you may indicate if the evidence is being offered only for a limited purpose or only against certain parties.

b. Argument on the objection. Neither counsel should present arguments regarding the objection unless authorized or invited

by the court. If you wish to be heard in argument, request the court's permission.

c. Continuing objection. In some circumstances you may be allowed to have a "continuing objection" to a particular line of inquiry, and therefore, you may not have to repeat your objection to a series of questions. Typically, this occurs when your objection on the grounds of relevancy is overruled and you wish to make a relevancy objection to further questions on the same subject.

d. Anticipating evidentiary problems. Evidentiary questions which may involve extended discussion and argument should be anticipated and called to the court's attention at the start or end of the trial day so that the question can be adequately considered without having to interrupt the trial schedule.

7. Special equipment. Audio-visual equipment should be brought into the courtroom and tested before or after trial hours or during a recess. You are responsible for seeing that the trial is not substantially delayed while such equipment is being set up. Make arrangements with the courtroom deputy if you need special access to the courtroom.

8. Closing arguments. Unless otherwise allowed by the court, closing arguments are limited to 30 minutes to the side. Counsel for the party having the burden of proof shall be the first to present closing argument and may reserve a portion of the allotted time (not in excess of initial time taken) to respond to the other parties' arguments. A party seeking damages and who is permitted to divide its time of argument should address both liability and damages issues in its initial argument. Do not express your own personal opinions about the facts. Do not invite jurors to return a verdict as if they were in the position of one of the parties. You may leave the lectern, but keep your voice sufficiently loud to be heard by other counsel, the judge, and the court reporter.

9. Instructions. Persons are not ordinarily permitted to enter or leave the courtroom during the time the court is instructing the jury. The court will provide counsel with an opportunity to present objections or exceptions to the instructions outside the hearing of the jury and before the deliberations begin either at the bench or after excusing the jurors from the courtroom. Counsel are expected to

remain in general attendance at the courthouse while the jury is deliberating; the failure to do so may be treated as a waiver of any right to object should the jury request and be given supplemental instructions.

10. Other Matters of Proper Decorum and Conduct.

a. Do not argue with or disparage other counsel in the hearing of the jury. In most situations, the court's permission should be obtained before counsel engage in dialogue between themselves in the courtroom. Side comments between counsel should be limited to situations in which such conversations are intended to facilitate the fair and efficient conduct of the trial and not for any tactical advantage; they should, moreover, be done in a respectful and courteous manner that does not detract from the dignity of the proceedings. In-court offers to stipulate should ordinarily be made only if previously agreed upon or if counsel has reason to believe the offer would have been accepted if made outside the courtroom.

b. All should rise and remain standing and quiet while court is being formally opened. Counsel should rise and remain standing while examining a witness, making an objection, presenting a motion, request, or argument, or otherwise addressing the court. At other times while court is in session, remain seated.

c. Address or refer to witnesses or other parties using their surname.

d. While opposing counsel is presenting a matter to the court or the jury or is examining a witness, other counsel and their clients or associates should not engage in conversation or activity at counsel table or otherwise move about the courtroom in a manner that might be distracting.

e. Indicating agreement and disagreement. No one should by words, facial expressions, or other conduct indicate personal agreement or disagreement with what is being said by the court, the jury, an attorney, or a witness. Counsel are responsible for

assuring that their clients and the friends or supporters of their clients are warned about such behavior.

f. Attendance. Parties are not required to remain in continuous attendance during civil trials. To facilitate arranging for the attendance of witnesses and procuring documents, attorneys may, without need for permission from the court, enter and leave the courtroom during the trial from time to time if their client remains represented by co-counsel. Such movements should, however, be done in an unobtrusive and non-distracting manner. Paralegals not expected to testify may, without the need for special permission from the court, be inside the railing to assist counsel.

g. Findings under Federal Rule of Evidence 104(a). Do not disclose to the jury in any manner the findings of the court made under Federal Rule of Evidence 104(a) in connection with questions of admissibility. For example, do not argue to the jury that you were allowed to present evidence of A's statement because the court found under Federal Rule of Evidence 801(d)(2)(E) that A and B were engaged in a conspiracy. Similarly, do not ask in the presence of the jury for the court to "recognize" a witness as an "expert" or as "hostile."

h. Smoking, eating, and drinking. Smoking, eating, and drinking (other than water) are never permitted in the courtrooms.

i. Cellular telephones; recording devices. Keep cellular telephones in an "off" position while in the courtroom. Recording devices may be used in the courthouse only with express permission of the court.