FILED
2026 Feb-24 PM 06:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KAI SPEARS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 23-CV-00692-ACA |
| | ) | |
| THE NEW YORK TIMES COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT THE NEW YORK TIMES COMPANY'S RESPONSE TO THIS COURT'S FEBRUARY 18, 2026 ORDER (DOC. 158)**

Defendant The New York Times Company ("The Times") hereby responds to this Court's February 18, 2026 Order (Doc. 158) by stating that it will submit for *in camera* review the underlying documents for the relevant thirty-nine (39) entries on the Privilege Log that were withheld solely on the basis of the Reporter's Privilege with respect to Source A and Source B. In doing so, the Times respectfully proposes a procedural framework for the *in camera* submission and review procedure that will protect and maintain the confidentiality of the documents during the process.[1] Further, The Times states that it will consent to bringing the appropriate

[1] As the Court is aware, The Times maintains that this information is privileged and highly confidential, and The Times takes very seriously its commitments of confidentiality to its sources. Accordingly, The Times has taken great care to propose a procedural framework that sufficiently safeguards the sensitive nature of the information and sufficiently preserves The Times's right to seek pre-disclosure appellate review, if necessary. The Times respectfully proposes this procedural framework with the understanding that this Court may order the *in camera* inspection with additional or different terms and procedures.

witness to Birmingham, Alabama in order to conduct the remaining time of The Times's Rule 30(b)(6) deposition in a private room in the Hugo L. Black United States Courthouse within a reasonable time (no later than thirty (30) days) after the Alabama Supreme Court rules on the certified questions and this Court rules on Plaintiff's pending Motion to Compel Production of Documents and Answers to Interrogatories (Doc. 77), whichever comes later.

In further support of the above, The Times states as follows:

***In Camera* Inspection:**

There are thirty-nine (39) entries on The Times's Second Amended Privilege Log, attached as Exhibit A, that reflect redactions or withheld documents related to either Source A or Source B that are redacted or withheld solely on the basis of the Reporter's Privilege.[2] In addition to these thirty-nine entries, there are also (a) twelve (12) entries that reflect redactions of identifying information for sources for other reporting that is wholly unrelated to this case[3] and (b) two (2) entries that reflect redactions on the basis of the attorney-client privilege and attorney work product, in addition to the Reporter's Privilege.[4] The remainder of the entries of the Second

[2] For ease of reference, The Times highlighted these thirty-nine (39) entries in green on Exhibit A.

[3] The Times highlighted these twelve (12) entries in yellow on Exhibit A.

[4] The Times highlighted these two (2) entries in blue on Exhibit A.

Amended Privilege Log reflect withheld documents or redactions on the basis of the attorney-client privilege and/or attorney work product doctrine.

As stated above, The Times proposes the following procedural framework for the *in camera* submission and review of the thirty-nine (39) entries on The Times's Second Amended Privilege Log that reflect either redactions or withheld documents related to either Source A or Source B and that are redacted or withheld solely on the basis of the Reporter's Privilege. None of the other entries on the Privilege Log are at issue in the pending Motion to Compel (Doc. 77), and they are not necessary for this Court's *in camera* review. First, the twelve (12) entries regarding unrelated newsgathering processes are not discoverable in this action and Plaintiff does not challenge the redaction of source identifying information for newsgathering processes wholly distinct from the newsgathering process at issue in this action. Second, the two (2) entries which were redacted on the basis of the attorney-client privilege, the attorney work product doctrine, *and* the Reporter's Privilege are not appropriate for this Court's *in camera* review because all of the redacted information is properly redacted under an attorney-client privilege and work product doctrine objection, irrespective of the Reporter's Privilege. Otherwise put, even if the Court determined that the Reporter's Privilege was inapplicable to these documents, the redactions would not change because the information is equally privileged pursuant to the attorney-client privilege and work product doctrine, which is not at issue in

Plaintiff's Motion to Compel (Doc. 77). Finally, the remaining entries on the Privilege Log—i.e., those withheld or redacted on the basis of the attorney-client privilege and/or attorney work product doctrine—are similarly not at issue in Plaintiff's Motion to Compel (Doc. 77), and they are therefore inappropriate for this Court's *in camera* inquiry.

In an effort to memorialize the discussions at this Court's February 17, 2026 status conference and outline a clear, agreed-upon procedure for the submission *in camera* of the underlying documents for the relevant thirty-nine (39) entries on the Privilege Log, The Times respectfully proposes the following procedural framework for the *in camera* submission and review:

1. The Times will submit unredacted copies of the underlying documents for the relevant thirty-nine (39) entries on the Privilege Log to the Court on March 10, 2026 via email to Judge Annemarie Axon's individual email address[5] (as opposed to the axon_chambers@alnd.uscourts.gov email address) in an encrypted ShareFile link. The Times will combine all of the underlying documents into a single PDF, and The Times will put the documents in the order that they appear in the Privilege Log, with a cover page before each document that indicates the applicable entry on the Privilege Log. The Times

[5] The Times requests that this Court provide the appropriate email address for the submission, as counsel for The Times is unable to locate the specific email address for Judge Axon.

will not cc any counsel of record other than counsel for The Times to the email correspondence and will not provide access to the link to anyone other than Judge Annemarie Axon.

2. The Times will submit a letter brief in the same ShareFile link that will contain a brief explanation of the underlying documents and The Times's application of the Reporter's Privilege to each document or redaction. Again, The Times will not cc any counsel of record other than counsel for The Times to the email correspondence and will not provide access to the link to anyone other than Judge Axon.

3. Counsel for The Times will hand-deliver in a sealed envelope (a) a courtesy copy of the underlying documents for the relevant thirty-nine (39) entries on the Privilege Log to the Court on March 10, 2026 in the same manner described in paragraph 1 (above) and (b) The Times's letter brief as described in paragraph 2 (above) (together, the "Confidential Materials"). The sealed envelope with have the style of the case and state that the Confidential Materials are highly confidential and for Judge Axon's eyes only. The Times will not supply a courtesy copy of the Confidential Materials to any other counsel of record in this action.

4. The Times requests that this Court keep the Confidential Materials described in paragraphs 1, 2, and 3 strictly confidential and limit access of the Confidential Materials to Judge Axon as much as reasonably possible.

5. Following this Court's *in camera* inspection of the Confidential Materials, this Court shall issue a written order communicating the outcome of the review while also maintaining the sensitivity and confidential nature of the materials. If this Court determines that any of the withheld documents or redacted information are not subject to the Reporter' Privilege, the Court will identify the information by the "Privilege Number/Bates Label" listed on the Second Amended Privilege log and take care to preserve the confidentiality of the information, as opposed to disclosing the substance of the documents in the written order.

6. If this Court determines that any of the withheld documents or redacted information are not subject to the Reporter' Privilege, the Court will permit The Times a reasonable period of time to seek reconsideration and/or appeal the Court's determination prior to a deadline for The Times's production of the documents/information to opposing counsel.

7. At the conclusion of the *in camera* review process, the Court will return or destroy all Confidential Materials.

**Rule 30(b)(6) Continuation:**

As stated above, The Times will bring the appropriate witness to Birmingham, Alabama in order to conduct the remaining time of The Times's Rule 30(b)(6) deposition. . To maintain the confidentiality of the discovery proceeding, particularly since there may be testimony concerning documents that have been produced as "Confidential" pursuant to the Protective Order (Doc. 41) in this case, the Times requests this Court conduct this deposition in a private room in the Hugo L. Black United States Courthouse, as opposed to a courtroom. Additionally, The Times requests that this Court not order the Parties to conduct the remaining portion of the Rule 30(b)(6) deposition until a reasonable time (no later than thirty (30) days) after the Alabama Supreme Court rules on the certified questions and this Court rules on Plaintiff's pending Motion to Compel Production of Documents and Answers to Interrogatories (Doc. 77), whichever comes later. The Times makes this request so that all Parties and this Court are able to receive the Order from the Alabama Supreme Court on the certified questions, the Parties are able to receive this Court's application of the Alabama Supreme Court's Order to the facts of this case, and The Times is able to prepare its witness and develop the appropriate strategy for testimony and any objections applying both orders in the deposition.

Dated: February 24, 2026 Respectfully submitted,

*/s/ Matthew J. Winne*
Michael L. Bell
*mbell@lightfootlaw.com*
John G. Thompson
*jthompson@lightfootlaw.com*
Matthew J. Winne
*mwinne@lightfootlaw.com*
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200
(205) 581-0700
(205) 581-0799 (facsimile)

Chad R. Bowman (*pro hac vice*)
*bowmanchad@ballardspahr.com*
Emmy Parsons (*pro hac vice*)
*parsonse@ballardspahr.com*
Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
(202) 661-2200
(202) 661-2299 (facsimile)

**Attorneys for Defendant**
**The New York Times Company**

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record:

*/s/ Matthew J. Winne*
OF COUNSEL