IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **KAI SPEARS,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ] Case No. 7:23-cv-692-ACA |
| | ] |
| **THE NEW YORK TIMES COMPANY,** | ] |
| | ] |
| **Defendant.** | ] |

# ORDER

On February 17, 2026, this court held a hearing in which it ordered Defendant The New York Times Company ("NYT") to provide the court with a list of its previously withheld documents and explanation for withholding each document under its interpretation of the reporter's privilege. (Doc. 158). The court also ordered NYT to indicate its availability to conduct a live deposition. (*Id.*). NYT filed a response stating that it would submit the documents for *in camera* review and be available for a live deposition. (Doc. 161).

Accordingly, the court **ORDERS** NYT to email the court, as detailed below, the fifty-one documents and a letter brief explaining application of the reporter's privilege to each document. The court will clarify certain procedural aspects of the *in camera* document review and in-person deposition under Federal Rule of Civil Procedure 30(b)(6) below.

### I. *In Camera* Document Inspection

NYT's second amended privilege log contains thirty-nine entries reflecting redactions or withheld documents based solely on the reporter's privilege. (Doc. 161 at 3; *see* doc. 161-1). NYT has indicated its intent to provide these documents to the court for *in camera* review. (Doc. 161 at 3). Accordingly, the court **ORDERS** NYT to submit these documents for review.

NYT identifies two documents that are redacted based on attorney-client privilege or attorney work product in addition to the reporter's privilege. Mr. Spears does not identify these documents in his motion to compel, nor does he contest the assertions of attorney-client privilege and attorney work product. (*See* doc. 77). So NYT need not present these documents for *in camera* review.

NYT identifies twelve documents that it deems are "not discoverable" in this action because the documents are "wholly distinct from the newsgathering process at issue in this case." (Doc. 161 at 3). It is unclear what NYT means by "not discoverable." The documents are on a privilege log that recognizes the documents as responsive to a request and the basis for withholding the document is relevancy. (*See* doc. 161-1 at 2–3, 21–22). As NYT is aware, relevancy is determined by the court, not a party to litigation. *See, e.g.*, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1308–10 (11th Cir. 2011) (noting that district courts have wide discretion to determine whether documents are relevant for discovery purposes and

affirming the district courts order limiting discovery based on relevancy). The court **ORDERS** NYT to produce these documents for *in camera* review.

NYT will email unredacted copies of the underlying documents for the relevant fifty-one documents identified in the privilege log to the court **on or before March 10, 2026**. The court will email counsel for NYT with Judge Axon's individual email address for this purpose. Per NYT's response (doc. 161 at 4–5), NYT will provide these documents to the court through an encrypted ShareFile link. Counsel for NYT need not hand-deliver a courtesy copy to chambers—email is sufficient for this matter only.

The court will keep these documents strictly confidential and will limit access to only Judge Axon as much as possible. Following the court's *in camera* inspection of the confidential materials, the court will issue a written order communicating the outcome of the review while also maintaining the sensitive and confidential nature of the materials. If the court determines that any documents are not subject to the NYT's interpretation of the reporter's privilege it presented to the Alabama Supreme Court, the court will identify the document by its bates number in the second amended privilege log and will preserve the confidentiality of the information to the maximum extent possible. The court will also provide NYT a reasonable period to seek reconsideration or an appeal of this court's determination.

At the conclusion of the *in camera* review process, the court will print the documents withheld based on privilege, put them in a sealed evidence envelope, and place them in the court's vault. The court will remove the documents from the vault and destroy them upon conclusion of the litigation.

## II.   In Person Deposition

After the Alabama Supreme Court issues its opinion on the certified question, NYT will bring the appropriate witness to Birmingham, Alabama to conduct the remaining time of NYT's Rule 30(b)(6) deposition. The court will provide the parties with reasonable time after the Alabama Supreme Court's decision and this court's decision on the motion to compel to prepare for the deposition, but no longer than thirty days.

To maintain the confidentiality of the discovery proceedings, the court will provide a suitable private location in the Hugo L. Black United States Courthouse.

## III.   Conclusion

The court **ORDERS** NYT to email the documents withheld under the reporter's privilege to the court as prescribed above on or before **March 10, 2026**.

**DONE** and **ORDERED** this March 2, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE