FILED
2026 Aug-13  PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| | * | |
| | * | |
| **KAI SPEARS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **NO. 7:23-CV-00692-ACA** |
| | * | **OPPOSED** |
| | * | |
| **THE NEW YORK TIMES CO.** | * | |
| | * | |
| **Defendant.** | * | |

_____

## PLAINTIFF KAI SPEARS' RESPONSE TO THE NEW YORK TIMES COMPANY'S SUBMISSION REGARDING THE INADEQUACY OF THE ALABAMA PATTERN JURY CHARGES IN THIS CASE (DOC. 274)

_____

R. Matt Glover
Prince Glover Hayes
2311 University Blvd Suite A
Tuscaloosa, Alabama 35401
(205) 345-1234
mglover@princelaw.net

Stephen P. New
*Pro Hac Vice*
Stephen New and Associates
P.O. Box 5516
430 Harper Park Drive
Beckley, WV 25801
Phone: (304) 250-6017
steve@newlawoffice.com

M. Virginia Buck
Attorney at Law
13112 Martin Rd. Spur
Northport, AL 35473
(205) 752-6773
bucklaw@charter.net

*Attorneys for Plaintiff*

**INTRODUCTION**

The Times has filed a submission in this case regarding the inadequacy of Alabama's Pattern Jury Instructions as applied in this case. (Doc. 274). Plaintiff Spears is in agreement with this general proposition and agrees the Parties will need to work together to craft jury instructions which properly charge the jury as to the issues in this case.  However, Spears disagrees with certain contentions advanced in The Times' submission as discussed below.

**ARGUMENT**

**I.    DEFAMATION BY IMPLICATION IS NOT AN ISSUE IN THIS CASE**

The Times' Submission Regarding the Inadequacy of the Alabama Pattern Jury Charges in This Case repeatedly asserts that this is a case involving defamation by implication. (Doc. 274 at 1, 2, 4, 5).  The applicability of that doctrine in this case has been thoroughly briefed by both Parties. (Doc. 268; Doc. 271). The Times' continued insistence on making that assertion is the primary obstacle in the way of the Parties being able to work together to craft jury instructions which properly set out the applicable law for the jury.

This Court has already ruled that this is not a case involving defamation by implication. Unlike the plaintiff in *Moore v. Cecil*, 174 F.4th 862 (11th Cir. 2026), Spears has not pled or proceeded under a theory of defamation by implication but, rather, he repeatedly pled that The Times' statements about him are "false." (Doc.

1

28, ¶¶12, 14, 15, 47, 48, 49, 51, 59, 66, 69, 83, 95, 101).  This Court's ruling on this issue was and is correct.

Spears will not repeat in full the arguments set out in detail in his Opposition to Defendant New York Times Company's Proposed Jury Instructions on Defamation By Implication and Supporting Memorandum of Law. (Doc. 268). But to briefly recap,

> Defamation by implication arises where "the defendant juxtaposes a series of facts so as to imply a defamatory connection between them," even though the particular ***facts stated are true***. …It may also arise where the defendant "creates a defamatory implication by omitting facts[.]" *Id*. In other words, it allows "impos[ing] liability upon the defendant who ***has the details right*** but the 'gist' wrong."

*Parekh v. CBS Corp.*, 820 Fed. Appx. 827, 835 (11th Cir. 2020)(quoting *Jews For Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1108 (Fla. 2008)(emphasis added).

The present case is the opposite situation. Spears contends that The Times' statements about him are literally ***false***.  The Times concedes "it ha[d] the details" wrong, but argues it got "the 'gist' right." 820 Fed. Appx at 835.

The Times' reliance on *Moore*, is misplaced for the reasons set out more fully in Doc. 268.  To briefly recap, in that case Roy Moore proceeded under a theory of defamation-by-implication because the defendant accurately quoted the newspaper accounts it was summarizing:

> Here, frame 2 of SMP's ad contained the following quote: "Moore was actually banned from the Gadsden Mall ... for soliciting sex from young girls." The frame included a citation for the quote, and ***Moore admits***

2

*that this quote is* an *accurate* excerpt from the cited article. Frame 3 contained the following language: "One he approached 'was 14 and working as Santa's helper.'" The frame included a citation for the direct quote, and *Moore does not dispute* that the directly quoted phrase— "was 14 and working as Santa's helper"—was an *accurate* excerpt from the AL.com article."

*Id*. at 886 (emphasis added).

Moore's argument was that even if each individual sentence was an accurate quote, "the two statements above when read together created the *false defamatory implication* that he had solicited the 14-year-old girl working as Santa's helper for sex." *Id*. at 867 (emphasis added). Both parties conceded that, in fact, there had been no report that Moore had hit up Santa's helper for sex.

The court in *Moore* explained that "in the typical express defamation case, the constitutional actual malice standard[1] requires that the plaintiff establish by clear and convincing evidence the defendant's actual state of mind *concerning the veracity of the alleged defamatory statement*." *Id*. at 882. However, by contrast,

[I]n a defamation-by-implication case, the plaintiff must show by clear and convincing evidence not only (1) that the defendant knew of or recklessly disregarded the falsity of the *implied defamatory statement*, but also (2) that the defendant "inten[ded] to communicate the defamatory meaning" or *recklessly disregarded the defamatory meaning*—i.e., "the defendant[ ] knew that the defamatory meaning was not just possible, but likely, and still made the statement despite their knowledge of that likelihood."

*Id*. at 883 (emphasis added).

---

[1] Actual malice was required in *Moore* because he was a public figure.

3

By contrast, the present case is "the typical express defamation." 820 Fed. Appx at 882. Spears has alleged that The Times reported that he was the passenger in Brandon Miller's vehicle when Miller delivered the murder weapon to the scene of a shooting.  That is the false statement in question. That is literally false, and The Times has not argued otherwise.  The fact that Spears has offered up an argument as to why that literally false statement is defamatory, as every defamation plaintiff is required to do, does not somehow convert this to a case of defamation by implication.

## II. SPEARS AGREES THE ALABAMA PATTERN JURY INSTRUCTIONS ARE INADEQUATE FOR A CASE INVOLVING A PRIVATE FIGURE AND A MATTER OF PUBLIC CONCERN

Spears agrees with The Times that the Alabama Pattern Jury Instructions are not consistent with the law as set out in *Gertz v. Robert Welch*, 418 U.S. 323 (1974), and the Parties need to work together to craft alternative instructions which accurately reflect that law.

## III. SPEARS AGREES HE MUST PROVE FAULT TO RECOVER ANY DAMAGES

To the extent The Times contends that the APJI 34.12 pattern jury charge on nominal damages would allow Spears to recover nominal damages without proving any sort of fault, Spears does not see this jury instruction as purporting to address the issue of fault one way or the other, as it is simply an instruction on what damages are recoverable.

However, Spears does not object to an insertion of language making clear that such an award must be predicated on the required finding of fault.

Respectfully submitted this 13th day of August, 2026.

/s/ R. Matt Glover (asb-7828-a43g)
R. MATT GLOVER
PRINCE GLOVER HAYES
2311 University Blvd Suite A
Tuscaloosa, Alabama 35401
Phone: (205) 345-1234
Email: mglover@princelaw.net

/s/ Stephen P. New (WV Bar #7756)
STEPHEN P. NEW
Attorney for Plaintiff
STEPHEN NEW AND ASSOCIATES
P.O. Box 5516
430 Harper Park Drive
Beckley, West Virigina  25801
Phone: (304) 250-6017
Email: steve@newlawoffice.com

/s/ M. Virginia Buck (asb- 7341-C58M)
M. VIRGINIA BUCK
Attorney at Law
Attorney for Plaintiff
13112 Martin Rd. Spur
Northport, AL 35473
(205) 752-6773
Email: bucklaw@charter.net

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on August 13th, 2026. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ R. Matt Glover*
R. MATT GLOVER

6