FILED
2026 Aug-20 AM 10:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA WESTERN DIVISION**

| | | |
|---|---|---|
| KAI SPEARS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 7:23-CV-00692-ACA |
| THE NEW YORK TIMES COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

**<u>OBJECTIONS TO FINAL CHARGES TO THE JURY AND VERDICT FORM</u>**

Defendant The New York Times Company ("The Times") objects to the Court's Final Jury Instructions and Verdict Form as stated on the record in open Court on August 19, 2026, and hereby adopts and incorporates all of the objections, arguments, and commentary made by The Times as stated on said record.

By stating these objections, The Times does not concede that Plaintiff Kai Spears ("Mr. Spears") can satisfy his burden of proof sufficient to submit his claims to the jury under any theory.

For reference, The Times is attaching as <u>Exhibit A</u> the Joint Proposed Final Charges to the Jury that were submitted via email to the Court on August 17, 2026 and referenced on the record throughout the hearings in open court on August 19, 2026. Further, as referenced on the record, the Court circulated via email to all counsel an initial copy of the Court's Final Jury Instructions in the early morning of

August 19, 2026. The Times is attaching a copy of that copy of the Court's Final Jury Instructions as Exhibit B. Additionally, throughout the day, the Court further revised the Final Jury Instructions five times pursuant to discussions between the Parties and the Court. These revisions were discussed on the record in open Court, and The Times stated its objections to the specific revisions and also adopted and incorporated their previous objections for each revision. The Times is attaching the five revisions to the Final Jury Instructions as Exhibit C, Exhibit D, Exhibit E, Exhibit F, and Exhibit G.

The Times also submitted a proposed verdict form to the Court before trial and an updated version during the Court proceedings on August 19, 2026. During the court proceedings on August 19, 2026, the Court and the parties revised the proposed verdict form and exchanged drafts multiple times via email. During that proceeding, The Times raised several concerns with and objections to the drafts of the verdict form. The Times hereby adopts and incorporates all of the objections, arguments, and commentary made by The Times as stated on said record. The Times also adopts and incorporates all of the objections, arguments, and commentary made with respect to the substantive language used in the questions contained in the verdict form, consistent with the objections, arguments and commentary as to the jury instructions.

Without waiving of objections stated on the record during the proceedings on August 19, 2026, The Times hereby includes a summary of the objections stated on the record to the Court's Final Jury Instructions:

**Expert Witness Charge (Court's Charge 3.6.1)**

1. The Times objects to the Court's expert witness charge for the omission of the language from Agreed Proposed Charge No. 13 regarding bias when a witness is "being paid for reviewing and testifying concerning the evidence," specifically the language that the jury "should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income." *See* Ex. A.

**Defamation Charge — Overarching Objections**

2. The Times objects to the Court's defamation charge to the extent it is inconsistent with The Times's Proposed Charges Nos. 3, 4, 5, 6, 7, and 8 of the Joint Proposed Final Charges to the Jury. *See* Ex. A.

3. The Times objects to the Court's defamation charge as an overarching matter to the extent it is inconsistent with the articulation of a defamation claim under Alabama law where it is a defamation by implication theory, as explained in The Times's Proposed Charge No. 2 and The Times's Proposed Charges Nos. 3, 4, 6, 7, and 8, including in particular the bolded language before the slash in those charges. *See* Ex. A.

**Defamation — Number of Elements (Four vs. Five)**

4. The Times objects to the Court's defamation charge to the extent it characterized the elements of the defamation claim as four elements as opposed to five, and objected that the fifth element — that Mr. Spears must prove either (a) actual harm by a preponderance of the evidence or (b) actual malice by clear and convincing evidence — must be articulated as a separate element. *See* Ex. A.

**Defamation — Element 1 (Falsity)**

5. The Times objects to the formulation of the first element as "The New York Times made a false statement about Mr. Spears" as opposed to "the article as a whole conveys a materially false statement," and objected to the extent this formulation is inconsistent with The Times's Proposed Charges. *See* Ex. A.

6. The Times objects to the reference to "the statements about Mr. Spears" as opposed to stating that the "article as a whole and what it conveys about" Mr. Spears is false in all material respects. *See* Ex. A.

7. The Times objects to the use of the word "statement" throughout the elements, on the ground that, in the context of this case where plaintiff relies upon an imputation or conveyance of facts (both true and false) in the article, the use of "statement" is misleading and the charge should reference the "article as a whole." *See* Ex. A.

**Defamation — Falsity Description (Bottom of Page 10 through Top of Page 11 of Court's Instructions)**

8. The Times objects to the paragraph describing falsity to the extent it is inconsistent with Alabama law and the United States Constitution as interpreted by the United States Supreme Court and the Eleventh Circuit, and to the extent it is inconsistent with the language laid out in The Times's Proposed Charge No. 5 (pages 31–33 of the Joint Proposed Final Charges). *See* Ex. A.

9. The Times objects to the omission of the language from the bottom of page 31 of the Joint Proposed Final Charges (The Times's Proposed Charge No. 5) that reads: "In this sense, you are tasked with comparing what you determine the Article conveyed about his involvement in the shooting against what the Article could have truthfully reported about Mr. Spears based on the evidence you have now heard." *See* Ex. A.

**Defamation — Article As a Whole Language**

10. The Times objects to the omission of the proposed language (from page 26 of the Joint Proposed Final Charges, The Times's Proposed Charge No. 3) that "what Mr. Spears must prove was false and defamatory is the meaning he claims was conveyed by the Article as a whole — not any individual sentence or phrase standing alone." *See* Ex. A.

**Defamation — Element 2 (Defamatory Meaning)**

11. The Times objects to Element 2 stating "that the statement was defamatory" and requested that the language be changed to "that the article" conveyed a defamatory meaning, and whether it was in fact understood as defamatory by its audience, consistent with The Times's Proposed Charge No. 4. *See* Ex. A.

12. The Times objects to the defamatory meaning paragraph to the extent the charge is inconsistent with The Times's Proposed Charge No. 4, principally as to the language about a defamation by implication claim. *See* Ex. A.

**Defamation — Fault (Negligence)**

13. The Times objects to the Court's description of fault in the first paragraph of page 12 (of the Court's instructions) to the extent it is inconsistent with The Times's Proposed Charge No. 6 (page 34 of the Joint Proposed Final Charges). *See* Ex. A.

**Defamation — Reasonably Prudent Publisher**

14. The Times objects to the inclusion of a definition of "reasonably prudent publisher," stating that there is no singular definition under Alabama law and that the standard is the "reasonably prudent person under the circumstances," as reflected in *Mead Corp. v. Hicks*.

**Defamation — Damages**

15. The Times objects to the subsection on actual harm to the extent it is inconsistent with The Times's Proposed Charge No. 8 (page 41 of the Joint Proposed Final Charges), including but not limited to the omission of and reference to this being a defamation by implication claim. *See* Ex. A.

**Defamation — Actual Malice**

16. The Times objected to the Court's actual malice charge to the extent it is inconsistent with The Times's Proposed Charges Nos. 9, 10, 11, and 12 and the Agreed Proposed Charge No. 18. *See* Ex. A.

17. The Times objects to the formulation of actual malice in the context of this case to the extent it is inconsistent with The Times's Proposed Charge No. 9, which includes a two-part analysis of actual malice from the *Moore v. Cecil*, 2026 U.S. App. LEXIS 11832, at *31 (11th Cir. Apr. 24, 2026), including the second part — whether, at the time of publication, The Times intended to communicate the implied defamatory meaning or recklessly disregarded the implied defamatory meaning — which was omitted from the Court's charge.

18. The Times objects to the omission of the language from The Times's Proposed Charge No. 9 (page 49 of the Joint Proposed Final Charges) that "ill will, improper motive, or personal animosity play no role in determining whether The Times acted with actual malice." *See* Ex. A.

19. The Times objects to the sentence in the Court's charge regarding ill will/spite that was extracted from Agreed Proposed Charge No. 18 out of its original context, and withdrew its agreement to that charge to the extent the language was taken out of the context of the entire proposed charge. *See* Ex. A.

20. The Times objects to the actual malice charge for the absence of a specific reference to publication being "the article on March 15th at 7:10 p.m." and requested that the charges be amended to reference the time of publication of the article specifically.

21. The Times objects to the omission of the language from page 50 of the Joint Proposed Final Charges that if the jury disbelieves the testimony of Times witnesses regarding their intent, disbelief alone is not sufficient to establish actual malice, as stated by the Eleventh Circuit in *Moore v. Cecil*, 2026 U.S. App. LEXIS 11832, at *31 (11th Cir. Apr. 24, 2026). *See* Ex. A.

22. The Times objected to the omission of the language from page 50 of the Joint Proposed Final Charges that the jury may consider the steps The Times took before publication to verify accuracy and that such steps weigh against a finding of actual malice. *See* Ex. A.

**Actual Malice — State of Mind at Time of Publication (Proposed Charge No. 11)**

23. The Times objects to the Court's actual malice charge to the extent it is inconsistent with and omits language from The Times's Proposed Charge No. 11 (page 56 of the Joint Proposed Final Charges), regarding the state of mind at the time of publication. *See* Ex. A.

24. The Times specifically objects that the actual malice charge does not clarify that it is the state of mind of "the employees of The Times responsible for the Article" — not the state of mind of the entire New York Times — that is relevant for the actual malice analysis, as stated in *New York Times Co. v. Sullivan*, 376 U.S. 254, 286 (1964). *See* Ex. A.

25. The Times objects to the omission of the law contained in the second paragraph of Proposed Charge No. 11 that The Times did not have a duty to investigate, to retract, or to investigate sources after publication. *See* Ex. A.

26. The Times objects to the omission of the language at the end of the first paragraph of Proposed Charge No. 11 which functions as a limiting instruction on evidence presented at trial that is improper to be utilized in the actual malice analysis. *See* Ex. A.

**Actual Malice — Post-Publication Evidence Limiting Instruction**

27. The Times requested a limiting instruction regarding post-publication evidence, specifically the text message from Source A approximately 23 hours after publication (Exhibit 430), the text message from Mr. Witz's colleague in London

approximately two days after publication (Exhibit 474A), and the Al.com article from March 17, 2023 (Exhibit 461A), arguing that these exhibits are not proper evidence to be considered in the actual malice analysis or the negligence analysis and that Exhibits 430 and 461A came in only for impeachment purposes. The Times's position is that all admitted evidence post-publication irrelevant for the actual malice analysis. The Times objects to the omission of such a limiting instruction.

**Actual Malice — Denials (Proposed Charge No. 12)**

28. The Times objects to the omission of The Times's Proposed Charge No. 12 (page 57 of the Joint Proposed Final Charges) regarding the effect of denials in the analysis and updates reflecting denials in the analysis of actual malice. *See* Ex. A.

**Punitive Damages**

29. The Times objects to the Court's punitive damages charge omitting the element related to the Ala. Code § 6-11-20 prerequisite to punitive damages — which requires that Mr. Spears prove by clear and convincing evidence that The Times consciously or deliberately acted toward Mr. Spears with oppression, fraud, wantonness, or common law malice.

30. The Times objects to the Court's conclusion that proving actual malice necessarily proves wantonness under state law, and preserved the issue that § 6-11-

20 is an additional and independent element that is not subsumed or displaced by actual malice.

31. The Times objects to the omission of the language in The Times's Proposed Charge No. 13 and 14 regarding the § 6-11-20 prerequisite, specifically the language beginning with "in addition to actual malice" and the explanation of wantonness and common law malice under Alabama law. *See* Ex. A.

32. The Times objects to the omission of the first sentence of The Times's Proposed Charge No. 13 and 14 stating that "punitive damages are not favored in the law and are to be awarded only in exceptional circumstances," citing Fifth Circuit law from 1970 and Eleventh Circuit law that punitive damages "are to be allowed only with caution and within narrow limits." The Court overruled this objection.

33. The Times objects to the Court's punitive damages charge to the extent it is inconsistent with The Times's Proposed Charge No. 13 and 14, as amended throughout the charge conference discussion.

**False Light Invasion of Privacy**

34. The Times objects to the Court's removal of the word "implicitly" from the first paragraph of the false light charge and the word "implied" from the description of Element 2, and objects to the False Light charge to the extent it is inconsistent with Agreed Proposed Charge No. 23. *See* Ex. A.

**False Light — Punitive Damages**

35. The Times objects to the punitive damages charge for false light (The Times's Proposed Charge No. 14, page 76 of the Joint Proposed Final Charges) to the extent it is inconsistent with The Times's Proposed Charge No. 14. *See* Ex. A.

36. The Times also adopts and incorporates the applicable arguments made with respect to the Court's Defamation punitive damages charge as applicable to the Court's punitive damages charge for Count Two on False Light.

37. The Times objects to the omission of the language that "punitive damages are not favored in the law and are to be awarded only in exceptional circumstances" from the false light punitive damages charge.

38. The Times objects to the omission of the § 6-11-20 prerequisite to punitive damages and the explanation of those prerequisites prior to the imposition of punitive damages under Alabama law for the false light claim, for the same reasons stated with respect to the defamation punitive damages charge.

**Omitted Charges**

39. The Times objects to the omission of each charge either proposed by the Parties as Agreed Proposed Charges or charges Proposed by The Times. *See* Ex. A.

40. The Times objects to the omission of The Times's Proposed Charge No. 1 (Balancing of Values charge). *See* Ex. A.

41. The Times objects to the omission of The Times's Proposed Charge No. 2 explicitly defining defamation by implication and the nature of the claim. *See* Ex. A.

42. The Times objected to the omission of The Times's Proposed Charge No. 7 on the distinction of the elements between falsity and defamatory meaning. *See* Ex. A.

**FERPA Limiting Instruction**

43. The Times requested a jury instruction that, to the extent there has been testimony suggesting that a student privacy law called FERPA prohibited a witness from revealing or disclosing that Cooper Lee was the passenger in Brandon Miller's car at the time of the shooting, the jury should disregard that testimony because that law does not apply in this context. The Times objects to the omission of this charge.

**Reservation and Incorporation**

44. At multiple points throughout the charge conference, The Times expressly reserved the right to review each revised version of the Court's jury instructions and verdict forms and to lodge additional objections upon review of those revisions. The Times incorporates by reference every argument or objection to the Court's Final Jury Instructions and Verdict Form into each and every revision of the Instructions by the Court and Verdict Form.

45. The Times adopts and incorporates all objections previously stated on the record throughout the charge conference, including objections to the omission of language from The Times's proposed charges that were not included in the Court's instructions, and objections to any language in the Court's instructions that is inconsistent with The Times's proposed charges. *See* Ex. A.

46. The Times confirmed on the record that, to the extent the Court did not address a proposed change that The Times requested, or did not address a change in the charges with a new version that The Times proposed, requested, or objected to, The Times's objections to the language that was in the previous charge and to the omissions that were not included from The Times's proposed charges are deemed denied and preserved.

* * * * *

The Times maintains all of the arguments and objections stated above, incorporated throughout this document, adopted in this argument, and stated on the record in open Court throughout trial, including on August 19, 2026, with respect to the Final Jury Instructions and Verdict Form given to the Jury on August 20, 2026.

Respectfully submitted,

*/s/ Matthew J. Winne*
Michael L. Bell
*mbell@lightfootlaw.com*
John G. Thompson
*jthompson@lightfootlaw.com*
Mattthew J. Winne
*mwinne@lightfootlaw.com*
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200
(205) 581-0700
(205) 581-0799 (facsimile)

Chad R. Bowman (*pro hac vice*)
*bowmanchad@ballardspahr.com*
Emmy Parsons (*pro hac vice*)
*parsonse@ballardspahr.com*
Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
(202) 661-2200
(202) 661-2299 (facsimile)

**Attorneys for Defendant**
**The New York Times Company**

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 20th day of August 2026, I hand-filed the foregoing with the Court and electronically filed the same which will serve the following counsel of record:

R. Matt Glover
PRINCE GLOVER HAYES
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, AL 35406
Phone: (205) 345-1234
Fax: (205) 752-6313
Email: mglover@princelaw.net

Stephen P. New
NEW, TAYLOR & ASSOCIATES
430 Harper Park Drive
P.O. Box 5516
Beckley, WV 25801
Telephone: 304-250-6017
Facsimile: 304-250-6012
Email: steve@newlawoffice.com

Mary Virginia Buck
BUCK LAW
13112 Martin Road Spur Northport, AL 35473
Phone: (205) 752-6773
Email: bucklaw@charter.net

/s/ *Matthew J. Winne*
OF COUNSEL