FILED
2026 Aug-20 AM 10:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA WESTERN DIVISION**

| | | |
|---|---|---|
| KAI SPEARS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 7:23-CV-00692-ACA |
| THE NEW YORK TIMES COMPANY | ) | |
| | ) | **JOINT SUBMISSION** |
| Defendant. | ) | |

**JOINT PROPOSED FINAL CHARGES TO THE JURY**

Plaintiff Kai Spears and Defendant The New York Times Company ("The Times") submit these proposed jury charges for the Court's consideration. The Parties only join in the submission of the proposed jury charges that are denoted as "AGREED." The Parties reserve the right to amend, supplement, or withdraw these proposed charges and proposed verdict forms before or during trial, depending on the evidence admitted, the Court's rulings, and the claims (if any) that are ultimately submitted to the jury.

By joining in the submission of these proposed charges, The Times does not concede that Plaintiff Kai Spears ("Mr. Spears") can satisfy his burden of proof sufficient to submit his claims to the jury under any theory. Further, if the Court declines to give The Times's requested instructions, The Times respectfully submits proposed alternative proposed instructions below. In doing so, The Times expressly

preserves all objections and arguments concerning its primary proposed instructions, including its position that the primary instructions accurately and completely state the applicable law and should be given.

**AGREED Proposed Charge No. 1**

Function of the Court, the Jury, and Counsel – Juror Attentiveness

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

Source: 4 Modern Federal Jury Instructions-Civil P 71.01, Instruction 71-1.

GIVEN ______________ REFUSED _______________

**AGREED Proposed Charge No. 2**

Function of the Court, the Jury, and Counsel – Role of the Court

You have now heard all of the evidence in the case and you are about to hear the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

Source: 4 Modern Federal Jury Instructions-Civil P 71.01, Instruction 71-2.

GIVEN ______________ REFUSED ______________

**AGREED Proposed Charge No. 3**

Function of the Court, the Jury, and Counsel – Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their forthcoming closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers. Nor may you speculate on what the answer to a question would have been if I sustained a lawyer's objection before the witness could answer.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I

have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven his case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

Source: 4 Modern Federal Jury Instructions-Civil P 71.01, Instruction 71-3 (modified with "Nor may you speculate on what the answer to a question would have been if I sustained a lawyer's objection before the witness could answer.").

GIVEN _______________ REFUSED ________________

**AGREED Proposed Charge No. 4**

Function of the Court, the Jury, and Counsel – Juror Oath

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

Source: 4 Modern Federal Jury Instructions-Civil P 71.01, Instruction 71-4.

GIVEN _______________ REFUSED ________________

**AGREED Proposed Charge No. 5**

Function of the Court, the Jury, and Counsel – Jury To Disregard Court's View

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been

made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

Source: 4 Modern Federal Jury Instructions-Civil P 71.01, Instruction 71-5.

GIVEN _______________ REFUSED ________________

**AGREED Proposed Charge No. 6**

Function of the Court, the Jury, and Counsel – Conduct of Counsel

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Source: 4 Modern Federal Jury Instructions-Civil P 71.01, Instruction 71-6.

GIVEN _______________ REFUSED ________________

**AGREED Proposed Charge No. 7**

Function of the Court, the Jury, and Counsel – Sympathy

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

Source: 4 Modern Federal Jury Instructions-Civil P 71.01, Instruction 71-10.

GIVEN ______________ REFUSED _______________

**AGREED Proposed Charge No. 8**

Function of the Court, the Jury, and Counsel – Publicity (Final Charge)

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions. You must completely disregard any report which you have read in the press, seen on television, or heard on the radio. Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away. In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

Source: 4 Modern Federal Jury Instructions-Civil P 71.01, Instruction 71-14.

GIVEN _______________ REFUSED ________________

**AGREED Proposed Charge No. 9**

Duty to Follow Instructions—Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Source: 3.2.2 The Duty to Follow Instructions—Corporate Party Involved, 11th Cir. Pattern Jury Instructions, Civil Cases, Dec. 15, 2025

GIVEN _______________ REFUSED ________________

**AGREED Proposed Charge No. 10**

Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have an opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Source: 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court, 11th Cir. Pattern Jury Instructions, Civil Cases, Dec. 15, 2025

GIVEN _______________ REFUSED ________________

**AGREED Proposed Charge No. 11**
Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?
4. Did the witness seem to have a good memory?
5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
6. Did the witness appear to understand the questions clearly and answer them directly?
7. Did the witness's testimony differ from other testimony or other evidence?

Source: 3.4 Credibility of Witnesses, 11th Cir. Pattern Jury Instructions, Civil Cases, Dec. 15, 2025

GIVEN ______________ REFUSED _______________

**AGREED Proposed Charge No. 12**

Impeachment of Witnesses Because of Inconsistent Statements

You should ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Source: 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements, 11th Cir. Pattern Jury Instructions, Civil Cases, Dec. 15, 2025

GIVEN _______________ REFUSED ________________

**_*AGREED*_ <u>Proposed Charge No. 13</u>**

<u>Expert Witness</u>

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion. When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

Source: 3.6.1 Expert Witness; 3.6.2 When Expert Fees Represent a Significant Portion of the Witness's Income, 11th Cir. Pattern Jury Instructions, Civil Cases, Dec. 15, 2025

GIVEN _______________ REFUSED ________________

## ***AGREED*** **Proposed Charge No. 14**

Summaries and Charts

The defendant has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

Source: 4 Modern Federal Jury Instructions-Civil P 74.06, Instruction 74-11.

GIVEN _______________ REFUSED ________________

**The Times's Proposed Charge No. 1 – *DISPUTED***

Introduction—Balancing of Values

You will better understand the rules of law about which I am now informing you if you keep in mind that this case involves a balancing of values, both of which are important in our society. Under certain conditions the law grants plaintiffs the right to recover damages for false, defamatory statements which injure their reputations. I will explain these terms in detail in a few moments.

On the other hand, the United States Constitution guarantees freedom of speech to individuals and the press. This constitutional guarantee entitles the press to publish critical statements about people, and protects the press from liability for such statements, except if, under the standards I am about to describe, the statements are of such a nature and are made under such circumstances as to deprive the persons who make them of protection.

In this case, the statements on which Plaintiff Kai Spears has filed this lawsuit relate to Mr. Spears, who is a private figure. However, the statement itself relates to an event that is a matter of public concern. In these cases, the law affords The Times broad protection to allow for robust debate on public issues. Please bear these principles in mind as I now explain to you the things that Mr. Spears must prove in order to recover damages from The New York Times.

Source: Modern Federal Jury Instructions, Instruction 91-1; *Rosenbloom v. Metromedia,* 403 U.S. 29, 44 (1971) (emphasizing the "constitutional protection under the First Amendment of robust debate on public

issues," and extending protection to all discussions involving matters of public or general concern, regardless of whether the individuals involved are famous or anonymous); *Horsley v. Rivera,* 292 F.3d 695, 701 (11th Cir. 2002) ("The First Amendment protections that apply in defamation claims are rooted in the "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open.") (citing *New York Times v. Sullivan,* 376 U.S. 254, 270 (1964))

GIVEN ______________ REFUSED _______________

**<u>*AGREED* Proposed Charge No. 15</u>**
<u>Introduction—Publication Read as a Whole</u>

Mr. Spears brings two claims against The Times. Count One is for defamation. Count Two is for false light invasion of privacy. I will explain each claim in more detail in a moment, but each of these claims is based on the publication of The Times's article that has been presented to you as evidence. For each claim you should consider the publication as a whole, including any headlines, photographs, captions, and the context in which the statements appeared. You should consider the fair and natural meaning that reasonable readers of ordinary intelligence would give the entire publication.

You must not isolate individual words or phrases from the rest of the publication to create a meaning that the publication as a whole does not convey. The question is what meaning the publication, taken as a whole and in context, would convey to a reasonable reader.

Source: APJI 34.01 (modified); *Spears v. The New York Times Co.,* No. 7:23-cv-692-ACA, Summary Judgment Order (N.D. Ala. May 28, 2026); *Drill Parts & Service Co. v. Joy Mfg. Co.,* 619 So. 2d 1280, 1289 (Ala. 1993) ("The test for determining whether an article is defamatory is 'whether an ordinary reader of average intelligence, reading the article as a whole, would ascribe a defamatory meaning to the language.'") (citing *Loveless v. Graddick,* 325 So. 2d 137 (1975)).

GIVEN _______________ REFUSED ________________

**The Times's Proposed Charge No. 2 – *DISPUTED***
Defamation by Implication—Nature of the Claim

This is a case involving a claim of defamation by implication. Mr. Spears does not claim that The Times expressly stated that he committed a crime. Rather, Mr. Spears claims that the Article, through the way it presented certain facts, conveyed an implied meaning about him that was false and defamatory—specifically, that Mr. Spears was reprehensibly involved in the shooting.

Defamation by implication occurs when a publication arranges or presents a series of facts in a way that implies a defamatory meaning. The defamatory meaning, if any, stems not from what is literally stated but from what is implied.

In considering Mr. Spears's claim, you must first determine whether the Article, taken as a whole, actually conveyed the defamatory implication that Mr. Spears claims—that is, whether a reasonable reader would understand the Article to imply that Mr. Spears was reprehensibly involved in the shooting. If you determine that the Article does not convey that implication to a reasonable reader, then you must find for The Times.

Source: Plaintiff's Amended Complaint (Doc. 28), at ¶ 105-106 ("Defendant New York Times publicized statements that Plaintiff Spears was present at a murder crime scene, when, in fact, Plaintiff Spears was not present. Moreover, Defendant's article implies that the Plaintiff may have had some role in the death of Jamea Harris. These statements implied that Plaintiff Spears may have been involved in criminal activity."). *Moore v. Cecil*, 2026 U.S. App. LEXIS 11832, at *31 (11th Cir. Apr. 24, 2026) ("Defamation by implication' occurs when a defendant juxtaposes a series of facts to imply a defamatory connection

between them….[A] defamation by implication stems not from what is literally stated but from what is implied."); *Finebaum v. Coulter*, 854 So. 2d 1120, 1124-25 (Ala. 2003) (recognizing that "Alabama law recognizes a single tort of defamation that can be proved through various means, such as an express defamatory meaning, 'defamatory implication,' and 'defamatory innuendo.'"); *Spears v. The New York Times Co.*, No. 7:23-cv-692-ACA (N.D. Ala. Dec. 6, 2023) (concluding article was "reasonably capable of a defamatory meaning" but leaving to the jury whether it is defamatory"); 50 Am. Jur. 2d Libel and Slander § 161 (defining defamation by implication).

GIVEN ______________ REFUSED _______________

**<u>*AGREED* Proposed Charge No. 16</u>**
<u>Distinction Between Claims</u>

You should consider Mr. Spears's defamation claim and his false light invasion of privacy claim separately, as they are independent claims with different elements and different standards of proof. I will now instruct you on the law for Mr. Spears's defamation claim, followed by the law for Mr. Spear's false light invasion of privacy claim.

Source: *Butler v. Town of Argo,* 871 So. 2d 1, 12 (Ala. 2003) (distinguishing defamation and false light as independent torts under Alabama law).

GIVEN ______________ REFUSED _______________

**The Times's Proposed Charge No. 3 – *DISPUTES IN BOLD***
Defamation—Elements

Because Mr. Spears is a private individual and the statements at issue pertained to a topic of public concern, the elements that Mr. Spears must prove to support his claim for defamation are: (1) a defamatory **[implication**/meaning**]**[1] conveyed by the Article concerning him that was in fact understood as defamatory by its audience; (2) the **[implication**/meaning of the Article as a whole**]** is false in all material respects; (3) an unprivileged communication of the Article to a third party; (4) fault amounting to at least negligence on the part of The Times; and (5) either proof of actual harm resulting from the Article or from a presumption of harm arising from proof that The Times published the Article with actual malice.

As I have explained, [**because this is a defamation-by-implication case**,/(omit)] what Mr. Spears must prove was false and defamatory is the meaning he claims was **[implied**/conveyed**]** by the Article as a whole—not any individual sentence or phrase standing alone. Mr. Spears must prove that the Article, taken as

[1] The Times requests that the Court give the language in bold contained within the brackets and before the "/." In the alternative, if the Court determines that it will not give the defamation-by-implication jury instruction or any of the bolded language before the "/," The Times, in the alternative, requests that the Court give the jury instruction utilizing the alternative language after the "/." Unless the language is bolded after the "/" within the brackets, Plaintiff does not dispute the language proposed by The Times in the alternative. At times throughout these proposed jury instructions, there is note that states "(omit)" after the "/." When that is noted, that means that the Court would just delete the bracketed language from the charge if the Court declines to give a defamation-by-implication charge. The Times explicitly preserves all arguments and objections if this Court rejects the language in bold and before the "/."

a whole, conveyed the defamatory **[implication**/meaning**]** he claims, and that the [**implication**/meaning of the statement**]** was false and was in fact understood as defamatory by its audience.

I will now explain each of these elements to you in more detail.

Source: APJI 34.01 (modified); *Kai Spears v. The New York Times Co.,* No. 7:23-cv-00692-ACA (May 28, 2026 Order), p. 7 ("Under Alabama law, all plaintiffs—regardless of the type of defamation action—must prove that the alleged defamatory statements were false.") (citing *Flickinger v. King,* 385 So. 3d 504, 512 (Ala. 2023); *id.,* pp. 9-10 ("Thus, Mr. Spears must prove that the allegedly defamatory statements were false in all material respects."); *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 347-50 (1974) ("We hold that, so long as they do not impose liability without fault, the States may define for themselves the appropriate standard of liability for a publisher or broadcaster of defamatory falsehood injurious to a private individual…[Private-figure plaintiffs] may recover…actual compensatory damages upon a shorting of fault" but "may not recover…presumed or punitive damages" absent "actual malice."); *Harris v. School annual Publ'g Co.,* 466 So. 2d 963, 964 (Ala. 1985) ("Whether a statement is reasonably capable of a defamatory meaning is a question of law for the court to decide in the first instance; if the court concludes the statement is reasonably capable of a defamatory meaning, the jury determines whether the statement was in fact understood as defamatory by its audience."); *Moore v. Cecil,* 2026 U.S. App. LEXIS 11832, at *31 (11th Cir. Apr. 24, 2026) (holding that in defamation-by-implication cases, "the challenged statement could have multiple meanings—some defamatory and some not"; *Finebaum v. Coulter,* 854 So. 2d 1120 (Ala. 2003) (recognizing defamation may be proved through "defamatory implication").

GIVEN ______________ REFUSED _______________

**The Times's Proposed Charge No. 4 – *DISPUTES IN BOLD***
Defamation—Defamatory Statement

Mr. Spears must prove by a preponderance of the evidence that the Article conveyed a defamatory meaning. The Article conveys a defamatory meaning if the language used exposed Mr. Spears to disgrace, ridicule, odium, or contempt in the estimation of his friends, acquaintances, or the public. It is for you to determine whether the meaning that Mr. Spears claims is **[implied**/conveyed**]** by The Times's Article was in fact understood as defamatory. In determining whether the claimed **[implied**/(omit)**]** meaning was understood as defamatory, you must consider the Article in its entirety. The test is the meaning that would be ascribed to the Article by an ordinary reader or a reader of average intelligence, reading the Article as a whole, considering the fair and natural meaning of all its parts together. You must not isolate any individual sentence or phrase and treat it as separately defamatory apart from the Article as a whole.

If you find that the Article, read as a whole by a reasonable reader, does not convey a meaning that would expose Mr. Spears to disgrace, ridicule, odium, or contempt in the estimation of his friends, acquaintances, or the public, then you must find for The Times on the defamation claim.

Source: *Kai Spears v. The New York Times Co.,* No. 7:23-cv-00692-ACA (Dec 6, 20023 Order), p. 7 ("libel is actionable per se 'if the language used exposes the plaintiff to public ridicule or contempt'") (quoting *Butler v. Town of Argo*, 871 So. 2d 1, 16 (Ala. 2003)); *Hearn v. U.S. Bank, N.A.*, 2017 U.S. Dist. LEXIS 224778, *9-10 (N.D. Ala. July 12, 2017)

("Conduct is actionable per se when it exposes the plaintiff to public ridicule or contempt. Further, if the words employed in the allegedly libelous publication impute dishonesty or corruption to an individual...or directly tend to prejudice anyone in his office, profession, trade, or business, or in any lawful employment by which he may gain his livelihood, they are libel per se.")(citations omitted); *Ceravolo v. Brown*, 364 So. 2d 1155, 1157 (Ala. 1978) ("The foundation of an action for libel or slander is a malicious injury to reputation, and any false and malicious imputation of crime or moral delinquency by one published and concerning the other, which subjects the person to disgrace, ridicule, odium, or contempt in the estimation of his friends and acquaintances, or the public, with resulting damage to his reputation, is actionable either per se or per quod."); *Harris v. School Annual Pub. Co.,* 466 So. 2d 963, 964 (Ala. 1985) (holding that whether a statement is "reasonably capable of a defamatory meaning is a question of law for the court" and if so "the jury determines whether the statement was in fact understood as defamatory by its audience"); *Loveless v. Graddick*, 325 So. 2d 137, 142 (Ala. 1975) (establishing the "ordinary reader" test for defamatory meaning); *Finebaum v. Coulter*, 854 So. 2d 1120, 1128 (Ala. 2003) (holding that "whether a statement is reasonable capable of a defamatory meaning" is a threshold legal question, but "the jury must decide whether it is defamatory"); *Drill Parts & Service Co. v. Joy Mfg. Co.,* 619 So. 2d 1280, 1289 (Ala. 1993) ("The test for determining whether an article is defamatory is 'whether an ordinary reader or a reader of average intelligence, reading the article as a whole, would ascribe a defamatory meaning to the language.'")

GIVEN ______________ REFUSED _______________

**Plaintiff's Proposed Charge No. 1 – *DISPUTED*[2]**
Truth—Affirmative Defense

Defendant The New York Times says the statements about Plaintiff Kai Spears are substantially true. If it proves to your reasonable satisfaction from the evidence the statements are substantially true Plaintiff Kai Spears cannot recover.

The term substantially true does not mean somewhat true or partially true. It does not mean the statement is true in every possible and unimportant respect. It means the statement is true without qualification in all material respects. What is material is what would naturally and probably affect Plaintiff Kai Spears' reputation in the mind of the average lay reader.

Minor inaccuracies do not amount to falsity so long as 'the substance, the gist, the sting, of the libelous charge be justified.

Source: APJI 34.07; *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 516 (1991).

GIVEN _______________ REFUSED ________________

[2] Plaintiff's Proposed Charge No. 1 and The Times's Proposed Charge No. 4 (below) are submitted as competing charges.

**The Times's Proposed Charge No. 5 – *DISPUTED*[3]**
Defamation—A Statement that is False in All Material Respects

In addition to proving by a preponderance of the evidence that the Article conveyed a defamatory meaning, Mr. Spears must also prove by a preponderance of the evidence that the **[implied/**(omit)**] [meaning you determine was conveyed/** *statements made about him*] in the Article [**was**/*were*] false in all material respects. The word "material" means something that would affect or be taken into consideration by a reasonable person in acting or in making a decision. **The "material respects" of an [implied statement/**article**], then, are those that would cause a reasonable person who heard them to view Mr. Spears differently than they would have if the Article contained no false statements.**

The question is whether the gist or substance of any defamatory meaning conveyed by the Article about Mr. Spears is true, not whether every detail is accurate. Minor inaccuracies do not amount to falsity so long as the substance, the gist, the sting, of the libelous charge be justified. *Put another way, the statement is not considered false unless it would have a different effect on the mind of the reader from that which the pleaded truth would have produced.*

In this sense, you are tasked with comparing what you determine the Article **[implied/**conveyed**]** about his involvement in the shooting against [**what the Article**

[3] The language proposed by The Times that is disputed by Plaintiff is in **bold**, and the alternative language proposed by Plaintiff that is disputed by The Times is in *italics*.

**could have truthfully reported about Mr. Spears based on the evidence you have now heard**/*the pleaded truth*]. If the meaning of what the Article communicated about Mr. Spears is substantially true **in terms of what is now known about Mr. Spears**, [*as compared to the pleaded truth*,] then the Article is not false in all material respects—even if it contains minor inaccuracies. An untrue statement **[or implication/**(omit)**]** regarding a minor or technical detail does not render an otherwise substantially true article false in all material respects.

Source: *Merriam-Webster.com Dictionary,* Merriam-Webster, https://www.merriam-webster.com/dictionary/material; *Air Wis. Airlines Corp. v. Hoeper,* 571 U.S. 237, 239 (2014) ("In the defamation context, a materially false statement is one that 'would have a different effect on the mind of the reader [or listener] from that which the…truth would have produced'"); *Masson v. New Yorker Mag., Inc.,* 501 U.S. 496, 517 (1991) ("Minor inaccuracies do not amount to falsity so long as 'the substance, the gist, the sting, of the libelous charge can be justified.'"); *Philadelphia Newspapers, Inc. v. Hepps,* 475 U.S. 767, 775-76 (1986) (holding that a "private-figure plaintiff must bear the burden of showing that the speech at issue is false" in cases involving matters of public concern); *Harris v. School Annual Pub. Co.,* 466 So. 2d 963, 965 (Ala. 1985) ("A communication is considered defamatory 'if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him."); *Mooneyham v. State Bd. of Chiropractic Exam'rs,* 802 So. 2d 200, 203 (Ala. 2001) ("Because Mooneyham's defamation claim alleges a truthful communication, he cannot prevail even if we accept his allegations as true. Therefore, the trial court properly dismissed this claim against the defendants."); *Kai Spears v. The New York Times Co.,* No. 7:23-cv-00692-ACA (May 28, 2026 Order), p. 7 ("Under Alabama law, all plaintiffs—regardless of the type of defamation action—must prove that the alleged defamatory statements were false.") (citing *Flickinger v. King,* 385 So. 3d 504, 512 (Ala. 2023); *id.,* pp. 9-10 ("Thus, Mr. Spears must prove that the allegedly defamatory statements were false in all material respects.")

(citing *Drill Parts & Serv. Co., Inc. v. Joy Mfg. Co.,* 619 So. 2d 1280, 1290 (Ala. 1993)(finding no "false meaning" in articles that the trial court labeled "substantially correct") and *Liberty Lobby, Inc. v. Anderson,* 746 F.2d 1563, 1568 n. 6 (D.C. Cir. 1984) (Scalia, J.)(noting that a statement that an individual had been "convicted of 35 burglaries, when the correct number is 34" is not actionable), *overruled on other grounds,* 477 U.S. 242 (1986)); *Loveless v. Graddick,* 325 So. 2d 137, 142 (Ala. 1975) ("It seems to be the general rule that the test to be applied in determining the defamatory nature of an imputation is that meaning which would be ascribed to the language by a reader or listener of ordinary or average intelligence, or by a common mind.") (internal quotations omitted); *Drill Parts & Serv. Co. v. Joy Mfg. Co.,* 619 So. 2d 1280 (1993) (test to determine whether a newspaper article makes a defamatory imputation is "whether an ordinary reader or a reader of average intelligence, reading the article as a whole, would ascribe a defamatory meaning to the language"); *Blevins v. W.F. Barnes Corp.,* 768 So. 2d 386 (Ala. Civ. App. 1999).

GIVEN ______________ REFUSED _______________

**The Times's Proposed Charge No. 6 – *DISPUTES IN BOLD***
Defamation—Fault

As I mentioned earlier, Mr. Spears is a private person and the subject matter of the Article relates to a matter of public concern. In these circumstances, Mr. Spears must prove that The Times was negligent in publishing the Article. The Times was negligent only if at the time of publication, it failed to exercise the care that a reasonably prudent publisher would have exercised **to avoid conveying the [implication/meaning] that Mr. Spears alleges the Article conveyed—that he was reprehensibly involved in the shooting. The mere fact that the Article could be read to carry a defamatory meaning does not, by itself, establish negligence**.

The Times negligently published the Article if it did something that a reasonably prudent publisher would not have done in a similar situation, or it failed to do something a reasonably prudent publisher would have done in a similar situation.

If you find that Mr. Spears has not proved that The Times was negligent in publishing the Article, you must find for The Times on the defamation count.

Source: APJI 34.01; *Gertz v. Robert Welch, Inc.,* 418 U.S. 323 (1974) (holding that states "may define for themselves the appropriate standard of liability" for private-figure defamation claims, so long as they "do not impose liability without fault"); *Moore v. Cecil,* 2026 U.S. App. LEXIS 11832 (11th Cir. Apr. 24, 2026) (distinguishing a "negligent error" from a finding of actual malice and holding that "the publisher who maintains a standard of care such as to avoid knowing falsehood or

reckless disregard of the truth is…given assurance that those errors that nonetheless occur will not lay him open to an indeterminable financial liability") (quoting *Time, Inc. v. Pape,* 401 U.S. 279, 291 (1971); *New York Times Co. v. Sullivan*, 376 U.S. 254, 286 (1964) (actual malice measured "at the time of the publication"); Restatement (Second) of Torts § 580B (a private-figure plaintiff suing a publisher on a matter of public concern must prove fault; defining the negligence standard applicable to such claims).

GIVEN ______________ REFUSED ______________

**The Times's Proposed Charge No. 7 – *DISPUTED***
Defamation—Distinction of Elements

As I have already explained to you, Mr. Spears must prove that the meaning **[implied**/conveyed**]** by the Article was both false and defamatory. **[An implied**/The**]** meaning of a publication may be false but not necessarily defamatory. A publication is not necessarily defamatory if it reports only that a person did things that you would not have done, or things of which you or other people might disapprove. A publication that is merely unpleasant, embarrassing, or uncomplimentary is not necessarily defamatory.

In determining whether there is any defamatory meaning **[implied**/conveyed**]** by the Article, each part of the Article, including its headlines, sub-headlines, pictures and captions, must be viewed in its entirety and as a whole. Something that may be defamatory when taken out of the context of the entire Article, but which is not defamatory when viewed in the whole, is not defamatory.

Words used are to be given their usual, common, natural and obvious meaning.

Source: *Bell v. Smith,* 281 So. 3d 1247, 1254 (Ala. 2019) ("To be actionable, a statement must be both false *and* defamatory.") (emphasis added); *Jones v. Buzzfeed, Inc.,* 591 F.Supp. 3d 1127 (N.D. Ala. 2022) ("Put differently, for a claim to be actionable, a contested statement must be false and defamatory, and these requirements are separate sub-elements. A plaintiff must prove both."); *Johnson v. Phillips,* 526 S.W.3d 529, 535 (Tex. App. 1st Cir. 2017) ("A statement may be false, abusive, unpleasant, or objectionable without injuring a person's reputation such that it is defamatory."); *Wainman v. Bowler,* 576 P.2d

268, 271 (Mont. 1978) ("It is not sufficient, standing alone, that the language is unpleasant and annoys or irks him, and subjects him to jests or banters, so as to affect his feelings."); *Dudley v. Bass Anglers Sportsman Soc'y,* 777 So. 2d 135 (Ala. 2000) ("the foundation of an action for libel or slander is a malicious injury to reputation, and any false and malicious imputation of crime or moral delinquency by one published of and concerning another, which subjects the person to disgrace, ridicule, odium, or contempt in the estimation of his friends and acquaintances, or the public, with resulting damage to his reputation, is actionable either per se or per quod); *Finebaum v. Coulter,* 854 So. 2d 1120, 1129 (Ala. 2003) (radio sportscaster's statement that plaintiff and another individual "really slobbered all over each other" and that he believed "they were going to start performing oral sex on one another," not actionable as defamatory); *Harris v. School Annual Pub. Co.,* 466 So. 2d 963 (Ala. 1985) (where used as a substitution for African-American plaintiff's photograph in a school yearbook, image of monkey with the words "out munching" was not defamatory; defamatory comment is on that "tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him"); *McCafferty v. Newsweek Media Grp., Ltd.,* 2019 U.S. Dist. LEXIS 36543, *6 (E.D. Pa. Mar. 7, 2019) ("To qualify as defamatory, the statement must do more than embarrass or annoy the plaintiff; rather, it must 'grievously fracture[] his standing in the community of respectable society.'"); *Drill Parts and Service, Inc. v. Joy Mfg. Co.,* 619 So. 2d 1280, 1289 (Ala. 1993) (test for determining whether an article is defamatory is "whether an ordinary reader or a reader of average intelligence, reading the article as a whole, would ascribe a defamatory meaning to the language").

GIVEN ______________ REFUSED _______________

**Plaintiff's Proposed Charge No. 2 – *DISPUTED***

Aggravation of Pre-Existing Condition

If you decide that Plaintiff Kai Spears had a pre-existing condition, whether he knew it or not, and that Defendant The New York Times' conduct aggravated the condition, then you will award Plaintiff Kai Spears an amount that reasonably compensates him for the harm caused by The New York Times' conduct.

The fact that Plaintiff Kai Spears had a pre-existing condition that made it more likely that he would be harmed by Defendant The New York Times' conduct does not affect the amount of damages that he is entitled to recover for that harm.

Source: APJI 4.13.

GIVEN _______________ REFUSED ________________

**Plaintiff's Proposed Charge No. 3 – *DISPUTED*[4]**

Presumed Compensatory Damages—Libel Per Se or Slander Per Se

If you find for Plaintiff Kai Spears on his claim that Defendant The New York Times defamed him, you may award Plaintiff Kai Spears damages for harm to his reputation and damages for mental anguish. The law presumes damages to reputation and damages for mental anguish and Plaintiff Kai Spears does not have to prove them.

The amount you award is up to you, but you must base the award on sound judgment and the evidence in this case. The award must reasonably compensate Plaintiff Kai Spears for the harm to his reputation and for mental anguish.

Source: APJI 34.11.

GIVEN ______________ REFUSED _______________

[4] Plaintiff proposes this Proposed Charge pursuant to Doc. 256. If the Court rejects this proposed charge, Plaintiff agrees with The Times's Proposed Charge No. 8, in the alternative.

## ***AGREED*** **Proposed Charge No. 17**

Responsibility for Proof – Affirmative Defense Preponderance of the Evidence

In this case, the Defendant The New York Times asserts the affirmative defense of mitigation of damages. With respect to this defense, The Times says that Mr. Spears did not mitigate, or lessen, the harm. Mr. Spears must have used the efforts that a reasonably prudent person would have used to minimize the harm he claims was caused by The Times's conduct. This is called mitigation of damages. Mr. Spears can recover only the money compensation that would be due if a reasonable effort had been made.

In order to prevail on this specific defense only, The Times must prove to your reasonable satisfaction from the evidence that Mr. Spears did not mitigate his damages.

Source: 3.7.2 Responsibility for Proof – Affirmative Defense Preponderance of the Evidence, 11th Cir. Pattern Jury Instructions, Civil Cases, Dec. 15, 2025: APJI 4.41.

GIVEN ______________ REFUSED _______________

**The Times's Proposed Charge No. 8 – *DISPUTED***

Defamation—Compensatory Damages (Actual Harm/Presumed Damages)

Because Mr. Spears is a private person and the speech at issue relates to a matter of public concern, in order for Mr. Spears to recover compensatory damages for his defamation claim, Mr. Spears must also prove either: (a) that he suffered actual harm from the Article by a preponderance of the evidence or (b) that The Times published the Article with actual malice by clear and convincing evidence.

(a) Actual Harm

Compensatory damages for actual harm are intended to fairly and reasonably compensate Spears for the actual harm he suffered as a direct result of The Times's publication. Actual harm is not limited to out-of-pocket financial loss. You may consider emotional distress, mental anguish, and harm to Mr. Spears's reputation, so long as it is supported by the evidence.

You may not award damages for harm caused by true information in the Article or by the mere fact that The Times published an article about Mr. Spears or about the shooting. If portions of the Article are true—or if the Article caused Mr. Spears embarrassment or discomfort for reasons unrelated to the defamatory **[implication/meaning]**—those are not a proper basis for compensatory damages.

An award of compensatory damages for actual harm must be supported by evidence. These damages must not be based on speculation, guesswork, or

sympathy. You must use your sound judgment to determine what amount, if any, has been proved by a preponderance of the evidence.

(b) Presumed Damages

Alternatively, you may award Mr. Spears compensatory damages for emotional distress, mental anguish, and harm to his reputation, even without proving actual harm, if and only if Mr. Spears proves by clear and convincing evidence that The Times published the Article with actual malice. Under those particular circumstances, the law presumes damages to reputation and damages for emotional distress and mental anguish and Mr. Spears does not have to prove them. The amount you award is up to you, but you must base the award on sound judgment and the evidence in this case. The award must reasonably compensate Mr. Spears for the harm to his reputation and for mental anguish.

I will now explain the meaning of actual malice.

Source: APJI 34.10; *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 350 (1974) ("[S]o long as they do not impose liability without fault, the States may define for themselves the appropriate standard of liability for a publisher…[W]e hold that the States may not permit recovery of presumed or punitive damages, at least when liability is not based on a showing of knowledge of falsity or reckless disregard for the truth."); *Time, Inc. v. Pape,* 401 U.S. 279, 291 (1971) ("[T]he publisher who maintains a standard of care such as to avoid knowing falsehood or reckless disregard of the truth…is given assurance that those errors that nonetheless occur will not lay him open to an indeterminable financial liability."); Restatement (Second) of Torts § 580B (a private-figure plaintiff may recover "proved, actual harm" upon showing fault); APJI 34.11 (modified).

GIVEN _______________ REFUSED _______________

**The Times's Proposed Charge No. 9 – *DISPUTED*[5]**

Actual Malice (Primary)

Actual malice should not be confused with malice as an evil intent or a motive arising from spite or ill will. Ill will, improper motive, or personal animosity play no role in determining whether The Times acted with actual malice. Actual malice has two parts, and Mr. Spears must prove both parts by clear and convincing evidence.

The first part is whether, at the time of publication, The Times knew of or recklessly disregarded the falsity of the implied statement. That means Mr. Spears must prove that when The Times published the statement, either: (1) The Times knew the implied statement was false; (2) The Times had a high degree of awareness that the implied statement was probably false; or (3) The Times had a serious doubt that the implied statement was true.

The second part of the test is whether, at the time of publication, The Times intended to communicate the implied defamatory meaning or recklessly disregarded the implied defamatory meaning. Otherwise put, the test is whether The Times knew

[5] The Times proposes this jury charge in line with its briefing submitted to the Court regarding defamation-by-implication. *See* Doc. 273, Doc. 274, and Doc. 279. If the Court rejects this proposed jury charge, The Times requests that the Court give Proposed Charge No. 9. By submitting this primary jury charge on actual malice (The Times's Proposed Charge No. 8), The Times explicitly preserves all arguments and objections if this Court rejects this proposed charge. The Times does not waive its arguments and objections to Proposed Charge No. 9, which is being submitted in the alternative if Proposed Charge No. 8 is rejected.

that the implied defamatory meaning was not just possible, but likely, and still made the statement despite its knowledge of that likelihood.

Mr. Spears must prove both of these parts by clear and convincing evidence to establish actual malice. If he fails to award either part, you may not award punitive damages.

Clear and convincing evidence is a higher standard of proof than preponderance of the evidence. It is an intermediate standard that lies between proof by a preponderance of the evidence and proof beyond a reasonable doubt. Clear and convincing evidence means evidence that, when weighed against opposing evidence, produces in your mind a firm conviction and a high probability that your conclusion is correct.

Actual malice is a subjective test. You must determine The Times's actual state of mind when it published the Article. You must not consider whether a reasonably prudent publisher would have published the Article or whether a reasonably prudent publisher would have investigated before publishing it. The beliefs or actions of a reasonable publisher are irrelevant to this inquiry.

On the second part of the test, the fact that the Article can be read to convey a defamatory meaning does not, by itself, establish that The Times intended the defamatory meaning or recklessly disregarded it. It is The Times's subjective view

at the time of publication—not Mr. Spears's subjective impression of the Article—that determines whether The Times published with actual malice.

If you disbelieve the testimony of The Times's witnesses regarding their intent or state of mind, your disbelief alone is not sufficient to establish actual malice by clear and convincing evidence. Even if you reject The Times's testimony that it did not intend the defamatory meaning, you may not find actual malice based solely on that rejection. Mr. Spears must point to affirmative evidence—beyond the mere disbelief of The Times's witnesses—establishing by clear and convincing evidence that The Times intended to communicate the defamatory meaning or recklessly disregarded the defamatory meaning.

You may consider evidence that The Times took steps to verify the accuracy of the Article. A defendant's efforts to verify accuracy are evidence that weighs against a finding of actual malice.

A negligent error—even a serious one—is not a basis for a finding of actual malice. If you find that The Times made a mistake in its choice or words or in the way it presented information, but that the mistake was the product of negligence rather than knowledge of falsity or reckless disregard of the truth, you may not find actual malice.

Source: APJI 34.03 (modified); *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 350 (1974) (private-figure plaintiffs suing on matters of public concern "may not recover…presumed or punitive damages, at least when liability is not based on a showing of knowledge of falsity or

reckless disregard for the truth"); *Moore v. Cecil,* 2026 U.S. App. LEXIS 11832, at *32-33 (11th Cir. Apr. 24, 2026) ("In a defamation by implication case, the plaintiff must show by clear and convincing evidence not only (1) that the defendant knew of or recklessly disregarded the falsity of the implied defamatory statement, but also (2) that the defendant 'intend[ed] to communicate the defamatory meaning' or recklessly disregarded the defamatory meaning—i.e., 'the defendant [] knew that the defamatory meaning was not just possible, but likely, and still made the statement despite their knowledge of that likelihood.'"); *id.* at *37 ("[D]iscredited testimony is not considered a sufficient basis for drawing a contrary conclusion" and finding actual malice; "[t]o establish actual malice by clear and convincing evidence, Moore needed more evidence than just the jury's disbelief of SMP's witnesses to establish that SMP intended the defamatory implied meaning in the ad or acted with reckless disregard to the defamatory implied meaning."); *id.* at *39 ("[C]onstitutional malice does not flow from a finding…[that] the [publication] may be capable of supporting the impression the plaintiff claims;" "[s]imply because a statement reasonably can be read to contain a defamatory inference does not mean that the publisher of the statement either intended the statement to contain such a defamatory implication or even knew the readers could reasonably interpret the statements to contain the defamatory implication."); *id.* at *43 ("A defendant's efforts to verify the accuracy of its statements militates against a finding of actual malice;" "[t]he publisher who maintains a standard of care such as to avoid knowing falsehood or reckless disregard of the truth is…given assurance that those errors that nonetheless occur will not lay him open to an indeterminable financial liability.")(quoting *Time, Inc. v. Pape,* 401 U.S. 279, 291 (1971)); *id.* at * 44 ("[A] negligent error is not a basis for a finding of actual malice;" [t]he First Amendment cautions courts against intruding too closely into questions of editorial judgment, such as the choice of specific words."); *Michel v. NYP Holdings, Inc.,* 816 F.3d 686, 703 (11th Cir. 2016) ("This actual malice test is subjective….The test is not an objective one and the beliefs or actions of a reasonable person are irrelevant;" "there must be some showing that the defendant purposefully avoided further investigation with the intent to avoid the truth"); *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.,* 6 F.4th 1247, 1252 (11th Cir. 2021) ("This actual malice test is subjective; the public-figure

plaintiff must show that the defendant in fact entertained serious doubts as to the truth of the statement."); *Fults v. GDCP Warden,* 764 F.3d 1311, 1314 (11th Cir. 2014) ("The 'clear and convincing' standard [is] an intermediate standard of proof that lies between proof by a preponderance of the evidence and proof beyond a reasonable doubt. It requires proof that a claim is highly probable."); *Masson v. New Yorker Mag., Inc.,* 501 U.S. 496, 510 (1991) ("Actual malice under the New York Times standard should not be confused with the concept of malice as an evil intent or a motive arising from spite or ill will."); *Dunn v. Air Line Pilots Ass'n,* 193 F.3d 1185, 1198 n. 17 (11th Cir. 1999) ("Ill-will, improper motive or personal animosity plays no role in determining whether a defendant acted with actual malice."); *Gray v. Koch Foods, Inc.*, 144 F.4th 1298 (11th Cir. 2025) ("Under Alabama law, clear and convincing evidence 'will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion.'") (quoting Ala. Code § 6-11-20(b)(4))

GIVEN ______________ REFUSED _______________

**Alternative Proposed Charge No. 1 – *DISPUTES IN BOLD***
Actual Malice (***ALTERNATIVE CHARGE***)

Actual malice should not be confused with malice as an evil intent or a motive arising from spite or ill will. Ill will, improper motive, or personal animosity play no role in determining whether The Times acted with actual malice. Mr. Spears must prove actual malice by clear and convincing evidence.

Actual malice is whether, **at the time of publication**, The Times knew of or recklessly disregarded the falsity of the claimed defamatory statement. That means Mr. Spears must prove that **when The Times published the statement**, either: (1) The Times knew the statement was false; (2) The Times had a high degree of awareness that the statement was false; or (3) The Times had a serious doubt that the statement was true.

Clear and convincing evidence is a higher standard of proof than preponderance of the evidence. It is an intermediate standard that lies between proof by a preponderance of the evidence and proof beyond a reasonable doubt. Clear and convincing evidence means evidence that, when weighed against opposing evidence, produces in your mind a firm conviction and a high probability that your conclusion is correct.

Actual malice is a subjective test. You must determine The Times's actual state of mind when it published the Article. You must not consider whether a reasonably prudent publisher would have published the Article or whether a

reasonably prudent publisher would have investigated before publishing it. The beliefs or actions of a reasonable publisher are irrelevant to this inquiry.

If you disbelieve the testimony of The Times's witnesses regarding their intent or state of mind, your disbelief alone is not sufficient to establish actual malice by clear and convincing evidence. Even if you reject The Times's testimony that it did not publish the statement with knowledge of its falsity or a reckless disregard of its truth, you may not find actual malice based solely on that rejection. Mr. Spears must point to affirmative evidence—beyond the mere disbelief of The Times's witnesses—establishing by clear and convincing evidence that, at the time the Article was published, (1) The Times knew the statement was false; (2) The Times had a high degree of awareness that the statement was false; or (3) The Times had a serious doubt that the statement was true.

You may consider evidence that The Times took steps before publication to verify the accuracy of the statement. A defendant's efforts to verify accuracy are evidence that weighs against a finding of actual malice.

A negligent error—even a serious one—is not a basis for a finding of actual malice. If you find that The Times made mistakes in its reporting regarding Mr. Spears, but that the mistakes were the product of negligence rather than knowledge of falsity or reckless disregard of the truth, you may not find actual malice.

Source: APJI 34.03 (modified); *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 350 (1974) (private-figure plaintiffs suing on matters of public

concern "may not recover…presumed or punitive damages, at least when liability is not based on a showing of knowledge of falsity or reckless disregard for the truth"); *Moore v. Cecil,* 2026 U.S. App. LEXIS 11832, at *32-33 (11th Cir. Apr. 24, 2026) ("In a defamation by implication case, the plaintiff must show by clear and convincing evidence not only (1) that the defendant knew of or recklessly disregarded the falsity of the implied defamatory statement, but also (2) that the defendant 'intend[ed] to communicate the defamatory meaning' or recklessly disregarded the defamatory meaning—i.e., 'the defendant [] knew that the defamatory meaning was not just possible, but likely, and still made the statement despite their knowledge of that likelihood.'"); *id.* at *37 ("[D]iscredited testimony is not considered a sufficient basis for drawing a contrary conclusion" and finding actual malice; "[t]o establish actual malice by clear and convincing evidence, Moore needed more evidence than just the jury's disbelief of SMP's witnesses to establish that SMP intended the defamatory implied meaning in the ad or acted with reckless disregard to the defamatory implied meaning."); *id.* at *39 ("[C]onstitutional malice does not flow from a finding…[that] the [publication] may be capable of supporting the impression the plaintiff claims;" "[s]imply because a statement reasonably can be read to contain a defamatory inference does not mean that the publisher of the statement either intended the statement to contain such a defamatory implication or even knew the readers could reasonably interpret the statements to contain the defamatory implication."); *id.* at *43 ("A defendant's efforts to verify the accuracy of its statements militates against a finding of actual malice;" "[t]he publisher who maintains a standard of care such as to avoid knowing falsehood or reckless disregard of the truth is…given assurance that those errors that nonetheless occur will not lay him open to an indeterminable financial liability.")(quoting *Time, Inc. v. Pape,* 401 U.S. 279, 291 (1971)); *id.* at * 44 ("[A] negligent error is not a basis for a finding of actual malice;" [t]he First Amendment cautions courts against intruding too closely into questions of editorial judgment, such as the choice of specific words."); *Michel v. NYP Holdings, Inc.,* 816 F.3d 686, 703 (11th Cir. 2016) ("This actual malice test is subjective….The test is not an objective one and the beliefs or actions of a reasonable person are irrelevant;" "there must be some showing that the defendant purposefully avoided further investigation with the intent to avoid the truth"); *Coral Ridge*

*Ministries Media, Inc. v. Amazon.com, Inc.,* 6 F.4th 1247, 1252 (11th Cir. 2021) ("This actual malice test is subjective; the public-figure plaintiff must show that the defendant in fact entertained serious doubts as to the truth of the statement."); *Fults v. GDCP Warden,* 764 F.3d 1311, 1314 (11th Cir. 2014) ("The 'clear and convincing' standard [is] an intermediate standard of proof that lies between proof by a preponderance of the evidence and proof beyond a reasonable doubt. It requires proof that a claim is highly probable."); *Masson v. New Yorker Mag., Inc.,* 501 U.S. 496, 510 (1991) ("Actual malice under the New York Times standard should not be confused with the concept of malice as an evil intent or a motive arising from spite or ill will."); *Dunn v. Air Line Pilots Ass'n,* 193 F.3d 1185, 1198 n. 17 (11th Cir. 1999) ("Ill-will, improper motive or personal animosity plays no role in determining whether a defendant acted with actual malice."); *Gray v. Koch Foods, Inc.*, 144 F.4th 1298 (11th Cir. 2025) ("Under Alabama law, clear and convincing evidence 'will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion.'") (quoting Ala. Code § 6-11-20(b)(4))

GIVEN _______________ REFUSED ________________

**_*AGREED*_ Proposed Charge No. 18**

Actual Malice Distinguished from Ill Will

As I just explained, you must not confuse actual malice as I have defined it with more common definitions of malice, such as ill will or hatred. Mr. Spears cannot prevail with respect to actual malice merely by proving that The Times or its employees were motivated by ill will, prejudice, hostility, hatred, contempt, or even a desire to injure. If you find that any of The Times's employees were so motivated toward Mr. Spears, you may consider such state of mind as evidence that the employee might have published the Article knowing that it was implicitly false, or with a high degree of awareness of likely falsity. But hostility, disapproval or other forms of ill will do not as such establish actual malice; a reporter may despise someone but nevertheless publish only what he believes to be the truth in writing about that person. Therefore, while you may consider ill will or other relevant forms of bias, to prevail, Mr. Spears must establish actual malice in the sense I have defined it.

Source: Modern Federal Jury Instructions, Instruction 91-4.

GIVEN _______________ REFUSED ________________

**The Times's Proposed Charge No. 10 – *DISPUTES IN BOLD***
Reckless Disregard

The Times may be found to have acted with a reckless disregard for the truth of the Article if any of its employees or agents in fact entertained serious doubts as to its truth or acted with a high degree of awareness that it was probably false.

This test may be met even if none of The Times's employees knew with certainty that the statement was false. On the other hand, reckless conduct is not measured by whether a reasonably prudent person would have published the Article. This actual malice test is subjective, namely, the actual state of mind of The Times and its employees or agents. The test is not an objective one and the beliefs or actions of a reasonable person are irrelevant. Evidence that a publisher failed to investigate prior to publication does not, by itself, prove actual malice. **However, when an article is not in the category of "hot news," that is, information that must be printed immediately or it will lose its newsworthy value, actual malice may be inferred when the investigation for a story was grossly inadequate in the circumstances.**[6] There must be clear and convincing evidence that the defendant

[6] The Times objects to this bolded language proposed by Plaintiff. *Hunt v. Liberty Lobby*, 720 F.2d 631 (11th Cir. 1983) is an Eleventh Circuit case from 1983 that said that, if an article is not "hot news," a failure to investigate can suggest that the publisher acted with actual malice. Subsequent to that decision, in 1989, the United States Supreme Court stated in *Harte-Hanks v. Connaughton* that, in the context of an article, which was not breaking news, that even an "extreme departure" from journalism standards—in that case a failure to review key recordings or speak with a primary witness—does not establish the existence of actual malice. The *Hunt* language was replaced with the standard stated elsewhere in this jury instruction, that there must be clear and convincing evidence that the defendant "purposefully avoided further investigation

purposefully avoided further investigation before publication with the intent to avoid the truth.

Source: Modern Federal Jury Instructions, Instruction 91-5; *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 703 (11th Cir. 2016) ("This actual malice test is subjective….The test is not an objective one and the beliefs or actions of a reasonable person are irrelevant;" "there must be some showing that the defendant purposefully avoided further investigation with the intent to avoid the truth"); *Hunt v. Liberty Lobby*, 720 F.2d 631, 643 (11th Cir. 1983)(quoting *Vandenburg v. Newsweek, Inc.*, 441 F.2d 378, 380 (5th Cir. 1971)).

GIVEN ______________ REFUSED _______________

---

with the intent to avoid the truth." *See*, e.g., *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 703 (11th Cir. 2016). Thus, *Hunt*'s discussion of "hot news" and the ability to infer actual malice from the defendant's failure to investigate is no longer the law.

**The Times's Proposed Charge No. 11 – *DISPUTED*[7]**
State of Mind at Time of Publication

An important principle to keep in mind in deciding the issue of actual malice is that your decision must turn upon the state of mind of [**the employees of The Times responsible for the Article**/*The Times and its responsible employees or agents*] at the time of *[final]* publication of the alleged defamatory Article. You may not rely on any evidence as to events or circumstances after *[final]* publication, unless I tell you in these instructions that you may rely on such evidence as pertinent to credibility or to state of mind at the time of *[final]* publication.

**Because actual malice is measured at the time of publication, please note that, after publication, The Times had no duty whatever to investigate anyone's claim that the Article was false, or to issue any retraction of the Article, or to further investigate its sources. You may not consider any failure of The Times to engage in these types of activities as evidence of the existence of actual malice at the time of publication.**

Source: Modern Federal Jury Instructions, Instruction 91-7; *New York Times Co. v. Sullivan*, 376 U.S. 254, 287 (1964) ("[T]he state of mind required for actual malice would have to be brought home to the persons in the Times' organization having responsibility for the publication of the advertisement.")

GIVEN ______________ REFUSED _______________

[7] The language proposed by The Times that is disputed by Plaintiff is in **bold**, and the alternative language proposed by Plaintiff that is disputed by The Times is in *italics*.

**The Times's Proposed Charge No. 12 – *DISPUTED***
Denial Limiting Instruction

You have heard evidence regarding the denials received by The Times and added to the Article. You may consider this evidence in your deliberations as to Mr. Spears's defamation claim. But the press, like The Times, need not accept denials, however vehement; such denials are so commonplace that, in themselves, they hardly alert the conscientious reporter to the likelihood of error. Where a publisher, like The Times, includes information contrary to the general conclusions reached in an article, that showing tends to undermine the claims of actual malice. The reasoning behind the rule is simple. Where a publisher, like The Times, gives readers sufficient information to weigh for themselves the likelihood of an article's veracity, it reduces the risk that readers will reach unfair (or simply incorrect) conclusions, even if the publisher itself has. Moreover, discouraging the inclusion of such contrary sources would run counter to the goal of promoting the free and robust discussion of public events. Thus, reporting perspectives contrary to the publisher's own should be interpreted as helping to rebut, not establish, the presence of actual malice.

Source: *Kai Spears v. The New York Times Co.,* No. 7:23-cv-00692-ACA (Dec 6, 20023 Order), p. 17 ("libel is actionable per se "if the language used exposes the plaintiff to public ridicule or contempt") (citing *Harte-Hanks Commc'ns Inc. v. Connaughton*, 491 U.S. 657, 691 n.37 (1989)); *id.* at 17-18 (quoting *Michel v. NYP Holdings Inc.*, 816 F.3d 686, 703 (11th Cir. 2016).

GIVEN _______________ REFUSED ________________

## ***AGREED*** **Proposed Charge No. 19**

Defamation—Mitigation by Retraction

Under Alabama law, The Times may show that Mr. Spears's damages have been mitigated if: first, the Article was published in good faith, by mistake, or through inadvertence of misapprehension; and second, The Times retracted the Article in the same medium in which it appeared, and did so in a prominent position in that medium. The burden of proving mitigation by retraction is on The Times.

I will now explain to you what constitutes a retraction that satisfies the law. A retraction is a withdrawal or taking back of the statements that Mr. Spears says were defamatory. To qualify as a retraction under the law, The Times must have published the retraction in the same medium in which the original statement appeared. The retraction must also have been given a prominent position in that medium. A prominent position means the retraction was placed or presented in such a way that it would be likely to come to the attention of those who saw or heard the original statements. Whether the retraction appeared in a prominent position is a question of fact for you to decide based on the evidence.

In addition to proving that there was an adequate retraction, The Times must also prove that the statements Mr. Spears says were defamatory were made in good faith—that is, The Times did not know the statement was false at the time it was made. The Times must show that the statement resulted from an honest mistake,

inadvertence, or misapprehension, and was not made with knowledge of its falsity or with a deliberate intent to injure Mr. Spears.

If The Times proved both of these things—good faith in making the original statements and an adequate retraction in the same medium in a prominent position—you should consider the retraction in deciding the amount of damages, if any, to award Mr. Spears. A retraction that satisfies these requirements does not defeat Mr. Spears's claim, but you may consider it as a factor that reduces or lessens the damages Mr. Spears is entitled to.

Source: APJI 34.13 (modified); Ala. Code § 6-5-184 ("The defendant in an action of slander or libel may prove under a general denial in mitigation of damages that the charge was made in good faith by mistake or through inadvertence or misapprehension, and that he has retracted the charge in the same medium of publication as the charge was originally promulgated and in a prominent position therein.").

GIVEN _______________ REFUSED ________________

**The Times's Proposed Charge No. 13 – *DISPUTES IN BOLD***
Defamation—Punitive Damages

Punitive damages are **not favored in the law and are to be awarded only in exceptional circumstances. Their purpose is** to punish a defendant for its wrongful conduct and to protect the public by deterring or discouraging a defendant and others from doing the same or similar wrongs in the future.

Before you can award punitive damages you must have decided all of the following five things: (1) to award Mr. Spears compensatory or nominal damages; (2) that at least five days before May 30, 2023, Plaintiff Kai Spears sent a written demand to The Times that it publicly retract the statement—a retraction is a withdrawal of the statement; (3) that The Times did not, within five days of the written demand, publish a full and fair retraction in as prominent and public place or manner as it published the original Article; (4) that Mr. Spears has proved by clear and convincing evidence that The Times published the alleged **[implied defamatory meaning**/defamatory statement] with actual malice; and (5) that Mr. Spears has proved by clear and convincing evidence that The Times consciously or deliberately acted toward Mr. Spears with wantonness or common law malice.

You will recall from my earlier instruction that actual malice **[has two parts. The first part/(omit)]** is whether, **at the time of publication**, The Times knew of or recklessly disregarded the falsity of the **[implied statement**/the statements regarding Kai Spears in the Article]. **[The second part of the test is whether, at**

**the time of publication, The Times intended to communicate the implied defamatory meaning or recklessly disregarded the implied defamatory meaning./(omit)] [Both of these parts/**Actual malice**]** must be proven by clear and convincing evidence.

In addition to actual malice, Mr. Spears must also prove by clear and convincing evidence that The Times consciously or deliberately acted toward Mr. Spears with wantonness or common law malice.

Wantonness is conduct that is carried on with a reckless or conscious disregard of Mr. Spears's rights.

Common law malice is distinct from actual malice. Common law malice is the intentional doing of a wrongful act without just cause or excuse with an intent to harm Mr. Spears's reputation or lower his esteem in the community, or make others not want to associate with Mr. Spears.

Clear and convincing evidence, as I explained to you earlier, is a higher standard of proof than preponderance of the evidence. It is an intermediate standard that lies between proof by a preponderance of the evidence and proof beyond a reasonable doubt. Clear and convincing evidence means evidence that, when weighed against opposing evidence, produces in your mind a firm conviction and a high probability that your conclusion is correct.

If Mr. Spears fails to prove each of these legal requirements by clear and convincing evidence, you may not award punitive damages for the defamation claim. If, and only if, Mr. Spears does prove each of these legal requirements by clear and convincing evidence, you may—but are not required to—award punitive damages in an amount that you find appropriate to punish The Times for its conduct and to deter similar conduct in the future.

Source: APJI 34.18 (modified); *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 350 (1974) (private-figure plaintiffs suing on matters of public concern "may not recover…presumed or punitive damages, at least when liability is not based on a showing of knowledge of falsity or reckless disregard for the truth"); *Moore v. Cecil,* 2026 U.S. App. LEXIS 11832, at *32-33 (11th Cir. Apr. 24, 2026) ("In a defamation by implication case, the plaintiff must show by clear and convincing evidence not only (1) that the defendant knew of or recklessly disregarded the falsity of the implied defamatory statement, but also (2) that the defendant 'intend[ed] to communicate the defamatory meaning' or recklessly disregarded the defamatory meaning—i.e., 'the defendant [] knew that the defamatory meaning was not just possible, but likely, and still made the statement despite their knowledge of that likelihood.'"); *id.* at *37 ("[D]iscredited testimony is not considered a sufficient basis for drawing a contrary conclusion" and finding actual malice; "[t]o establish actual malice by clear and convincing evidence, Moore needed more evidence than just the jury's disbelief of SMP's witnesses to establish that SMP intended the defamatory implied meaning in the ad or acted with reckless disregard to the defamatory implied meaning."); *id.* at *39 ("[C]onstitutional malice does not flow from a finding…[that] the [publication] may be capable of supporting the impression the plaintiff claims;" "[s]imply because a statement reasonably can be read to contain a defamatory inference does not mean that the publisher of the statement either intended the statement to contain such a defamatory implication or even knew the readers could reasonably interpret the statements to contain the defamatory implication."); *id.* at *43 ("A defendant's efforts to verify the accuracy of its statements militates against a

finding of actual malice;" "[t]he publisher who maintains a standard of care such as to avoid knowing falsehood or reckless disregard of the truth is…given assurance that those errors that nonetheless occur will not lay him open to an indeterminable financial liability.") (quoting *Time, Inc. v. Pape,* 401 U.S. 279, 291 (1971)); *id.* at * 44 ("[A] negligent error is not a basis for a finding of actual malice;" [t]he First Amendment cautions courts against intruding too closely into questions of editorial judgment, such as the choice of specific words."); *Michel v. NYP Holdings, Inc.,* 816 F.3d 686, 703 (11th Cir. 2016) ("This actual malice test is subjective….The test is not an objective one and the beliefs or actions of a reasonable person are irrelevant;" "there must be some showing that the defendant purposefully avoided further investigation with the intent to avoid the truth"); *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.,* 6 F.4th 1247, 1252 (11th Cir. 2021) ("This actual malice test is subjective; the public-figure plaintiff must show that the defendant in fact entertained serious doubts as to the truth of the statement."); *Fults v. GDCP Warden,* 764 F.3d 1311, 1314 (11th Cir. 2014) ("The 'clear and convincing' standard [is] an intermediate standard of proof that lies between proof by a preponderance of the evidence and proof beyond a reasonable doubt. It requires proof that a claim is highly probable."); *Masson v. New Yorker Mag., Inc.,* 501 U.S. 496, 510 (1991) ("Actual malice under the New York Times standard should not be confused with the concept of malice as an evil intent or a motive arising from spite or ill will."); *Dunn v. Air Line Pilots Ass'n,* 193 F.3d 1185, 1198 n. 17 (11th Cir. 1999) ("Ill-will, improper motive or personal animosity plays no role in determining whether a defendant acted with actual malice."); Ala. Code § 6-11-20; *Gray v. Koch Foods, Inc.*, 144 F.4th 1298 (11th Cir. 2025) ("Under Alabama law, clear and convincing evidence 'will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion.'") (quoting Ala. Code § 6-11-20(b)(4)).

GIVEN ______________ REFUSED _______________

**_*AGREED*_ Proposed Charge No. 20**

Punitive Damages—Damages Limited to Defendant's Conduct

No defendant shall be liable for any punitive damages unless you first find that it has engaged in conduct, as I have defined it for you, warranting punitive damages. The Times shall be liable only for punitive damages, if any, commensurate with its own conduct.

Source: Ala. Code § 6-11-21(e).

GIVEN ________________ REFUSED ________________

## ***AGREED*** **Proposed Charge No. 21**

Punitive Damages Not to Be Based on Out-of-State Conduct

In considering the issue of punitive damages, you may not impose punitive damages against The Times for out-of-state conduct unrelated to Mr. Spears's claims. Accordingly, you may not impose punitive damages against The Times for any injuries that may have occurred in other states, or for the purpose of changing The Times's conduct in another state.

Source: *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 409 (2003); *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 585 (1996); *N.Y. Life Ins. Co. v. Head,* 234 U.S. 149, 161 (1914); *White v. Ford Motor Co.,* 312 F.3d 998, 1020 (9th Cir. 2002).

GIVEN ________________ REFUSED ________________

**_*AGREED*_ Proposed Charge No. 22**

Punitive Damages—Not to Be Based on Size, Profits, or Revenues

In determining the proper amount of punitive damages, if any, you may not consider The Times's size or overall profits and revenues.

Source: *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003); *Cooper Industries v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 442 (2001); *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 574–85 (1996); *Honda Motor Co. v. Oberg,* 512 U.S. 415, 432 (1994); *TXO Production Corp. v. Alliance Resources Corp.,* 509 U.S. 443, 464 (1993); *Pacific Mutual Life Insurance Co. v. Haslip,* 499 U.S. 1 (1991).

GIVEN _______________ REFUSED _______________

**<u>*AGREED* Proposed Charge No. 23</u>**

<u>False Light Invasion of Privacy—Elements</u>

I will now turn to Mr. Spears's second claim, which is for false light invasion of privacy. For the false light invasion of privacy count, Mr. Spears says The Times publicized implicitly false information about him and that he was placed in a false light in the public eye. Mr. Spears says the false information was that he was in a car at the scene of the shooting and that this placed him in a false light by implying that he was reprehensibly involved in the events of the shooting. The Times denies these claims.

To recover, Mr. Spears must prove each of the following five elements.

(1) that The Times intentionally publicized implicitly false information about Mr. Spears. Information is publicized if it is communicated to the public at large or to so many people that the information is substantially certain to become public knowledge.

(2) that The Times knew at the time of publication that the information was implicitly false, or it acted with reckless disregard about whether it was false or not.

(3) that The Times knew when it publicized the information it would place Mr. Spears in a false light, or The Times acted with reckless disregard as to whether Mr. Spears would or would not be placed in a false light.

(4) that the information placed Mr. Spears in a false light in the public eye and the false light would be highly offensive to a reasonable person. A false light is "highly offensive" only when there is such a major misrepresentation of one's character, history, activities, or beliefs that serious offense may reasonably be expected to be taken by a reasonable person in Mr. Spears's position. Not every inaccuracy or unflattering portrayal rises to this level. The false light must involve a major misrepresentation, not merely a minor or insignificant one; and

(5) that the false light Mr. Spears was placed in caused him harm.

For elements (1), (4), and (5) above, Mr. Spears must prove those elements to your reasonable satisfaction from the evidence.

For elements (2) and (3), Mr. Spears must prove those elements by clear and convincing evidence. These two elements reflect the two parts of the actual malice standard, that I previously explained, as it applies to a case involving an alleged false implication.

For element (2), Mr. Spears must prove by clear and convincing evidence that The Times knew the implied meaning conveyed by the Article was false, or that The Times acted with reckless disregard as to whether the implied meaning was false.

For element (3), Mr. Spears must prove by clear and convincing evidence that The Times intended the Article to convey the false light meaning—that Mr. Spears

was reprehensibly involved in the events of the shooting—or that The Times recklessly disregarded that the Article conveyed that meaning. In other words, Mr. Spears must prove by clear and convincing evidence that The Times knew the false light meaning was not just possible, but likely, and still published the Article despite that knowledge. It is not enough for Mr. Spears to prove that the Article can be read to place him in a false light. Mr. Spears must prove that The Times actually intended or recklessly disregarded the false light meaning. Mr. Spears must prove both of these elements by clear and convincing evidence. If he fails to prove either one, you must find for The Times on the false light claim.

Clear and convincing evidence means evidence that, when weighed against opposing evidence, produces in your mind a firm conviction and a high probability that your conclusion is correct. It requires a level of proof greater than proof to your reasonable satisfaction from the evidence, but less than proof beyond a reasonable doubt. To meet this standard on elements (2) and (3), Mr. Spears must prove that it is highly probable that The Times knew the information was false or acted with reckless disregard as to its falsity, and that it is highly probable that The Times knew the publication would place Mr. Spears in a false light or acted with reckless disregard as to whether he would be placed in a false light.

In considering elements (2) and (3), you must determine The Times's actual state of mind when it published the information. You must not consider whether a

reasonably prudent publisher would have published the information or whether a reasonably prudent publisher would have investigated further before publishing it. The beliefs or actions of a reasonable publisher are irrelevant to this inquiry.

You are to evaluate this false light claim separately from the defamation claim. False light is a distinct claim with its own elements. A false light claim may be maintained even if the false statement is not necessarily defamatory.

If Mr. Spears proved all of the things I provided to you above—elements (1), (4), and (5) to your reasonable satisfaction from the evidence, and elements (2) and (3) by clear and convincing evidence—then you must find for him on the false light claim and then you must determine an amount of money to award him.

If Mr. Spears did not prove all of these things, you must find for The Times on the false light claim.

Source: APJI 49.03 (modified); *Regions Bank v. Plott,* 897 So. 2d 239, 244 (Ala. 2004) (stating elements of false light claim and requiring defendant's "knowledge of or acted in reckless disregard" as to falsity); *Flickinger v. King,* 385 So. 3d 504, 517 (Ala. 2023) (stating that, to establish false light, plaintiff must show (1) the defendant gave publicity to a matter concerning another that places the other before the public in a false light; (2) the false light in which the other was placed would be highly offensive to a reasonable person, and (3) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed); *Schifano v. Greene County Greyhound Park, Inc.*, 624 So. 2d 178, 180 (Ala. 1993) (adopting Restatement (Second) of Torts § 652E); *Butler v. Town of Argo*, 871 So. 2d 1, 12 (Ala. 2003) (distinguishing false light from defamation as independent torts); *Gary v. Crouch*, 867 So. 2d 310, 318 (Ala. 2003) (a statement need not be defamatory to be highly offensive for false light purposes);

*Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 6 F.4th 1247, 1252 (11th Cir. 2021); *Moore v. Cecil,* 2026 U.S. App. LEXIS 11832 (11th Cir. Apr. 24, 2026); *Gray v. Koch Foods, Inc.*, 144 F.4th 1298 (11th Cir. 2025) ("Under Alabama law, clear and convincing evidence 'will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion.'") (quoting Ala. Code § 6-11-20(b)(4))

GIVEN _______________ REFUSED ________________

**<u>*AGREED* Proposed Charge No. 24</u>**
<u>False Light Invasion of Privacy—Nominal Damages</u>

If Plaintiff Kai Spears did not prove that the false light invasion of privacy caused him substantial harm but proved all of the other elements of his false light invasion of privacy claim, you may award nominal damages. Nominal damages are a very small amount, usually $1.00.

Source: APJI 49.04 (modified to specify false light).

GIVEN ______________ REFUSED _______________

**_AGREED_ Proposed Charge No. 25**

False Light Invasion of Privacy—Compensatory Damages

If—and only if—you find for Mr. Spears on the false light claim, you must then decide the amount of compensatory damages, if any, to award him.

Mr. Spears asks for compensatory damages for emotional distress including shame and humiliation, and harm to his reputation.

You should award compensatory damages if Mr. Spears reasonably satisfied you from the evidence that the false light invasion of his privacy caused him actual harm. These damages are an amount of money that will fairly and reasonably compensate Mr. Spears for that harm.

Damages for actual harm are not limited to out-of-pocket loss. You may consider emotional distress including shame and humiliation suffered by Mr. Spears as a result of being placed in a false light, harm to Mr. Spears's reputation, and any other actual harm that was a direct result of the false light publication, so long as it is supported by the evidence.

Any award of compensatory damages must be supported by evidence. Damages must not be based on speculation, guesswork, or sympathy. You must use your sound judgment to determine what amount, if any, has been proved.

If you also find for Mr. Spears on the defamation claim, you must be careful to avoid awarding duplicative damages. You may not award damages for the same harm twice across the two claims.

Source: APJI 49.05; *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 349-50 (1974)

GIVEN _______________ REFUSED ________________

**The Times's Proposed Charge No. 14 – *DISPUTES IN BOLD***

False Light Invasion of Privacy—Punitive Damages

Punitive damages are **not favored in the law and are to be awarded only in exceptional circumstances. Their purpose is** to punish a defendant for its wrongful conduct and to protect the public by deterring or discouraging a defendant and others from doing the same or similar wrongs in the future.

Before you can award punitive damages on the false light claim, you must have decided to award compensatory damages to Mr. Spears on that claim.

In order to find for Mr. Spears on the false light claim, you have already been required to find by clear and convincing evidence that The Times knew the Article was false or acted with reckless disregard about whether it was false or not, and that The Times knew the Article would place Mr. Spears in a false light or acted with reckless disregard as to whether he would be placed in a false light.

In addition to actual malice, in order to recover punitive damages for the false light claim, Mr. Spears must also prove by clear and convincing evidence that The Times consciously or deliberately acted toward Mr. Spears with wantonness or common law malice. Again, clear and convincing evidence means evidence that, when weighed against opposing evidence, produces in your mind a firm conviction and a high probability that your conclusion is correct.

Wantonness is conduct that is carried on with a reckless or conscious disregard of Mr. Spears's rights.

Common law malice is distinct from actual malice. Common law malice is the intentional doing of a wrongful act without just cause or excuse with an intent to harm Mr. Spears's reputation or lower his esteem in the community, or make others not want to associate with Mr. Spears.

If Mr. Spears fails to prove each of these legal requirements by clear and convincing evidence, you may not award punitive damages for the false light claim. If and only if Mr. Spears does prove each of these legal requirements by clear and convincing evidence, you may—but are not required to—award punitive damages if you find that The Times's conduct was sufficiently egregious to warrant punishment and deterrence. If you do award punitive damages, the amount of the award is determined by the character and degree of The Times's wrongful conduct and the necessity to prevent the same or similar wrongful conduct by it and others in the future.

If you do not find that The Times's conduct warrants punitive damages, you should not award them, even if you have found for Mr. Spears on the false light claim.

Source: APJI 49.06 (modified); *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 349-50 (1974); *Moore v. Cecil,* 2026 U.S. App. LEXIS 11832 (11th Cir. Apr. 24, 2026)*;* Ala. Code § 6-11-20; ; *Gray v. Koch Foods, Inc.*, 144 F.4th 1298 (11th Cir. 2025) ("Under Alabama law, clear and convincing evidence 'will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion.'") (quoting Ala. Code § 6-11-20(b)(4))

GIVEN _______________ REFUSED ________________

**<u>*AGREED* Proposed Charge No. 26</u>**

<u>No Double Recovery</u>

Mr. Spears asserts two claims in this case — one for defamation and one for false light invasion of privacy. These are separate and independent claims, and you must consider each one independently as I instructed you to do.

If you find for Mr. Spears on both claims, you must be careful to avoid awarding duplicative damages. Both claims arise from the same article published by The Times. Much of the harm Mr. Spears alleges—including a lessened reputation and loss of standing in the community, personal shame and humiliation, emotional distress, and mental anguish and suffering—may overlap between the two claims. You may not award damages for the same harm twice.

You should determine what total sum, if any, will fairly compensate Mr. Spears for all actual harm proved, without duplication. Any overlap between the two claims must not result in a double recovery.

Source: *Ex parte Goldsen,* 783 So. 2d 53 (Ala. 2000); *Shepherd v. Maritime Overseas Corp.,* 614 So. 2d 1048, 1051 (Ala. 1993)

GIVEN ______________ REFUSED _______________

**_*AGREED*_ Proposed Charge No. 27**
Duty to Deliberate

Of course, the fact that I have given your instructions concerning the issue of damages should not be interpreted in any way as an indication that I believe that Mr. Spears should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest it to seek the truth from the evidence in the case.

Source: 3.8.1 Duty to Deliberate, 11th Cir. Pattern Jury Instructions, Civil Cases, Dec. 15, 2025

GIVEN _______________ REFUSED ________________

**<u>*AGREED* Proposed Charge No. 28</u>**
<u>Quotient Verdict</u>

If you decide that Mr. Spears is entitled to recover damages, you must determine the amount of those damages from the evidence and these instructions, using the considered judgment of each juror. You cannot agree before arriving at a verdict that each juror will separately determine the amount of the award, total the separate figures, and then divide the number by [INSERT NUMBER OF JURORS] to determine the amount to award Mr. Spears.

Source: APJI 24.01; *United States v. 4925 Acres of Land,* 143 F.2d 127, 128 (5th Cir. 1944) ("Quotient verdicts have been generally denominated as 'gambling verdicts' and this is an improper method to be used by jurors in arriving at a verdict. The instruction [allowing the jury to return a quotient verdict] constituted reversible error."); *Bonner v. City of Prichard,* 661 F.2d 1206 (5th Cir. 1981) (recognizing that Fifth Circuit Court of Appeals decisions released prior to October 1, 1981 are binding precedent within the Eleventh Circuit Court of Appeals).

GIVEN ______________ REFUSED _______________

**_AGREED_ Proposed Charge No. 29**

Election of Foreperson; Explanation of Verdict Form

When you get to the jury room, choose one of your members to act as a foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[EXPLAIN VERDICT FORM]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Source: 3.9 Election of Foreperson Explanation of Verdict Form, 11th Cir. Pattern Jury Instructions, Civil Cases, Dec. 15, 2025

GIVEN ______________ REFUSED _______________

Respectfully submitted,

*/s/ Matthew J. Winne*

Michael L. Bell
*mbell@lightfootlaw.com*
John G. Thompson
*jthompson@lightfootlaw.com*
Mattthew J. Winne
*mwinne@lightfootlaw.com*
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200
(205) 581-0700
(205) 581-0799 (facsimile)

Chad R. Bowman (*pro hac vice*)
*bowmanchad@ballardspahr.com*
Emmy Parsons (*pro hac vice*)
*parsonse@ballardspahr.com*
Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
(202) 661-2200
(202) 661-2299 (facsimile)

**Attorneys for Defendant**
**The New York Times Company**

*/s/ R. Matt Glover (w/ permission)*

R. Matt Glover
PRINCE GLOVER HAYES
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, AL 35406
Phone: (205) 345-1234
Fax: (205) 752-6313
Email: mglover@princelaw.net

Stephen P. New
NEW, TAYLOR & ASSOCIATES
430 Harper Park Drive
P.O. Box 5516
Beckley, WV 25801
Telephone: 304-250-6017
Facsimile: 304-250-6012
Email: steve@newlawoffice.com

Mary Virginia Buck
BUCK LAW
13112 Martin Road Spur Northport, AL 35473
Phone: (205) 752-6773
Email: bucklaw@charter.net

**Attorneys for Plaintiff**
**Kai Spears**

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 17th day of August 2026, I sent the foregoing to the Court and to the following counsel of record via email:

R. Matt Glover
PRINCE GLOVER HAYES
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, AL 35406
Phone: (205) 345-1234
Fax: (205) 752-6313
Email: mglover@princelaw.net

Stephen P. New
NEW, TAYLOR & ASSOCIATES
430 Harper Park Drive
P.O. Box 5516
Beckley, WV 25801
Telephone: 304-250-6017
Facsimile: 304-250-6012
Email: steve@newlawoffice.com

Mary Virginia Buck
BUCK LAW
13112 Martin Road Spur Northport, AL 35473
Phone: (205) 752-6773
Email: bucklaw@charter.net

*<u>/s/ Matthew J. Winne</u>*
OF COUNSEL