FILED
2026 Aug-27 PM 01:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **KAI SPEARS,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case No. 7:23-cv-692-ACA** |
| | ] | |
| **THE NEW YORK TIMES COMPANY,** | ] | |
| | ] | |
| **Defendant.** | | |

## FINAL INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations. Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must

be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

In deciding whether any fact has been proven, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?
4. Did the witness seem to have a good memory?
5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
6. Did the witness appear to understand the questions clearly and answer them directly?
7. Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

The defendant presented exhibits in the form of charts and summaries. By agreement of the parties, these charts and summaries are admitted to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

**The Claims in this Case**

Mr. Spears brings two claims against The New York Times. Count One is for defamation. Count Two is for false light invasion of privacy. I will explain each claim in more detail in a moment, but each of these claims is based on the publication of The New York Times's article that has been presented to you as evidence. That

article is titled "A Fourth Alabama Player Was at a Deadly Shooting, in a Car Hit by Bullets," and it was published at 7:10pm on March 15, 2023 ("the Article"). The Article is marked as Exhibit 1. For each claim you should consider the publication as a whole, including any headlines, photographs, captions, and the context in which the statements appeared. You should consider the fair and natural meaning that reasonable readers of ordinary intelligence would give the entire publication.

You must not isolate individual words or phrases from the rest of the publication to create a meaning that the publication as a whole does not convey. The question is what meaning the publication, taken as a whole and in context, would convey to a reasonable reader.

You should consider Mr. Spears's defamation claim and his false light invasion of privacy claim separately, as they are independent claims with different elements and different standards of proof. I will now instruct you on the law for Mr. Spears's defamation claim, followed by the law for Mr. Spears's false light invasion of privacy claim.

**Defamation**

Mr. Spears's first claim is that The New York Times defamed him. There are five elements Mr. Spears must prove to succeed on a defamation claim: (1) that The New York Times made a materially false statement about Mr. Spears; (2) that the statement was defamatory; (3) that The New York Times published the false

statements to another person; (4) that The New York Times was at least negligent; and (5) damages. The New York Times concedes that it published the Article to someone other than Mr. Spears. Mr. Spears must prove the first, second, and fourth elements by a preponderance of the evidence.

Preponderance of the evidence means an amount of evidence that is enough to persuade you that Mr. Spears's claim is more likely true than not true. In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

A statement is false if you find by a preponderance of the evidence that the statements made about him are false in all material respects. Minor inaccuracies do not amount to falsity so long as the substance, the gist, the sting, of the libelous charge be justified. The term "substantially false" does not mean somewhat false or partially false. A statement is false if "it would have a different effect on the mind of the reader from that which the . . . truth would have produced." In this sense, you are tasked with comparing what you determine the Article conveyed about his involvement in the shooting against what the Article could have truthfully reported about Mr. Spears based on the evidence you have now heard.

Mr. Spears must also prove the materially false statement conveyed a defamatory meaning. The statement conveys a defamatory meaning if it exposed Mr.

Spears to disgrace, ridicule, odium, or contempt in the estimation of his friends, acquaintances, or the public. It is for you to determine whether the meaning that Mr. Spears claims is conveyed by the statement was in fact understood as defamatory considering the Article in its entirety. In making this determination, you must consider the meaning of the words that would be ascribed to the Article by an ordinary reader or a reader of average intelligence, reading the Article as a whole, considering the fair and natural meaning of all its parts together. You must not isolate any individual sentence or phrase and treat it as separately defamatory apart from the Article as a whole.

If you find that the materially false statement, in the context of the Article read as a whole by a reasonable reader, does not convey a meaning that exposed Mr. Spears to disgrace, ridicule, odium, or contempt in the estimation of his friends, acquaintances, or the public, then you must find for The New York Times on the defamation claim.

If you find by a preponderance of the evidence that the materially false statements – read in the context of the entire Article as understood by a reasonable reader –does convey a defamatory meaning, then you must determine whether The New York Times was negligent in publishing the Article. The New York Times was negligent only if at the time of publication, it failed to exercise the care that a reasonably prudent publisher would have exercised. If you find that Mr. Spears has

not proved that The New York Times was negligent in publishing the Article, you must find for The New York Times on the defamation count.

In determining whether the defendant acted as a reasonably prudent publisher under the circumstances, you may take into account the thoroughness of the check that a reasonable person would make before publishing the statement, the nature of the interests that the defendant was seeking to promote in publishing the statement, and the extent of damage to which the statement exposed the plaintiff's reputation, among any other relevant facts.

If you find that Mr. Spears has proved that The New York Times was negligent, you may proceed to the fifth and final element: damages.

Because Mr. Spears is a private person and the speech at issue relates to a matter of public concern, in order for Mr. Spears to recover compensatory damages for his defamation claim, Mr. Spears must also prove either: (a) that he suffered actual harm from the Article by a preponderance of the evidence, or (b) that The New York Times published the Article with actual malice by clear and convincing evidence.

*Actual Harm*

Compensatory damages for actual harm are intended to fairly and reasonably compensate Mr. Spears for the actual harm he suffered as a direct result of The New York Times's publication. Actual harm is not limited to out-of-pocket financial loss.

You may consider emotional distress, mental anguish, and harm to Mr. Spears's reputation, so long as it is supported by the evidence.

You may not award damages for harm caused by true information in the Article or by the mere fact that The New York Times published an article about Mr. Spears or about the shooting. If portions of the Article are true—or if the Article caused Mr. Spears embarrassment or discomfort for reasons unrelated to the defamatory meaning—those are not a proper basis for compensatory damages.

An award of compensatory damages for actual harm must be supported by evidence. These damages must not be based on speculation, guesswork, or sympathy. You must use your sound judgment to determine what amount, if any, has been proved by a preponderance of the evidence. Recall that a preponderance of the evidence means an amount of evidence that is enough to persuade you that Mr. Spears's claim is more likely true than not true.

*Actual Malice*

If Mr. Spears proves by clear and convincing evidence that — at the time the Article was published — the New York Times published the Article with actual malice, the law presumes that Mr. Spears's reputation was damaged and he suffered mental anguish.

Clear and convincing evidence is a higher standard of proof than preponderance of the evidence. It is an intermediate standard that lies between proof

by a preponderance of the evidence and proof beyond a reasonable doubt. Clear and convincing evidence means evidence that, when weighed against opposing evidence, produces in your mind a firm conviction and a high probability that your conclusion is correct.

Actual malice is a subjective test that requires you to determine whether, at the time the Article was published, The New York Times knew of or recklessly disregarded the falsity of the claimed defamatory statement. You must determine The Times's actual state of mind when it published the Article. You must not consider whether a reasonably prudent publisher would have published the Article or whether a reasonably prudent publisher would have investigated before publishing it. The beliefs or actions of a reasonable publisher are irrelevant to this inquiry. That means Mr. Spears must prove that when The New York Times published the statement, either: (1) The New York Times knew the statement was false; (2) The New York Times had a high degree of awareness that the statement was false; or (3) The New York Times had a serious doubt that the statement was true.

A negligent error is not a basis for finding actual malice. And actual malice should not be confused with malice as an evil intent or a motive arising from spite or ill will. If you find that any of The New York Times's employees were so motivated toward Mr. Spears, you may consider such state of mind as evidence that

the employee might have published the Article knowing that it was false, or with a high degree of awareness of likely falsity.

The amount you award is up to you, but you must base the award on sound judgment and the evidence in this case. The award must reasonably compensate Mr. Spears for the harm to his reputation and for mental anguish.

*Minimizing the Harm*

In this case, The New York Times asserts the affirmative defense of mitigation of damages. With respect to this defense, The New York Times says that Mr. Spears did not mitigate, or lessen, the harm. Mr. Spears must have used the efforts that a reasonably prudent person would have used to minimize the harm he claims was caused by The New York Times's conduct. This is called mitigation of damages. Mr. Spears can recover only the money compensation that would be due if a reasonable effort had been made.

To prevail on this specific defense only, The New York Times must prove to your reasonable satisfaction from the evidence that Mr. Spears did not mitigate his damages.

*Mitigation by Retraction*

Under Alabama law, The New York Times may also show that Mr. Spears's damages have been mitigated if: first, the Article was published in good faith, by mistake, or through inadvertence of misapprehension; and second, The New York

Times retracted the Article in the same medium in which it appeared, and did so in a prominent position in that medium. The burden of proving mitigation by retraction is on The New York Times.

I will now explain to you what constitutes a retraction that satisfies the law. A retraction is a withdrawal or taking back of the statements that Mr. Spears says were defamatory. To qualify as a retraction under the law, The New York Times must have published the retraction in the same medium in which the original statement appeared. The retraction must also have been given a prominent position in that medium. A prominent position means the retraction was placed or presented in such a way that it would be likely to come to the attention of those who saw or heard the original statements. Whether the retraction appeared in a prominent position is a question of fact for you to decide based on the evidence.

In addition to proving that there was an adequate retraction, The New York Times must also prove that the statements Mr. Spears says were defamatory were made in good faith—that is, The New York Times did not know the statement was false at the time it was made. The New York Times must show that the statement resulted from an honest mistake, inadvertence, or misapprehension, and was not made with knowledge of its falsity or with a deliberate intent to injure Mr. Spears.

If The New York Times proved both of these things—good faith in making the original statements and an adequate retraction in the same medium in a prominent

position—you should consider the retraction in deciding the amount of damages, if any, to award Mr. Spears. A retraction that satisfies these requirements does not defeat Mr. Spears's claim, but you may consider it as a factor that reduces or lessens the damages Mr. Spears is entitled to.

If you decide that Mr. Spears is entitled to recover damages, you must determine the amount of those damages from the evidence and these instructions, using the considered judgment of each juror. You cannot agree before arriving at a verdict that each juror will separately determine the amount of the award, total the separate figures, and then divide the number by eight to determine the amount to award Mr. Spears.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail on this claim.

**False Light Invasion of Privacy**

I will now turn to Mr. Spears's second claim, which is for false light invasion of privacy. For the false light invasion of privacy count, Mr. Spears says The New York Times publicized false information about him and that he was placed in a false light in the public eye. Mr. Spears says the false information was that he was in a car at the scene of the shooting and that this placed him in a false light by implying that

he was reprehensibly involved in the events of the shooting. The New York Times denies these claims.

*Elements*

To recover, Mr. Spears must prove each of the following five elements:

1) that The New York Times intentionally publicized false information about Mr. Spears. Information is publicized if it is communicated to the public at large or to so many people that the information is substantially certain to become public knowledge.
2) that The New York Times knew at the time of publication that the information was false, or it acted with reckless disregard about whether it was false or not.
3) that The New York Times knew when it publicized the information it would place Mr. Spears in a false light, or The New York Times acted with reckless disregard as to whether Mr. Spears would or would not be placed in a false light.
4) that the information placed Mr. Spears in a false light in the public eye and the false light would be highly offensive to a reasonable person. A false light is "highly offensive" only when there is such a major misrepresentation of one's character, history, activities, or beliefs that serious offense may reasonably be expected to be taken by a reasonable

person in Mr. Spears's position. Not every inaccuracy or unflattering portrayal rises to this level. The false light must involve a major misrepresentation, not merely a minor or insignificant one; and

5) that the false light Mr. Spears was placed in caused him harm.

For elements (1), (4), and (5) above, Mr. Spears must prove those elements by a preponderance of the evidence.

For elements (2) and (3), Mr. Spears must prove those elements by clear and convincing evidence. These two elements reflect the two parts of the actual malice standard, that I previously explained, as it applies to a case involving an alleged false statement.

For element (2), Mr. Spears must prove by clear and convincing evidence that The New York Times knew the meaning conveyed by the Article was false, or that The New York Times acted with reckless disregard as to whether the meaning was false.

For element (3), Mr. Spears must prove by clear and convincing evidence that The New York Times intended the Article to convey the false light meaning—that Mr. Spears was reprehensibly involved in the events of the shooting—or that The New York Times recklessly disregarded that the Article conveyed that meaning. In other words, Mr. Spears must prove by clear and convincing evidence that The New York Times knew the false light meaning was not just possible, but likely, and still

published the Article despite that knowledge. It is not enough for Mr. Spears to prove that the Article can be read to place him in a false light. Mr. Spears must prove that The New York Times actually intended or recklessly disregarded the false light meaning. Mr. Spears must prove both of these elements by clear and convincing evidence. If he fails to prove either one, you must find for The New York Times on the false light claim.

Clear and convincing evidence means evidence that, when weighed against opposing evidence, produces in your mind a firm conviction and a high probability that your conclusion is correct. It requires a level of proof greater than proof by a preponderance of the evidence, but less than proof beyond a reasonable doubt. To meet this standard on elements (2) and (3), Mr. Spears must prove that it is highly probable that The New York Times knew the information was false or acted with reckless disregard as to its falsity, and that it is highly probable that The New York Times knew the publication would place Mr. Spears in a false light or acted with reckless disregard as to whether he would be placed in a false light.

In considering elements (2) and (3), you must determine The New York Times's actual state of mind at the time it published the information. You must not consider whether a reasonably prudent publisher would have published the information or whether a reasonably prudent publisher would have investigated

further before publishing it. The beliefs or actions of a reasonable publisher are irrelevant to this inquiry.

You are to evaluate this false light claim separately from the defamation claim. False light is a distinct claim with its own elements. A false light claim may be maintained even if the false statement is not necessarily defamatory.

If Mr. Spears proved all of the things I provided to you above—elements (1), (4), and (5) to your reasonable satisfaction from the evidence, and elements (2) and (3) by clear and convincing evidence—then you must find for him on the false light claim and then you must determine an amount of money to award him.

If Mr. Spears did not prove all these things, you must find for The New York Times on the false light claim.

If Mr. Spears did not prove that the false light invasion of privacy caused him substantial harm but proved all the other elements of his false light invasion of privacy claim, you may award nominal damages. Nominal damages are a very small amount, usually $1.00.

If—and only if—you find for Mr. Spears on the false light claim, you must then decide the amount of compensatory damages, if any, to award him.

Mr. Spears asks for compensatory damages for emotional distress including shame and humiliation, and harm to his reputation. You should award compensatory damages if Mr. Spears reasonably satisfied you from the evidence that the false light

invasion of his privacy caused him actual harm. These damages are an amount of money that will fairly and reasonably compensate Mr. Spears for that harm.

Damages for actual harm are not limited to out-of-pocket loss. You may consider emotional distress including shame and humiliation suffered by Mr. Spears as a result of being placed in a false light, harm to Mr. Spears's reputation, and any other actual harm that was a direct result of the false light publication, so long as it is supported by the evidence.

Any award of compensatory damages must be supported by evidence. Damages must not be based on speculation, guesswork, or sympathy. You must use your sound judgment to determine what amount, if any, has been proved.

If you also find for Mr. Spears on the defamation claim, you must be careful to avoid awarding duplicative damages. You may not award damages for the same harm twice across the two claims.

Punitive damages can be awarded to punish a defendant for its wrongful conduct and to protect the public by deterring or discouraging a defendant and others from doing the same or similar wrongs in the future.

Before you can award punitive damages on the false light claim, you must have decided to award compensatory or nominal damages to Mr. Spears on that claim.

In order to find for Mr. Spears on the false light claim, you have already been required to find by clear and convincing evidence that The New York Times knew the Article was false or acted with reckless disregard about whether it was false or not, and that The New York Times knew the Article would place Mr. Spears in a false light or acted with reckless disregard as to whether he would be placed in a false light.

If Mr. Spears fails to prove each of these legal requirements by clear and convincing evidence, you may not award punitive damages for the false light claim. If and only if Mr. Spears does prove each of these legal requirements by clear and convincing evidence, you may—but are not required to—award punitive damages if you find that The New York Times's conduct was sufficiently egregious to warrant punishment and deterrence. If you do award punitive damages, the amount of the award is determined by the character and degree of The New York Times's wrongful conduct and the necessity to prevent the same or similar wrongful conduct by it and others in the future.

If you do not find that The New York Times's conduct warrants punitive damages, you should not award them, even if you have found for Mr. Spears on the false light claim.

If you decide that Mr. Spears is entitled to recover damages, you must determine the amount of those damages from the evidence and these instructions,

using the considered judgment of each juror. You cannot agree before arriving at a verdict that each juror will separately determine the amount of the award, total the separate figures, and then divide the number by eight to determine the amount to award Mr. Spears.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail on this claim.

Note that Mr. Spears's two claims in this case are separate and independent claims, and you must consider each one independently as I instructed you to do. If you find for Mr. Spears on both claims, you must be careful to avoid awarding duplicative damages. Both claims arise from the same Article published by The New York Times. Much of the harm Mr. Spears alleges—including a lessened reputation and loss of standing in the community, personal shame and humiliation, emotional distress, and mental anguish and suffering—may overlap between the two claims. You may not award damages for the same harm twice.

You should determine what total sum, if any, will fairly compensate Mr. Spears for all actual harm proved, without duplication. Any overlap between the two claims must not result in a double recovery.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should

be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.