FILED
2026 Sep-28 PM 03:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KAI SPEARS,<br>Plaintiff,<br><br>v.<br><br>THE NEW YORK TIMES COMPANY,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>23-CV-00692-ACA |

**DEFENDANT THE NEW YORK TIMES COMPANY'S**
**MOTION FOR REMITTITUR**

In the alternative to its Post-Verdict Renewed Motion for Judgment as a Matter of Law, The Times submits this Motion for Remittitur. This Motion is based on the trial record, including the testimony of the witnesses, the exhibits admitted at trial, the instructions to the jury, and The Times's contemporaneously-filed Memorandum of Law in Support of Its Motion for Remittitur. The Times further states as follows:

1. The jury's $1,000,000 compensatory damages award on the false light invasion of privacy claim exceeds the maximum amount supported by the evidence and should be remitted.

2. Spears offered no evidence of pecuniary loss. He offered no evidence that anyone within his social or family circle believed the Article or came to view

him differently after having read it. There was no evidence that Spears suffered any physical manifestations of emotional distress, sought mental health treatment, or required medication or other inverventions for mental anguish.

3. Damages awards supported by the type of evidence that Spears introduced are routinely remitted under Alabama law. *E.g., Kmart Corp. v. Kyles,* 723 So.2d 572 (Ala 1998) (remitting a $100,000 compensatory damages award in a malicious prosecution case to $15,000 where the plaintiff presented no evidence of medical expenses, sleeplessness, worry, or other psychological injury and did not testify regarding mental anguish); *Delchamps, Inc. v. Bryant,* 738 So.2d 824 (Ala. 1999) (remitting a $400,000 compensatory damages award in a malicous prosecution case to $100,000 where the plaintiff's only testimony about his mental anguish was that the experience was "hard" and he had been "put through humiliation").

4. The limited evidence Spears put forth contrasts with the evidence put forth in cases affirming sizable compensatory damages awards for mental anguish. *E.g., Liberty National Life Insurance Co. v. Daugherty,* 840 So. 2d 152, 167-68 (Ala. 2002) (affirming a $750,000 compensatory damages award in a defamation case where the evidence demonstrated that the defendant's conduct worsened the plaintiff's physical condition, increased his dependency on narcotics, and the plaintiff presented corroborating testimony from his wife and his own

contemporaneous writings documenting his feelings of anxiety and frustration); *O'Rear v. B.H.,* 69 So.3d 106 (Ala. 2011) (affirming a $1,000,000 compensatory damages award against a family physician where the defendant's tortious conduct caused the boy to become a drug addict, drop out of school, experience incarceration, and suffer severe emotional distress and mental anguish).

5. To preserve its rights, The Times also moves for remittitur of the punitive damages award pending the outcome of Spear's pending Rule 59(e) motion seeking to alter, amend, or vacate the Court's final judgment. *See* Doc. 294.

6. If the Court grants Spears's motion to remit the false light compensatory award, the statutory cap should be applied to that remitted figure. *See* Ala. Code § 6-11-21(a) (punitive damages "shall not exceed three times the compensatory damages of the party claiming punitive damages or five hundred thousand dollars ($500,000), whichever is greater").

6. If the Court's ruling on Spears's Rule 59(e) motion subjects The Times to a punitive damages award in excess of three times the final compensatory damages award on the false light claim, The Times will renew and supplement this motion for remittitur to request an evidentiary hearing pursuant to *Hammond v. City of Gadsden,* 493 So.2d 1374 (Ala. 1986) and to demonstrate that any such punitive damages award is constitutionally excessive under *Hammond, Green Oil Co. v.*

*Hornsby,* 539 So.2d 218 (Ala. 1989), *BMW of North America, Inc. v. Gore,* 517 U.S. 559 (1996), and other applicable authorities.

7. For the reasons stated above and in its contemporaneously-filed supporting memorandum of law, if The Times's Post-Verdict Renewed Motion for Judgment as a Matter of Law is not granted, The Times requests that the Court remit the compensatory damages award on the false light claim to an amount consistent with the evidence. The Times also requests that the statutory cap of Ala. Code § 6-11-21(a) be applied to limit any punitive damages award to three times the remittitted compensatory damages awarded for false light, and reserves its rights to demonstrate that the punitive damages award should be remitted further after a hearing and consideration of the factors set forth in *Hammond, Gore, Green Oil*, and other applicable authorities.

Dated: September 28, 2026 Respectfully submitted,

*/s/ Matthew J. Winne*
Michael L. Bell
*mbell@lightfootlaw.com*
John G. Thompson
*jthompson@lightfootlaw.com*
Matthew J. Winne
*mwinne@lightfootlaw.com*
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200
(205) 581-0700
(205) 581-0799 (facsimile)

Chad R. Bowman (pro hac vice)
*bowmanchad@ballardspahr.com*
Emmy Parsons (pro hac vice)
*parsonse@ballardspahr.com*
Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
(202) 661-2200
(202) 661-2299 (facsimile)

**Attorneys for Defendant**
**The New York Times Company**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 28th day of September, 2026, I filed the foregoing with the Clerk of Court and electronically served same to the following:

R. Matt Glover
PRINCE GLOVER HAYES
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, AL 35406
Phone: (205) 345-1234
Fax: (205) 752-6313
Email: mglover@princelaw.net

Stephen P. New
NEW, TAYLOR & ASSOCIATES
430 Harper Park Drive
P.O. Box 5516
Beckley, WV 25801
Telephone: 304-250-6017
Facsimile: 304-250-6012
Email: steve@newlawoffice.com

Mary Virginia Buck
BUCK LAW
13112 Martin Road Spur Northport, AL 35473
Phone: (205) 752-6773
Email: bucklaw@charter.net

*<u>/s/ Matthew J. Winne</u>*
OF COUNSEL